UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE VAN DORN, as Surviving Spouse and Personal Representative for the Estate of Lt. J WESLEY VAN DORN, USN, deceased; <br><br> AMY SNYDER, as Surviving Spouse and Personal Representative for the Estate of Lt. SEAN CHRISTOPHER SNYDER, USN, deceased; <br><br> CHEYENNE COLLINS, as Surviving Spouse and Personal Representative for the Estate of Petty Officer 3rd Class BRIAN ANDREW COLLINS, USN, deceased; and <br><br> Petty Officer 2nd Class DYLAN MORGAN BOONE, USN, <br><br> Plaintiffs, <br><br> - against - <br><br> SIKORSKY AIRCRAFT CORPORATION; SIKORSKY SUPPORT SERVICES, INC. dba SIKORSKY AEROSPACE SERVICES; HELICOPTER SUPPORT, INC.; DERCO AEROSPACE, INC.; UNITED TECHNOLOGIES CORPORATION; LOCKHEED MARTIN CORPORATION; <br><br> GENERAL ELECTRIC COMPANY; GE AVIATION, LLC; <br><br> E.I. DU PONT DE NEMOURS & CO.; THE DOW CHEMICAL COMPANY; and <br><br> L-3 COMMUNICATIONS CORPORATION, <br><br> Defendants. | Docket No. 3:15-cv-01877-AWT <br><br> **JOINT STIPULATION TO DISMISS THE DOW CHEMICAL COMPANY WITHOUT PREJUDICE** <br><br> February 22, 2016 |

US.104919264.01

Plaintiffs by and through their attorneys, Kreindler & Kreindler LLP, and Defendant, The Dow Chemical Company ("Dow"), by its attorneys, Faegre, Baker, Daniels, LLP, hereby stipulate to the dismissal of all claims in this case against Dow, without prejudice, and with the parties to bear their own costs, including attorneys' fees, subject to the following conditions:

1) Should plaintiffs deem it necessary to request discovery from Dow, they can request such discovery without having to go through the formal process necessary for nonparties. Plaintiffs can submit a letter request to Joe LaFramboise, The Dow Chemical Company, 2030 Dow Center, Midland, MI 48674 with a copy to Dow's counsel, John Roberts, Faegre Baker Daniels LLP. 311 S. Wacker Drive, Suite 4300, Chicago, IL 60606. Dow shall respond to said requests pursuant to the Federal Rules of Civil Procedure, including all appropriate objections. If a dispute should arise on the discovery requests, the parties agree to comply with the discovery dispute resolution provisions under the District of Connecticut's Local Rules, but commit to mutually agree on a special master to address and resolve such disputes and equally share the costs to the extent the presiding judge does not object.

2) While Dow does not waive any available defenses, including the applicable statute of limitations and statute of repose existing on the date of service, Dow agrees to toll the applicable statutes of limitation and repose for one year from the date this stipulation was filed should evidence later develop that results in plaintiffs reinstituting the litigation against Dow.

Respectfully submitted,

By: _____
Andrew J Maloney (CT 15639)
Francis G. Fleming
750 Third Avenue
New York, New York 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432
Email: amaloney@kreindler.com
Email: ffleming@kreindler.com

*Attorneys for Plaintiff*

_____
John A. Roberts
**FAEGRE BAKER DANIELS LLP**
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Tel: (312) 356-5114
Fax: (312) 212-6501
Email: john.roberts@FaegreBD.com

*Attorneys for the Dow Chemical Company*

US.104919264.01