# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as Surviving Spouse and Personal Representative for the Estate of LT J Wesley Van Dorn, USN, deceased; | Docket No. 3:15-cv-01877-AWT |
| Amy Snyder, as Surviving Spouse and Personal Representative for the Estate of LT Sean Christopher Snyder, USN, deceased; | |
| Cheyenne Collins, as Surviving Spouse and Personal Representative for the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and | FORM 26(F) REPORT OF PARTIES' PLANNING MEETING |
| Petty Officer 2nd Class Dylan Morgan Boone, USN, | |
| Plaintiffs, | |
| - against - | |
| Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services; | |
| General Electric Company; | |
| E.I. du Pont de Nemours and Company; and | |
| L-3 Communications Corporation, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(f), a conference was held on Friday April 15, 2016.

## PARTICIPANTS

**For Plaintiffs**:

Francis G. Fleming, Esq. (*pro hac vice* pending)
Andrew J. Maloney, Esq. (ct15639)
Robert J. Spragg, Esq.
Kevin J. Mahoney, Esq.
Kreindler & Kreindler LLP
750 3rd Ave. 32nd Floor
New York, NY 10017
Tel: (212) 973-3490
Fax: (212) 972 9432
ffleming@kreindler.com
*(pro hac vice pending)*
rspragg@kreindler.com
kmahoney@kreindler.com

*Attorneys for Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne Collins and Dylan Morgan Boone*

**For Defendants**:

Garrett Fitzpatrick, Esq.
Paul N. Bowles III, Esq.
Fitzpatrick & Hunt, Tucker, Pagano, Aubert, LLP
Twelve East 49th Street 31st Floor
New York, NY 10017
Tel: (212) 937-4000
Fax: (212) 937-4050
garrett.fitzpatrick@fitzhunt.com
paul.bowles@fitzhunt.com
(*pro hac vice* applications to be submitted)

*Attorneys for Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;*

-and-

Kevin M. Smith, Esq. (ct24774)
Erik H. Beard, Esq. (ct26941)
Wiggin and Dana LLP
One Century Tower
265 Church St. # 14
New Haven, CT 06510
Tel: (203) 498-4400
Fax: (203) 782-2889
ksmith@wiggin.com
ebeard@wiggin.com

*Attorneys for General Electric Co.*

Frank Usseglio, Esq.
Kenny, O'Keefe & Usseglio, P.C.
Capitol Place
21 Oak Street, Suite 208
Hartford, Connecticut 06106
Tel: (860) 246-2700
Fax: (860) 246-6480
fusseglio@kou-law.com

*Attorneys for Sikorsky Aircraft Corporation
and Sikorsky Support Services, Inc. dba
Sikorsky Aerospace Services;*

Steven E. Arnold, Esq. (ct07966)
SA Law, P.C.
8 Whittier Place
Suite 14F
Boston, MA 02114
Tel: (617) 670-0868
Fax: (860) 904-2056
sea@salaw.us

*Attorneys for L-3 Communications
Corporation*

Diane Westwood Wilson, Esq. (ct25376)
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 905-8369
Fax: (212) 768-6800
Email: diane.wilson@dentons.com

-and-

Lisa Savitt, Esq. (*pro hac vice
application to be submitted - DC
Bar #434559)
The Axelrod Firm, PC
5028 Wisconsin Ave. N.W.
Suite 100
Washington, D.C. 20016
Tel: (202) 765-2727
Fax: (212) 238-1779
lsavitt@theaxelrodfirm.com

*Attorneys for E.I. du Pont de
Nemours and Company*

## CASE INFORMATION

**Date Complaint Filed:**                    December 28, 2015

**Date Complaint Served:**

General Electric Company:                    General Electric Company waived service of
                                             process.  A waiver was signed by General
                                             Electric Company on March 9, 2016 and filed
                                             March 9, 2016.

Sikorsky Aircraft Corporation and Sikorsky   A waiver of service was signed by Sikorsky
Support Services, Inc.:                       Aircraft Corporation and Sikorsky Support
                                             Services, Inc. on April 28, 2016 and filed on
                                             April 29, 2016. Sikorsky Aircraft Corporation

3

|  | and Sikorsky Support Services, Inc. entered an appearance on February 25, 2016. |
|---|---|
| E.I. du Pont de Nemours and Company: | E.I. du Pont de Nemours and Company waived service of process. The waiver was mailed on December 30, 2015, signed on January 25, 2016 and filed on January 29, 2016. |
| L-3 Communications Corporation | L-3 Communications Corporation was served on March 21, 2016. |

**Dates of Appearance**:

| General Electric Company: | April 29, 2016. |
|---|---|
| Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc.: | February 25, 2016. |
| E.I. du Pont de Nemours and Company ("DuPont"): | E.I. du Pont de Nemours and Company has not yet answered or appeared. |
| L-3 Communications Corporation: | March 29, 2016 |

## I.      CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     **JURISDICTION**

  A. **Subject matter Jurisdiction**

    1. *Diversity jurisdiction*. **28 U.S.C. § 1332**. Upon information and belief, the adverse parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.  According to plaintiffs:

**Plaintiffs**

- Nicole Van Dorn is a resident of Virginia.

- Amy Snyder is a resident of Virginia.

- Cheyenne Collins is a resident of Virginia.

- Dylan Morgan Boone is a resident of Colorado.

**Defendants**

- Sikorsky Aircraft Corporation is a Delaware corporation with its principal place of business in Stratford, Connecticut.

- Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services is a Delaware corporation with its principal place of business in Stratford, Connecticut.

- General Electric Company is a New York corporation with its principal place of business in Fairfield, Connecticut.

- E.I. du Pont de Nemours and Company is a Delaware corporation with its principal place of business in Wilmington, Delaware.

- L-3 Communications Corporation is a Delaware Corporation with its principal place of business in New York.

    2. *Admiralty Jurisdiction*, **28 U.S.C. §1333**.  Admiralty or maritime jurisdiction is proper where an aviation crash occurs on navigable waters or on the High Seas and the purpose of the flight bears a significant relationship to traditional maritime activity. *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 209 (admiralty law applied where helicopter used to ferry passengers

crashed 35 miles off the coast of Louisiana).  In the present case, the subject helicopter was a United States Navy helicopter which crashed on the High Seas, in the Atlantic Ocean, approximately 18 nautical miles east of the Cape Henry Lighthouse, Virginia Beach, Virginia, while conducting minesweeping training operations.

3. ***Supplemental Jurisdiction*, 28 U.S.C. § 1367.**

Plaintiffs are preserving their argument that the district court may have a basis for the exercise of supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Defendants are not aware of a basis for the exercise of supplemental jurisdiction.

**B.  Personal Jurisdiction**

Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., and General Electric Company have their principal places of business in Connecticut.

DuPont reserves its right to assert that the district court does not have a basis to assert specific or general jurisdiction over DuPont.

L-3 does not have a place of business in Connecticut and reserves its right to assert that the district court does not have a basis to assert specific or general jurisdiction over L-3. (Plaintiffs have also filed suit against L-3 in New York state court.)

**III.   BRIEF DESCRIPTION OF CASE**

**A.      Claims of Plaintiffs:**

This action arises out of the crash of a United States Navy MH-53E helicopter, Bureau Number (BUNO) 163070, call sign Vulcan 543, which crashed off the coast of Virginia on January 8, 2014.

There were five occupants on board.  LT Sean C. Snyder, USN, died at sea.  LT Wesley Van Dorn, USN, and P.O. 3rd Class Brian A. Collins, USN, were severely and injured and later died at Sentara Norfolk General Hospital.  P.O. 2nd Class Dylan M. Boone, USN, survived but was severely injured and later medically discharged from the Navy.  A fifth individual, a Navy air crewman, was aboard and also survived, but is not a party to this action.

The crash was investigated by the Navy, which in a redacted version of its JAGMAN report found that it occurred as the result of an in-flight fire caused by the failure of a fuel transfer tube.  The fuel transfer tube failure was caused by a plastic tie, which bundled electrical wiring in the vicinity of the fuel line.  The plastic ties rubbed against and chafed the fuel lines. The zip tie, and deterioration of the insulation on the wires it was in contact with, caused the failure.  Plaintiffs claim that Defendants had numerous opportunities to prevent this foreseeable event from occurring.

Some wreckage of the subject helicopter was recovered and is being stored by the Navy in Virginia until May 31, 2016.  Plaintiffs' counsel have been advised that the some or all of the wreckage must be moved or disposed as of that date.

The parties in this litigation have all retained counsel experienced in matters relating to crashes involving military aircraft.  The parties agree that the Standing Order of the District of Connecticut in Civil Cases is not appropriate in this instance due to complicated military requirements and Naval regulations related to the wreckage, the history and the maintenance of the helicopter, scheduling the depositions of military personnel and other matters associated with military aircraft crashes.  The parties also agree that additional limits should be placed on the use of discovery materials in this case beyond the protections previously adopted in the Court's

standard protective order and that they will submit a proposed Stipulated Protective Order to the Court by May 31, 2016.

**B.      Defenses**

The Plaintiffs' claims sound in product liability and negligence, arise out of an air mishap and crash which occurred on the High Seas, and are governed entirely by federal maritime law and statutes.  The Defendants deny that the Plaintiffs have stated claims upon which relief can be granted.

Plaintiffs' wrongful death claims, and the remedies sought, are governed and limited by the Death on the High Seas Act, 46 U.S.C.S. § 30301, et. seq.

The Defendants deny the Plaintiffs' allegations that any of their products which may be at issue in this case were defective in design, manufacture or marketing.  Further, GE denies that its products are at issue in this case.

The Defendants contend that all of the products at issue in this case were designed, manufactured and sold pursuant to a government contracts and specification requirements.

The Defendants contend that the subject helicopter and its component parts conformed to the "state of the art" at the time of their sale, were designed, manufactured and tested pursuant to generally recognized and prevailing industry and government standards, and were in conformance with the statutes, regulations and requirements that governed the products at the time of design, manufacture, and sale.

The Defendants deny that they owed any duty to warn of any of the alleged risks or dangers, if any, associated with the subject helicopter or its component parts, as the subject helicopter and its component parts were intended for and sold to a knowledgeable and sophisticated user over whom the Defendants had no control and who was fully informed as to

the risks and the dangers, if any, associated with the products and the precautions necessary to avoid such risks.

The Defendants contend that the Plaintiff's injuries and damages were caused by misuse of the subject helicopter or its component parts, which was not reasonably foreseeable to the defendants.

The Defendants contend that the Plaintiffs' injuries and damages were caused or contributed to by the improper maintenance and repair of the subject helicopter, and its components, by third parties over which the Defendants had no control.

The Defendants contend that the Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations and/or repose.

The Defendants contend that the Plaintiffs have failed to join necessary and indispensable parties.

The Defendants contend that the Plaintiffs' claims are barred by the Political Question doctrine.

The Defendants contend that the Plaintiffs' punitive damage claims are barred.

## IV.    <u>UNDISPUTED FACTS</u>

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The subject helicopter was a Sikorsky MH-53E Sea Dragon Helicopter.

2. The subject helicopter's bureau number (BUNO) was 163070.

3. The subject helicopter's call sign was Vulcan 543.

4. The subject helicopter crashed on January 8, 2014.

5. The subject helicopter crashed off the coast of Virginia at position  36.59.2 North,  075 37.4 West.

6. The subject helicopter was engaged in minesweeping training operations, a traditional maritime activity, at the time of the subject crash.

7. LT Wesley Van Dorn, USN, was killed as a result of the subject crash.

8. LT Sean C. Snyder, USN, was killed as a result of the subject crash.

9. P.O. 3rd Class Brian Andrew Collins, USN, was killed as a result of the subject crash.

10. P.O.  2nd Class Dylan Morgan Boone, USN, was injured as a result of the subject crash.

## V.     CASE MANAGEMENT PLAN:

### A.  Standing Order on Scheduling in Civil Cases

The design history of the subject aircraft, and its predecessor models, dates back to the early 1970s, and the subject helicopter was tested and delivered to the U. S. Navy in 1990. Records relating to the aircraft since it was delivered to the Navy will mostly be in the possession of the Navy, including maintenance records.  The time required to locate and identify documents and physical evidence that may be used to support claims or defenses will be substantial and likely will require a court to compel the production of numerous documents by the military.  The parties will be cooperating in the preparation of joint *Touhy* requests to the U. S. Navy to obtain necessary evidence for this case.  Based upon previous experience with these types of requests, the parties anticipate it will take approximately one to three years from the date the request is made to receive all of the requested information.  For these reasons, the parties request that this case proceed in phases, with the first phase, proceeding while the *Touhy* request is pending, focusing on damages and the second phase, proceeding after the parties receive the government's compliance with the *Touhy* request, focusing on liability.  With this in mind, the

parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. Discovery commenced by **May 31, 2016**.

2. Deadline for parties to produce Rule 26(a)(1) Initial Disclosures – **July 1, 2016**.

3. The parties agree jointly to submit *Touhy* requests and/or subpoenas to the U. S. Navy and/or any other federal governmental agencies with pertinent information by: **– May 31, 2016**.

4. Deadline to file motions to join additional parties – **September 15, 2016**.

5. Deadline to file motions to amend the pleadings – **October 15, 2016**.

6. **Phase 1 – Damages Discovery:**

   a. Deadline for production of damages analyses and for the Plaintiffs to designate damages experts and produce damages expert reports  –  **August 1, 2017**.

   b. Deadline for the deposition of the Plaintiffs' damages experts – **December 15, 2017.**

   c. Deadline for Defendants to designate damages experts and produce damages expert reports – **March 1, 2018**.

   d. Deadline for the deposition of the Defendants' damages experts – **May 1, 2018.**

   e. Deadline for parties to produce rebuttal damages expert reports – **July 1, 2018**.

   f. All damages discovery, including expert damages discovery, completed by **September 1, 2018**.

7. **Phase 2 – Liability Discovery:**  As set forth above, due to the uncertainty surrounding the timing of the government's compliance with the *Touhy* requests, the parties propose

further conferring and filing a status report with the Court, relating to all remaining discovery and pretrial deadlines by **December 1, 2016.**

**B.  Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If the Court would like to hold a conference, the parties would prefer a conference by telephone.

**C.  Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.      The parties do not request an early settlement conference.

3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.  Joinder of Parties and Amendment of Pleadings**

Deadline to file motions to join additional parties – **September 15, 2016.**

**E.  Discovery**

a.      The Plaintiffs anticipate that discovery will be needed on the following subjects: crash causation, maintenance of the subject helicopter prior to the subject flight, previous known wiring issues in Navy MH-53E helicopters and other military aircraft, previous issues regarding use of plastic zip ties in Navy MH-53E helicopters and other military aircraft, replacement of wiring in Navy MH-53E helicopters and other military aircraft, standards regarding interference of wiring with fuel transfer tubes in Navy MH-53E helicopters and other military aircraft, manufacture of the subject helicopter and wrongful death and survival damages.

The Defendants anticipate that discovery will be needed on the following subjects:

(1)     Whether design and/or manufacturing and/or marketing defects in the Sea Dragon helicopter were a proximate or contributing cause of the crash at issue in this case;

(2)     Inspection of the part(s) that the Plaintiffs allege were defective;

(3)     The party or parties responsible for design, manufacturing or marketing of any equipment or system that was a proximate or contributing cause of the crash;

(4)     Whether the United States of America prepared the plans and specifications for any equipment or system that was a proximate or contributing cause of the crash; and, whether those plans and specifications were followed;

(5)     The factual circumstances and events leading up to and including the crash;

(6)     The flight history, training history, and licensing history of the helicopter pilots on board the accident aircraft;

(7)     The flight history, testing history, inspection history and maintenance history of the accident helicopter;

(8)     The design, manufacture and certification history of the accident helicopter;

(9)     All of the Navy's findings contained in its investigation report;

(10)    The Navy's training, policies and procedures regarding a cabin fire;

(11)    Whether defendants' components or parts were on the accident aircraft;

(12)    Whether the subject helicopter and its component parts were state of the art;

(13)    Whether the risk of danger inherent in any product involved in the accident outweighed the benefits of the product's design;

(14)    Expert opinions and conclusions;

(15)    The damages claimed by the Plaintiffs;

(16)   All of the U. S. Navy's findings contained in its investigation reports concerning prior MH-53E accidents or incidents related to the fuel transfer system, wire bundles, and/or electrical arcing.

(17)   The facts and circumstances relevant to the any factual or legal issues that arise during the course of discovery.

b-d.   Discovery will be conducted in phases as set forth above.

e.   Preliminarily, the parties anticipate that the Plaintiffs will require a total of 25-30 depositions of fact witnesses and that the defendants will require a total of 25-30 depositions of fact witnesses.   However, the parties cannot reasonably or more specifically anticipate the number of fact depositions they will require until the U.S. Navy responds to the planned *Touhy* requests and subpoena(s).   Moreover, the parties agree that no depositions on liability issues will occur until the parties receive the government's compliance with the *Touhy* requests

f.   The Plaintiffs will request permission to serve more than 25 interrogatories.   The Defendants do not anticipate the need for service of more than 25 interrogatories in this case by any party, but reserve the right to seek permission to serve more than 25 interrogatories should the need arise.

g.   Plaintiffs intend to call expert witnesses at trial.   The schedule for Plaintiffs' damages expert disclosures and depositions is set forth above. The parties request that the date for completion of all other expert depositions and discovery be subsequently determined by the Court after a conference to be conducted by the parties and a joint status report to be thereafter submitted to the Court by **December 15, 2016**.

h.   Defendants intend to call expert witnesses at trial.   The schedule for Defendants' expert disclosures and depositions is set forth above. The parties request that the date for completion of all other expert depositions and discovery be subsequently determined by

the Court after a conference to be conducted by the parties and a joint status report to be thereafter submitted to the Court by **December 15, 2016**.

i.       As set forth above, a damages analysis will be provided by any party who has a claim or counterclaim for damages by **August 1, 2017**.

j.       Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.   The parties agree to retain any pertinent electronic information in their possession and disclose such information in accordance with the Federal Rules of Civil Procedure.   The parties anticipate preserving electronically stored information in its native format and producing documents in a reasonably usable format, and will work together to determine if and how additional electronically stored information should be produced.

k.       Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree that any inadvertent production of privileged or work product information will be addressed in accordance with the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B).  Moreover, the parties agree that certain additional limits should be placed on the use of discovery materials in this case beyond the protections previously adopted in the Court's standard protective order.

Therefore, the parties will submit a proposed Stipulated Protective Order to the Court by May 31, 2016.

**F.  Dispositive Motions:**

The parties request that the dates for the filing of dispositive motions be subsequently determined by the Court after a conference to be conducted by the parties by December 15, 2016. Nothing herein waives and Defendants expressly reserve the right to submit dispositive motions in advance of this date.

G.  **Joint Trial Memorandum:**

The parties request that the date for the filing of a Joint Trial Memorandum be subsequently determined by the Court after a conference to be conducted by the parties and a status report to be thereafter submitted to the Court by December 15, 2016.

**VI.  TRIAL READINESS**

The parties request that the date for trial readiness of this matter be subsequently determined by the Court after a conference to be conducted by the parties and a status report to be thereafter submitted to the Court by December 15, 2016.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Plaintiffs**

*By*  _/s/ Francis G. Fleming_          Dated: 4/29/16
Francis G. Fleming, Esq. (*pro hac vice* pending)
Andrew J. Maloney, Esq. (ct15639)
Robert J. Spragg, Esq.
Kevin J. Mahoney, Esq.
Kreindler & Kreindler LLP

*Attorneys for Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne Collins,*
*and Dylan Morgan Boone*

16

**Defendants**

**By** _/s/ Garrett Fitzpatrick_          Dated**:** 4/29/16

Garrett Fitzpatrick, Esq.
Paul N. Bowles III, Esq.
Fitzpatrick & Hunt, Tucker, Pagano, Aubert, LLP

Frank Usseglio, Esq.
Kenny, O'Keefe & Usseglio, P.C.

*Attorneys for Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;*


By _/s/ Kevin M. Smith_          Dated**:** 4/29/16

Kevin M. Smith, Esq. (ct24774)
Erik H. Beard, Esq. (ct26941)
Wiggin and Dana LLP

*Attorneys for General Electric Co.*


**By** _/s/ Diane Westwood Wilson_          Dated**:** 4/29/16

Diane Westwood Wilson, Esq. (ct25376)
Dentons US LLP
-and-
Lisa Savitt, Esq.
The Axelrod Firm, PC

*Attorneys for E.I. du Pont de Nemours and Company*


**By** _/s/ Steven E. Arnold_          Dated**:** 4/29/16

Steven E. Arnold, Esq. (ct07966)
SA Law, P.C.

*Attorneys for L-3 Communications Corporation*


Dated:   April 29, 2016