UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------x

Nicole Van Dorn, as surviving spouse and personal representative for the Estate of Lt. J. Wesley Van Dorn, USN, deceased;

Amy Snyder, as surviving spouse and personal representative for the Estate of Lt. Sean Christopher Snyder, USN, deceased;

Cheyenne Collins, as surviving spouse and personal representative for the estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and

Petty Officer 2nd Class Dylan Morgan Boone, USN,

                        Plaintiffs,

              -against-

Sikorsky Aircraft Corporation; Sikorsky Support Service, Inc. dba Sikorsky Aerospace Services; General Electric Company; E.I. du Pont de Nemours and Company; and L-3 Communications Corporation,

                        Defendants.

-------------------------------------------------------------------x

Civil No. 3:15-cv-01877-AWT

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY TO SECOND AMENDED COMPLAINT**

Defendant E. I. du Pont de Nemours and Company ("DuPont"), by and through its attorneys, and for its Answer to the Second Amended Complaint, states as follows:

## AS TO THE ALLEGED PLAINTIFFS

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Second Amended Complaint, except admits that Lt. J. Wesley Van Dorn ("Lt. Van Dorn") was fatally injured on or about January 8, 2014.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Second Amended Complaint, except admits that Nicole Van Dorn purports to bring this action in the stated capacity.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Second Amended Complaint, except admits that Lt. Sean Christopher Snyder ("Lt. Snyder") was fatally injured on or about January 8, 2014.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Second Amended Complaint, except admits that Amy Snyder purports to bring this action in the stated capacity.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Second Amended Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Second Amended Complaint, except admits that Petty Officer 3rd Class Brian Andrew Collins ("P.O. Collins") was fatally injured on or about January 8, 2014.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Second Amended Complaint, except admits that Cheyenne Collins purports to bring this action in the stated capacity.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Second Amended Complaint, except admits that Petty Officer 2nd Class Dylan Morgan Boone ("P.O. Boone") was injured on or about January 8, 2014.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint.

## AS TO THE ALLEGED DEFENDANTS

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Second Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Second Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Second Amended Complaint.

20. Denies the allegations set forth in Paragraph 20 of the Second Amended Complaint, except admits that DuPont is a Delaware corporation with its principal place of business in Wilmington, Delaware, and refers all questions of law to the Court.

21. Denies the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22. Denies the allegations set forth in Paragraph 22 of the Second Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Second Amended Complaint.

## AS TO THE ALLEGED JURISDICTION AND VENUE

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Second Amended Complaint, except, upon information and belief, admits that the crash occurred eighteen (18) nautical miles off the coast of the State of Virginia, and refers all questions of law to the Court.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Second Amended Complaint, and refers all questions of law to the Court.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Second Amended Complaint, except denies that DuPont is subject to personal jurisdiction in this State, denies any wrongdoing, and refers all questions of law to the Court.

## AS TO THE GENERAL ALLEGATIONS

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Second Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Second Amended Complaint.

33. Upon information and belief, admits the allegations set forth in Paragraph 33 of the Second Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Second Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Second Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Second Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Second Amended Complaint, except admits that P.O. Boone was injured on or about January 8, 2014.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Second Amended Complaint

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Second Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Second Amended Complaint, except admits that P.O. Collins was fatally injured on or about January 8, 2014.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Second Amended Complaint, except admits that Lt. Van Dorn was fatally injured on or about January 8, 2014.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Second Amended Complaint, except admits that P.O. Boone was injured on or about January 8, 2014.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Second Amended Complaint, except admits that Lt. Snyder was fatally injured on or about January 8, 2014.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Second Amended Complaint.

46. Denies the allegations set forth in Paragraph 46 of the Second Amended Complaint.

47. Denies the allegations set forth in Paragraph 47 of the Second Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Second Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Second Amended Complaint, except to the extent that the allegations are directed to DuPont, DuPont denies the allegations.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Second Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Second Amended Complaint, except, upon information and belief, admits that there is a Manual of the Judge Advocate General (JAGMAN) final report, which speaks for itself.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Second Amended Complaint, except, upon information and belief, admits that there is a Manual of the Judge Advocate General (JAGMAN) final report, which speaks for itself.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Second Amended Complaint, except, upon information and belief, admits that there is a Manual of the Judge Advocate General (JAGMAN) final report, which speaks for itself.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Second Amended Complaint, except, upon information and belief, admits that there is a Manual of the Judge Advocate General (JAGMAN) final report, which speaks for itself.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Second Amended Complaint, except, upon information and belief, admits that there is a Manual of the Judge Advocate General (JAGMAN) final report, which speaks for itself.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Second Amended Complaint, except, upon

information and belief, admits that there is a Manual of the Judge Advocate General (JAGMAN) final report, which speaks for itself.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Second Amended Complaint, except, upon information and belief, admits that there is a Manual of the Judge Advocate General (JAGMAN) final report, which speaks for itself.

58. Denies the allegations set forth in Paragraph 58 of the Second Amended Complaint, except admits that, on or about January 8, 2014, Lt. Van Dorn, Lt. Snyder, and P.O. Collins were fatally injured, and P.O. Boone was injured.

**AS TO THE FIRST CLAIM FOR WRONGFUL DEATH AND SURVIVAL DAMAGES ARISING OUT OF THE WRONGFUL DEATHS OF LT. J. WESLEY VAN DORN, LT. SEAN CHRISTOPHER SNYDER, AND PETTY OFFICER THIRD CLASS BRIAN ANDREW COLLINS**

59. DuPont incorporates by reference its responses to Paragraphs 1 through 58 above.

60. Denies the allegations against DuPont set forth in Paragraph 60 of the Second Amended Complaint.

61. Denies the allegations against DuPont set forth in Paragraph 61 of the Second Amended Complaint.

62. Denies the allegations against DuPont set forth in Paragraph 62 of the Second Amended Complaint.

63. Denies the allegations against DuPont set forth in Paragraph 63 of the Second Amended Complaint.

64. Denies the allegations against DuPont set forth in Paragraph 64 of the Second Amended Complaint.

65. Denies the allegations against DuPont set forth in Paragraph 65 of the Second Amended Complaint.

66. Denies the allegations against DuPont set forth in Paragraph 66 of the Second Amended Complaint.

67. Denies the allegations against DuPont set forth in Paragraph 67 of the Second Amended Complaint.

68. Denies the allegations against DuPont set forth in Paragraph 68 of the Second Amended Complaint.

69. Denies the allegations against DuPont set forth in Paragraph 69 of the Second Amended Complaint.

70. Denies the allegations against DuPont set forth in Paragraph 70 of the Second Amended Complaint.

71. Denies the allegations against DuPont set forth in Paragraph 71 of the Second Amended Complaint.

72. Denies the allegations against DuPont set forth in Paragraph 72 of the Second Amended Complaint.

73. Denies the allegations against DuPont set forth in Paragraph 73 of the Second Amended Complaint.

74. Denies the allegations against DuPont set forth in Paragraph 74 of the Second Amended Complaint.

75. Denies the allegations against DuPont set forth in Paragraph 75 of the Second Amended Complaint.

76. Denies the allegations against DuPont set forth in Paragraph 76 of the Second Amended Complaint.

77. Denies the allegations against DuPont set forth in Paragraph 77 of the Second Amended Complaint.

78. Denies the allegations against DuPont set forth in Paragraph 78 of the Second Amended Complaint, and refers all questions of law to the Court.

79. Denies the allegations set forth in Paragraph 79 of the Second Amended Complaint, and refers all questions of law to the Court.

## AS TO THE SECOND CLAIM FOR DAMAGES FOR PERSONAL INJURIES OF PETTY OFFICER 2ND CLASS DYLAN MORGAN BOONE

80. DuPont incorporates by reference its responses to Paragraphs 1 through 79 above.

81. Denies the allegations against DuPont set forth in Paragraph 81 of the Second Amended Complaint.

82. Denies the allegations set forth in Paragraph 82 of the Second Amended Complaint, and refers all questions of law to the Court.

83. Denies the allegations set forth in Paragraph 83 of the Second Amended Complaint, and refers all questions of law to the Court.

84. Denies the allegations against DuPont set forth in Paragraph 84 of the Second Amended Complaint, and refers all questions of law to the Court.

85. Denies the allegations set forth in Paragraph 85 of the Second Amended Complaint, and refers all questions of law to the Court.

86. With respect to the unnumbered "Wherefore" Paragraph of the Second Amended Complaint, DuPont denies that it is liable to Plaintiffs, and denies that Plaintiffs are entitled to the relief requested in the "Wherefore" Paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim against DuPont upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint were brought about by an intervening and/or superseding cause and were not caused by DuPont.

## THIRD AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint are not and could not have been foreseeable by DuPont and, accordingly, are not recoverable against DuPont.

## FOURTH AFFIRMATIVE DEFENSE

The acts or omissions complained of by Plaintiffs in the Second Amended Complaint were not within the scope of any obligation undertaken or any applicable duty owed by or on behalf of DuPont.

## FIFTH AFFIRMATIVE DEFENSE

DuPont is not liable for punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint were not proximately caused by any negligence, want of care, or other culpable conduct on the part of DuPont.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs and/or the decedents were injured as a result of the alleged acts or omissions of DuPont, which DuPont denies, any recovery is barred or must be reduced by their failure to mitigate any alleged injuries or damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any negligence or fault of DuPont, the same being expressly denied, was not the producing cause of the incident or damages complained of in the Second Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

Any reliance on any alleged misrepresentation or omission by DuPont, which DuPont does not concede, was not reasonable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the doctrine of res judicata, estoppel, unclean hands, and/or laches.

### TWELFTH AFFIRMATIVE DEFENSE

DuPont has the right to off set such sums as the Plaintiffs receive from or on behalf of other persons or entities against any such sums recovered by Plaintiffs from DuPont.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, must be reduced by any collateral source payment that has been received by the respective Plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Death on the High Seas Act, 46 U.S.C. 303, *et seq.*, applies to the accident alleged in the Second Amended Complaint, provides the exclusive remedy for recovery of pecuniary damages, if any, for the claims on behalf of Lt. Van Dorn, Lt. Snyder, and P.O. Collins, and bars recovery of non-pecuniary and/or punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The damages, if any, available for the claims P.O. Boone are limited to pecuniary damages and, therefore, P.O. Boone is barred from recovery of non-pecuniary and/or punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Connecticut's state of repose, Conn. Gen. Stat. § 52-577a.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Court does not have subject matter jurisdiction over any contractual breach of warranty claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are preempted, in whole or in part, by federal laws, rules and regulations, including but not limited to, the Federal Aviation Regulations.

### NINETEENTH AFFIRMATIVE DEFENSE

The accident, injury, and damages alleged in the Second Amended Complaint were proximately caused by a misuse or modification of the article or product which was not reasonably foreseeable or contemplated by DuPont, barring or reducing Plaintiffs' claim for damages.

### TWENTIETH AFFIRMATIVE DEFENSE

If Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were injured by any product manufactured or distributed by DuPont, such product was intended for, and sold to, a knowledgeable and sophisticated user over whom DuPont had no control, a user who had an opportunity to inspect the product, and who was fully informed as to the risks and dangers, if any, required to avoid those risks and dangers. By reason thereof, DuPont had no duty to warn Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone or to further warn the knowledgeable user of the risks and dangers, if any, associated with the product; and whatever injury, if any, sustained by Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone was proximately caused by the failure of the knowledgeable user of the product to use it for the purpose for which, and in the manner in which, it was intended to be used, and to adequately warn and instruct Lt. Van

Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone concerning the product and the dangers and risks, if any, associated with it.

## TWENTY FIRST AFFIRMATIVE DEFENSE

If Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were injured by any product manufactured or distributed by DuPont, those injuries occurred because the product was used for a purpose other than that for which it was intended, in a manner other than that in which it was intended to be used, and in disregard of warnings, instructions, and directions regarding its use. Such use was not reasonably foreseeable to DuPont.

## TWENTY SECOND AFFIRMATIVE DEFENSE

If Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were injured by any product manufactured or distributed by DuPont, such product was accompanied by good and sufficient labeling when it left the custody, possession, and control of DuPont which gave conspicuous, reasonable, and, adequate warnings and directions to the users of such product concerning the purposes for which, and manner in which, such product was to be used, and concerning the risks and dangers, if any, attendant to such use.  DuPont thereby fulfilled whatever duty, if any, it owed to Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone, and if they were injured by such product, that injury was proximately caused by the use of such product in disregard of said warnings and directions, which use was not reasonably foreseeable to DuPont.

## TWENTY THIRD AFFIRMATIVE DEFENSE

If Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were injured by any product manufactured or distributed by DuPont, DuPont nonetheless did not breach any duty to them and is not liable for those injuries or for Plaintiffs' claimed damages because the product, when manufactured and distributed, conformed to the then current state of the art, and because the then current state of scientific, industrial, and/or medical knowledge, art and practice was such that

DuPont did not, and could not, know that the product might pose a risk of harm in normal and foreseeable use.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

If Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were injured by any product manufactured or distributed by DuPont, such product had been so modified and altered after it left the custody and control of DuPont, and without DuPont's knowledge or consent, that when Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were exposed to such product it was a significantly different product from the one manufactured or distributed by DuPont.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

If Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were injured by any product manufactured or distributed by DuPont, such product was procured by or for the United States government and liability for any alleged defect cannot be imposed because (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specification; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *See Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).

## TWENTY SIXTH AFFIRMATIVE DEFENSE

The helicopter and its components were certified and approved in accordance with federal aviation law, regulations, and standards, and state law cannot impose a different standard of design, performance, or testing, because doing so would impair the federal standards for the product and thereby transgress the Supremacy Clause of the United States Constitution.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

The Court must reject Plaintiffs' speculation that DuPont designed and/or manufactured the helicopter or any component part of the helicopter that is the subject of the Second Amended Complaint.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from any recovery on the grounds of breach of warranty because Plaintiffs failed to give DuPont any notice of said alleged breach pursuant to applicable statutes.

## TWENTY NINTH AFFIRMATIVE DEFENSE

There were no express warranties to Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone, and there was no privity of contract between DuPont and Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone which would give rise to implied warranties, and even if such implied warranties were created, they were expressly disclaimed by DuPont.

## THIRTIETH AFFIRMATIVE DEFENSE

DuPont did not have actual or constructive notice of any alleged defect in the helicopter or its component parts.

## THIRTY FIRST AFFIRMATIVE DEFENSE

DuPont did not have actual or constructive, direct or implied, duty to warn, and in any event, had no knowledge or information of which to warn.

## THIRTY SECOND AFFIRMATIVE DEFENSE

Any guarantees, express, implied, or apparent, made by DuPont were excluded orally, in writing by course of dealing, by course of performance, by usage of trade, or were limited to exclude the relief now requested by Plaintiffs.

## THIRTY THIRD AFFIRMATIVE DEFENSE

DuPont lacked any control over the subject helicopter which was owned, operated and/or maintained by persons or entities other than DuPont.

## THIRTY FOURTH AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint were caused or contributed to by the respective negligence or culpable conduct of Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone, and therefore DuPont is not liable to Plaintiffs, or alternatively, the amount of damages recoverable by Plaintiffs must be diminished in the proportion which the negligence or culpable conduct attributable to Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone each bears to the negligence or culpable conduct which caused the alleged damages. Further, each Plaintiff's recovery is barred to the extent his negligence exceeds the combined negligence of the liable Defendants.

## THIRTY FIFTH AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint were caused or contributed to by the negligence or culpable conduct of parties other than DuPont, and therefore DuPont is not liable to Plaintiffs or, alternatively, the amount of damages recoverable by Plaintiffs must be diminished in the proportion which the negligence or culpable conduct attributable to other parties bears to the negligence or culpable conduct which caused the alleged damages. Further, DuPont's liability, if any, is several in accordance with Conn. Gen. Stat. Ann. § 52-572h.

## THIRTY SIXTH AFFIRMATIVE DEFENSE

Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone had actual knowledge of all the circumstances and particular dangers and an appreciation of the risks involved and the magnitude thereof, proceeded to encounter a known risk, and voluntarily assumed the risks of the

accident, injury, and damages alleged in the Second Amended Complaint, barring or reducing Plaintiffs' claims for damages herein.

## THIRTY SEVENTH AFFIRMATIVE DEFENSE

Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone were involved in an activity comprising primary assumption of the risk, where, by virtue of the nature of the activity, DuPont owed no legal duty to protect Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone from the particular risk of harm that caused their alleged injuries, thereby completing barring Plaintiffs' recovery.

## THIRTY EIGHTH AFFIRMATIVE DEFENSE

DuPont is a bulk supplier of non-defective raw materials and is not liable for any injury caused by a final product into which its raw materials were integrated since DuPont exercised no control over the final integrated product, its design, manufacture, marketing, and/or sale.

## THIRTY NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the contract specification defense.

## FORTIETH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, because those persons and/or entities who owned, operated and/or maintained the helicopter, acted as learned intermediaries between DuPont and Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone. Therefore, DuPont had no duty to directly advise or warn Lt. Van Dorn, Lt. Snyder, P.O. Collins, and/or P.O. Boone.

## FORTY FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by prior settlements.

## FORTY SECOND AFFIRMATIVE DEFENSE

The occurrence and damages alleged in the Second Amended Complaint resulted from an Act of God, an unavoidable accident, a sudden emergency, and/or pilot error for which DuPont is not liable or responsible.

## FORTY THIRD AFFIRMATIVE DEFENSE

Some or all of the products complained of are unavailable for inspection rendering it impossible for Plaintiffs to prove their claims against DuPont.

## FORTY FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

## FORTY FIFTH AFFIRMATIVE DEFENSE

The court does not have personal jurisdiction over DuPont.

## RESERVATION OF DEFENSES

DuPont hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose, and to the extent that any affirmative defense is incorrectly pleaded herein as a defense, it is so pleaded as an affirmative defense.

DATED: May 18, 2016                 Respectfully submitted,

By: _Diane Westwood Wilson_____

        Diane Westwood Wilson (ct25376)

DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 905-8369
Fax: (212) 768-6800
Email: diane.wilson@dentons.com

-and-

THE AXELROD FIRM, PC
Lisa J. Savitt (*pro hac vice* application to be
        submitted - DC Bar #434559
5028 Wisconsin Avenue, NW
Suite 100
Washington, DC 20016
Tel: (202) 765-2727
Fax: (215) 238-1779
Email: lsavitt@theaxelrodfirm.com

*Attorneys for Defendant E. I. du Pont
de Nemours and Company*

**<u>CERTIFICATION</u>**

      I certify that on May 18, 2016, a copy of the foregoing was electronically filed and served by regular mail, postage prepaid, on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: _Diane Westwood Wilson_

Diane Westwood Wilson (ct25376)

DENTONS US LLP
1221 Avenue of the Americas
New York, New York  10020-1089
Tel: (212) 905-8369
Fax: (212) 768-6800
Email: diane.wilson@dentons.com