UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as Surviving Spouse and Personal Representative for the Estate of LT J Wesley Van Dorn, USN, deceased;<br><br>Amy Snyder, as Surviving Spouse and Personal Representative for the Estate of LT Sean Christopher Snyder, USN, deceased;<br><br>Cheyenne Collins, as Surviving Spouse and Personal Representative for the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and<br><br>Petty Officer 2nd Class Dylan Morgan Boone, USN,<br><br>                     Plaintiffs,<br><br>   - against -<br><br>Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;<br><br>General Electric Company;<br><br>E.I. du Pont de Nemours and Company; and<br><br>L-3 Communications Corporation,<br><br>                     Defendants. | Docket No.<br>3:15-cv-01877-AWT<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>May 19, 2016 |

**GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS AND STRIKE**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant General Electric Company ("GE") hereby moves to dismiss Plaintiffs' Second Amended Complaint dated May 13, 2016 (ECF No. 46) ("Complaint"). As discussed more fully in GE's accompanying Memorandum of Law, the Complaint impermissibly engages in "group pleading," raising identical allegations of liability against all Defendants, including GE, and failing to apprise each

**ORAL ARGUMENT REQUESTED**

Defendant of its alleged wrongdoing.  The Complaint, therefore, violates Federal Rule of Civil Procedure 8 and should be dismissed.

Additionally, GE moves to dismiss the Complaint pursuant to Rule 12(b)(6) and to strike Plaintiffs' jury demand pursuant to Rule 12(f) on the grounds set forth in Defendants Sikorsky Aircraft Corporation's and Sikorsky Support Services Inc.'s Motion to Dismiss and accompanying Memorandum of Law dated May 19, 2016 (ECF No. 52), which GE incorporates by reference as if fully restated herein.  As discussed in Sikorsky's moving papers, Plaintiffs' claims should be dismissed because (1) the Death on the High Seas Act, 46 U.S.C. app. § 761 et seq., bars Plaintiffs' state, common law, and/or general maritime law wrongful death and survival claims;[*] and (2) the Complaint fails to allege a cognizable strict product liability claim because the subject military engines, like the helicopter, are not a "product" under federal maritime law.  Moreover, the Court should strike Plaintiffs' jury demand because there is no right to a jury trial in cases subject to the admiralty jurisdiction of the Court.

```
                                            DEFENDANT
                                            GENERAL ELECTRIC COMPANY

                                            /s/ Kevin M. Smith
                                            Kevin M. Smith (ct24774)
                                            Erik H. Beard (ct26941)
                                            WIGGIN AND DANA LLP
                                            One Century Tower
                                            265 Church Street
                                            New Haven, Connecticut  06510
                                            Phone: (203) 498-4400
                                            Fax: (203) 782-2889
                                            Email: ksmith@wiggin.com
                                            Email: ebeard@wiggin.com
```

---

[*] To the extent necessary, GE alternatively moves pursuant to Rule 12(e) for an order compelling Plaintiffs to clarify that their wrongful death claims are based solely on the Death on the High Seas Act, so that GE has fair notice of the claims for purposes of preparing a response. Similarly, GE alternatively moves pursuant to Rule 12(f) for an order striking Plaintiffs' request for non-pecuniary damages, including punitive damages, arising from their wrongful death claims, as such damages are unavailable under the Death on the High Seas Act.

## CERTIFICATE OF SERVICE

I hereby certify that, on May 19, 2016, a copy of the foregoing Motion to Dismiss and Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

/s/ Kevin M. Smith
Kevin M. Smith (ct24774)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, Connecticut  06510
Phone: (203) 498-4400
Fax: (203) 782-2889
Email: ksmith@wiggin.com

12445\31\3474487.v4