UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE VAN DORN, as Surviving Spouse and Personal Representative for the Estate of Lt. J. WESLEY VAN DORN, USN, deceased, et al | : : : : : | CIVIL NO.   3:15-cv-01877-AWT |
| Plaintiffs, | : : | |
| v. | : : | |
| SIKORSKY AIRCRAFT CORPORATION, et al | : : : | |
| Defendants. | : | MAY 19, 2016 |

**DEFENDANT L-3 COMMUNICATIONS CORPORATION'S
MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F. R. Civ. P."), Defendant L-3 Communications Corporation ("L-3") moves to dismiss Plaintiffs' Second Amended Complaint dated May 13, 2016 (DE 46) ("Complaint") on the grounds that Plaintiffs' Complaint fails to state claims and remedies upon which relief can be granted[1] for the reasons that:

(a)  Plaintiffs' Complaint impermissibly engages in group-pleading, asserts identical allegations of liability against L-3 and the other Defendants, and fails to allege facts with sufficient

---

[1] Plaintiffs cannot acquire personal jurisdiction over L-3 in Connecticut. However, for purposes of this action only, L-3 is waiving its right to dismiss Plaintiffs' action for lack of personal jurisdiction.

**ORAL ARGUMENT REQUESTED
NO TESTIMONY REQUIRED**

1

notice to apprise L-3 of its or the other Defendants' respective alleged wrongdoing;

(b) Plaintiffs' wrongful death and punitive damage claims are preempted by The Death on the High Seas Act ("DOHSA"), 46 U.S.C. 30301, et seq.[2,3];

(c) Plaintiffs fail to state legally recognizable claims for product liability under general maritime law; and

(d) pursuant to F. R. Civ. P. Rule 12(f), Plaintiffs' Jury Trial Demand should be stricken because there is no right to jury trial in cases subject to the admiralty jurisdiction of the Court.

L-3's Motion To Dismiss is based upon the pleadings, accompanying Memorandum Of Law In Support Of L-3's Motion To Dismiss, and the points and authorities set forth in the Defendants Sikorsky Aircraft Corporation's, Sikorsky Support Services, Inc.'s, and General Electric Company's motions to dismiss Plaintiffs' Complaint and memoranda of law in support thereof which are incorporated hereby by reference.

Wherefore, L-3 submits that its Motion To Dismiss should be granted.

---

[2] L-3 maintains that Plaintiff Boone's claims for exemplary damages also are precluded by general maritime law. L-3 will address this issue at a later stage in these proceedings, if necessary.

[3] In the alternative, under Rules 12(e) and (f), the Court should order Plaintiffs to clarify that their wrongful death claims are based solely on DOSHA, and should strike the requests for non-pecuniary damages, including punitive damages, arising from such claims.

Respectfully submitted,

DEFENDANT
L-3 COMMUNICATIONS CORPORATION

BY  /s/ Steven E. Arnold
      Steven E. Arnold ct07966
      sea@salaw.us
      SA Law, P.C.
      8 Whittier Place, Suite 14F
      Boston, MA 02114
      (617) 670-0868
      Its Attorneys

## **CERTIFICATION**

I certify that on May 19, 2016 a copy of the foregoing was filed electronically and served by regular mail, postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

   /s/ Steven E. Arnold
      Steven E. Arnold