UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------x

Nicole Van Dorn, as Surviving Spouse and Personal Representative for the Estate of Lt. J. Wesley Van Dorn, USN, deceased;

Amy Snyder, as Surviving Spouse and Personal Representative for the Estate of Lt. Sean Christopher Snyder, USN, deceased;

Cheyenne Collins, as Surviving Spouse and Personal Representative for the estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and

Petty Officer 2nd Class Dylan Morgan Boone, USN,

                    Plaintiffs,

   -against-

Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services; General Electric Company; E.I. du Pont de Nemours and Company; and L-3 Communications Corporation,

                    Defendants.

------------------------------------------------------------------x

Civil No. 3:15-cv-01877-AWT

**NOTICE OF ADOPTION BY DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY AND JOINDER IN MOTION TO DISMISS FILED BY DEFENDANTS SIKORSKY AIRCRAFT CORPORATION AND SIKORSKY SUPPORT SERVICES, INC. dba SIKORSKY AEROSPACE SERVICES AND MOTION TO DISMISS AND TO STRIKE FILED BY DEFENDANT GENERAL ELECTRIC COMPANY**

       Defendant E. I. du Pont de Nemours and Company ("DuPont"), by and through its undersigned counsel, hereby gives notice that it adopts and joins in the Motions to Dismiss filed by Defendants Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services (the "Sikorsky Motion") and Defendant General Electric Company (the "GE Motion"). DuPont expressly incorporates by reference the respective Defendants' motions and supporting Memoranda of Law as if fully restated herein.

As set forth in Defendants' motions, the Wrongful Death Claim Plaintiffs' claims should be dismissed because the Death on the High Seas Act, 46 U.S.C. § 761, *et seq.*, bars their alleged state, common law, and/or general maritime law wrongful death and survival claims, and does not permit recovery of any non-pecuniary damages.  In addition, none of the Plaintiffs can state a cognizable product liability claim because the helicopter, and thus the "Kapton wiring" (Second Amended Complaint, ¶¶ 45-47; 49-50; 62) alleged to have been in the subject U.S. Navy helicopter, does not constitute a "product" under federal maritime law.  Further, even if Plaintiffs now are prepared to concede that their claims are subject to the admiralty jurisdiction of the Court, *i.e.*, federal question jurisdiction, the Second Amended Complaint is fatally defective in that Plaintiffs impermissibly engage in "group pleading" by asserting identical allegations of liability against all Defendants, including DuPont, and failing to apprise each Defendant of its alleged wrongdoing, as required by Rule 8 of the Federal Rules of Civil Procedure.

As an alternative to dismissal, under Rules 12(e) and (f), the Court may order Plaintiffs:

1. to make clear that the Wrongful Death Claim claims are based solely on the Death on the High Seas Act;
2. to plead with sufficient specificity so as to apprise each Defendant of its alleged wrongdoing;
3. to clarify that all Plaintiffs' claims are subject to the admiralty, *i.e..,* federal question, jurisdiction of the Court.

Finally, the Court should strike Plaintiffs' jury demand because there is no right to a jury trial in cases subject to the admiralty jurisdiction of the Court.

DATED: May 19, 2016

DENTONS US LLP

By:_____
    Diane Westwood Wilson (ct25376)
1221 Avenue of the Americas
New York, New York  10020-1089
Tel: (212) 905-8369
Fax: (212) 768-6800
Email: diane.wilson@dentons.com

-and-

THE AXELROD FIRM, PC
Lisa J. Savitt (*pro hac vice* application to be
      submitted - DC Bar #434559
5028 Wisconsin Avenue, NW
Suite 100
Washington, DC 20016
Tel: (202) 765-2727
Fax: (215) 238-1779
Email: lsavitt@theaxelrodfirm.com

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

**CERTIFICATION**

       I certify that on May 19, 2016, a copy of the foregoing was electronically filed and served by regular mail, postage prepaid, on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: */s/ Diane Westwood Wilson* 
      Diane Westwood Wilson (ct25376)

DENTONS US LLP
1221 Avenue of the Americas
New York, New York  10020-1089
Tel: (212) 905-8369
Fax: (212) 768-6800
Email: diane.wilson@dentons.com