# KREINDLER & KREINDLER LLP

750 Third Avenue
New York, NY 10017-2703
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

ffleming@kreindler.com
(212) 973-3478

July 21, 2016

*VIA ECF*

Hon. Alvin W. Thompson, USDJ
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Suite 240
Hartford, Connecticut 06103

   Re: *Nicole Van Dorn, et al. v. Sikorsky Aircraft Corporation, et al.*
      **United States District Court – District of Connecticut**
      **Index No. 3:15-cv-01877-AWT**

Dear Judge Thompson:

  We represent Plaintiffs in the above-referenced matter. As encouraged by the Court's list of pretrial preferences, we are writing to respectfully request that the Court hold a telephone conference to address issues raised by all defendants' pending Rule 12(b) motions to dismiss, defendant E.I. du Pont de Nemours & Co.'s ("DuPont") second motion to dismiss, and DuPont's recently "amended" Rule 56 motion for summary judgment.

  As required by the Court's scheduling order, on May 19, 2016, all defendants (Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., General Electric Company, DuPont, and L-3 Communications Corporation) filed Rule 12(b)(6) motions to dismiss Plaintiffs' Second Amended Complaint ("the Complaint"). These motions argue that the Complaint did not state a claim upon which relief can be granted (Dkt. Nos. 52-58). In those motions, all defendants argued,

California Office
707 Wilshire Boulevard, Los Angeles, CA 90017-3613
Tel: (213) 622-6469  Fax: (213) 622-6019

Massachusetts Office
855 Boylston Street, Boston, MA 02116-2688
Tel: (617) 424-9100  Fax: (617) 424-9120

*inter alia*, that the wrongful death claims did not specifically plead the Death On the High Seas Act, 46 U.S.C. § 761, as the applicable law. Plaintiffs countered that argument by pointing out that the Complaint expressly invokes the admiralty jurisdiction of this Court and that explicit reference to DOHSA is not necessary to state a products liability claim upon which relief can be granted. Defendants have requested oral argument. Plaintiffs' opposition to these motions was filed on June 23, 2016 (Dkt No. 74).

Defendant DuPont joined in the May 19, 2016 Rule 12(b) motions; however, it failed to raise a personal jurisdiction defense at that time (Dkt. No 58). On June 30, 2016, six weeks after the Court's deadline, defendant DuPont filed a *second* successive 12(b) motion to dismiss, (Dkt. Nos. 78-80), arguing that there is *no* basis for this Court to exercise personal jurisdiction over DuPont in the State of Connecticut. DuPont, however, had quite clearly waived the Rule 12(b)(2) defense of lack of personal jurisdiction by failing to assert the defense in its first Rule 12(b) motion to dismiss. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

When informed of that fact by Plaintiffs' counsel, DuPont filed a third successive "Amended Motion to Dismiss or for Summary Judgment" on July 19, 2016, just two days before Plaintiffs' opposition papers, which were nearly complete, were due. (Dkt. No. 84). In Plaintiffs' view, DuPont's third motion cannot cure the waiver, even if counsel for DuPont did mention to the Court on May 20, 2016 that it might one day move to dismiss for lack of personal jurisdiction. *See* Declaration of Lisa J. Savitt filed July 19, 2016 (Dkt. No. 84-3). After all, on May 20, 2016, the personal jurisdiction defense had already been waived by DuPont the day prior when it omitted

the defense from its 12(b) motion. The delayed notice, even if somehow relevant for purposes of deciding waiver, is too little too late. *See* Fed. R. Civ. P. 12(h) (a party waives a lack of personal jurisdiction defense when it does not raise it in a prior motion raising another 12(b) defense).

Moreover, DuPont's second and third motions do not even brief the central jurisdictional issue in this case: whether the Court may assert specific personal jurisdiction over DuPont. Instead, DuPont offhandedly asserts in a footnote that "no alleged facts in the [Second Amended Complaint] . . . would intimate that Plaintiffs are alleging specific jurisdiction over DuPont" and, therefore, DuPont only addresses general jurisdiction *DuPont's Mem. Supp. Mot. Dismiss* at 4 n.1 (Dkt. Nos. 79, 84-1). Contrary to DuPont's self-serving reading of the pleadings, the Complaint expressly states that DuPont "conduct[s] substantial business in and [is] subject to personal jurisdiction in [the District of Connecticut] and a substantial part of the events or omissions giving rise to this litigation occurred in this District." *Second Amended Complaint*, ¶ 27 (Dkt. No. 46). It also specifically alleges that DuPont "in coordination with defendants Sikorsky and GE," two Connecticut businesses, manufactured and designed the wiring that was installed in the very aircraft at issue in this case. *Id.* ¶ 22 (Dkt. No. 46).

While the location of this coordination is not expressly addressed in Plaintiffs' Complaint, it plausibly involves Connecticut in-state activity directly related to the helicopter that crashed in this case. In any event, to the extent DuPont's defense of lack of personal jurisdiction has not been waived, Plaintiffs require discovery regarding DuPont's contacts with the State of Connecticut and its in-state activities dealing with wiring insulation in the subject helicopter to determine if even only a "single or occasional act occurred" that would permit the proper exercise of specific personal jurisdiction over DuPont. *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754 (2014)

Hon. Alvin W. Thompson, USDJ
July 21, 2016
Page 4

(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). If the facts do not authorize the exercise of jurisdiction over DuPont in Connecticut, Plaintiffs will request a transfer of venue to the District of Delaware pursuant to 28 U.S.C. § 1631. Dismissal would, in Plaintiffs' view, be unwarranted. Finally, DuPont also claims that the Court should decide its second and third motion before the first. *DuPont's Mem.* at 13 (Dkt. No. 84-1). There is no sense underlying this suggestion.

As things stand at the moment, however, Plaintiffs require discovery to defend themselves against the third motion asserting a lack of specific personal jurisdiction defense that has not been fully briefed by DuPont, and that is supported by affidavits and a declaration. Consequently, consistent with Your Honor's listed pretrial preferences, counsel for Plaintiffs believe it would be appropriate for the Court to hold a teleconference in which the parties can discuss whether the issues raised by DuPont's three dispositive motions can be more efficiently resolved and in what order. Specifically, the parties can discuss with the Court whether more explicit references to Connecticut's long-arm statute regarding specific personal jurisdiction and DOHSA are appropriate.

Plaintiffs therefore respectfully request that the Court permit a teleconference on this matter and, if necessary, establish a period for Plaintiffs to conduct jurisdictional discovery in regard to defendant DuPont.

4

                                                Respectfully submitted,

                                                KREINDLER & KREINDLER LLP

                                      By:    */s/ Francis G. Fleming*
                                               Francis G. Fleming (CT 30032)
                                               Andrew J. Maloney (CT 15639)
                                               750 Third Avenue
                                               New York, New York 10017
                                               Tel.: (212) 687-8181
                                               Fax: (212) 972-9432
                                               Email: amaloney@kreindler.com
                                               Email: ffleming@kreindler.com
                                               *Attorneys for Plaintiffs*

Hon. Alvin W. Thompson, USDJ
July 21, 2016
Page 6

## CERTIFICATION

I hereby certify that on this 21st day of July, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electric filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Francis G. Fleming
FRANCIS G. FLEMING