U.S.C. 30301, *et seq.*, and any other applicable laws, including but not limited to, damages for sorrow, mental anguish and solace, pre-death pain and suffering, loss of income, services, protection, care, and assistance of the deceased, medical expenses, funeral expenses, in amounts according to proof and within the jurisdiction of this court, and plaintiff BOONE is entitled to recover all legally available damages under General Maritime Law and any other applicable laws, including applicable state laws.

<div style="text-align:center">

**FOURTH CLAIM FOR WRONGFUL DEATH, SURVIVAL DAMAGES
AND PERSONAL INJURY DAMAGES ARISING OUT OF THE
WRONGFUL DEATHS OF VAN DORN, SNYDER AND COLLINS
AND THE PERSONAL INJURIES OF BOONE AGAINST
DEFENDANT L-3 COMMUNICATIONS CORPORATION**

</div>

142. Plaintiffs repeat and re-allege each and every allegation heretofore set forth in this Complaint.

143. On January 8, 2014, Defendant L-3 owed VAN DORN, COLLINS, SNYDER and BOONE a duty to exercise reasonable care in the study, analyses, inspection, testing, maintenance, overhaul, and/or repair of the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners, and ties related thereto, and the duty to use reasonable care in the development, production and distribution of instructions for the safe use of the subject helicopter, including, but not limited to, operation, training, and maintenance manuals in accordance with the airworthiness requirements, standards of performance in the industry, and standards promulgated by the United States Government, and to do so in a reasonable and prudent manner so as not to allow the subject helicopter and its component parts and systems, its electrical wires including Kapton wiring, wire insulation, fuel lines/fuel transfer tubes, fasteners,

and ties related thereto, to be unairworthy, and/or otherwise unsafe so as to pose an unreasonable risk of injury and death to U.S. Navy personnel, including VAN DORN, COLLINS, SNYDER and BOONE.

144. Upon information and belief, at all relevant times stated herein, the subject crash, injuries, death, and resultant damages were proximately caused by the negligence of Defendant L-3, by and through its officers, agents, employees, servants and others under their employ and control, in that Defendant L-3 breached its aforesaid duties, carelessly failed to properly study, analyze, inspect, service, overhaul, repair, alter, modify, test, certify, and maintain the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, and ties related thereto, and failed to adequately detect, correct and warn or caution about dangerous and unsafe conditions causing the subject helicopter, its electrical systems, electrical wires including Kapton wiring, and wire insulation, and its fuel system, including its fuel lines/fuel transfer tubes, to be unairworthy and/or otherwise unsafe on and prior to January 8, 2014, and which caused or contributed to the crash of the subject helicopter.

145. Specifically, Defendant L-3 was negligent, by act or omission, and breached its duty of care owed to VAN DORN, COLLINS, SNYDER and BOONE in one or more of the following respects, by:

    a. During its October 2012 inspection, and at other times, failing to ensure the proper safe distance and other safeguards between: (1) the fuel lines/fuel transfer tubes running between the subject helicopter's fuel tanks and the subject

helicopter's engines; and (2) the wire bundles used to transmit electrical currents to helicopter components and systems.

b. During its October 2012 inspection, and at other times, failing to properly secure zip ties that were supposed to safely bundle and stow electrical wires, including Kapton wiring, and failing to keep the zip ties from contacting the fuel lines/fuel transfer tubes and other helicopter components containing ignitable substances.

c. During its October 2012 inspection, and at other times, failing to prevent chafing of the fuel lines/fuel transfer tubes and electrical wires, including Kapton wiring, by the zip ties, causing damage and deterioration of the fuel lines/fuel transfer tubes, and electrical wires, including Kapton wiring; and failing to prevent electrical current, heat, and electrical arcing to ignitable fuels and/or fuel vapors from the compromised and damaged fuel lines/fuel transfer tubes and electrical wires, including Kapton wiring, causing an explosion, fire and blinding smoke.

d. During its October 2012 inspection, and at other times, failing to adequately warn users, operators and maintainers of the subject helicopter of the chafing risks to fuel lines/fuel transfer tubes and electrical wires, including Kapton wiring, posed by the use of nylon zip ties and/or improperly secured nylon zip ties.

e. During its October 2012 inspection, and at other times, failing to adequately warn users, operators and maintainers of the subject helicopter of the existence and risks posed by close proximity between electric wires, including Kapton wiring, and fuel lines/fuel transfer tubes.

f. During its October 2012 inspection, and at other times, repairing and installing fuel lines/fuel transfer tubes, electrical wires, including Kapton wiring, and other

48

components that were defective and unsafe due to their susceptibility to corrosion, degradation, deterioration, wear and alteration.

146. The crash of the subject helicopter and the resulting deaths of VAN DORN, COLLINS and SNYDER and the severe personal injuries sustained by BOONE were caused by the negligence of Defendant L-3 in that it negligently provided maintenance, testing, inspection and servicing of the subject helicopter, specifically to the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, and ties related thereto.

147. On January 8, 2014, the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners and ties related thereto, were unreasonably dangerous and unsafe by reason of the defective maintenance, testing, inspection and servicing of the subject helicopter and its component parts, and the inadequate and unsafe instructions, manuals, cautions and warnings issued by Defendant L-3.

148. At all times material hereto and prior to January 8, 2014, Defendant L-3 had an ongoing and continuing duty to warn and was required by contract, specification, standard and/or otherwise, to make certain that any defects in the components and replacement parts for the subject helicopter, including, but not limited to, the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners, and ties

relating thereto, were corrected during the maintenance, testing, inspection and servicing of the subject helicopter by Defendant L-3 prior to causing injury or death.

149. Upon information and belief, Defendant L-3 breached its duty to adequately warn of, maintain, inspect and correct the defective and dangerous conditions in the components and replacement parts for the subject helicopter, including, but not limited to, the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners and ties related thereto.

150. As a proximate cause of the unsafe and defective conditions of the component and replacement parts for the subject helicopter, including but not limited to the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners, and ties related thereto, the failure of Defendant L-3 to warn of, remedy and/or correct these defective and unsafe conditions, and as a direct result of the negligent acts and omissions of Defendant L-3, as alleged herein, the subject helicopter crashed and VAN DORN, SNYDER and COLLINS suffered fatal injuries while BOONE suffered serious and permanent injuries.

151. On January 8, 2014, the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners, and ties related thereto, were being operated and used for the purpose and in the manner for which they were designed, manufactured, assembled, tested, inspected, serviced, distributed, sold and intended to be used, and in a manner foreseeable to

Defendant L-3 and for which adequate and safe instructions, manuals, cautions and warnings were required to be issued by Defendant L-3.

152. The defective conditions in the assembly, instructions, manuals and warnings, testing, inspection, service, distribution and sale of the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners and ties related thereto, caused the subject helicopter to crash and caused VAN DORN, SNYDER, and COLLINS to suffer serious and fatal injuries and BOONE to suffer serious and permanent injuries.

153. In addition, as shown by the sudden malfunction on board the subject helicopter, there were catastrophic defects in the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners, and ties related thereto. Said defective conditions existed at the time the subject helicopter left the control of Defendant L-3 after it inspected, maintained, tested and serviced the subject helicopter and were not solely the result of causes other than a product defect existing at the time of the maintenance, inspection, testing and servicing of the subject helicopter, subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners, and ties related thereto, by Defendant L-3.

154. Prior to January 8, 2014, Defendant L-3 expressly and/or implicitly warranted and represented that the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wiring

insulation, fasteners and ties relating thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners and ties related thereto, were airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, assembled, tested, serviced, distributed, sold, intended and used, and that the instructions, manuals, cautions, and warnings that had been issued were adequate and safe, and further that the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners and ties related thereto, were free from defects.

155. Defendant L-3 breached said express and implied warranties in that on January 8, 2014, the subject helicopter and its component parts, including the subject helicopter's engines, electrical systems, electrical wires including Kapton wiring, wire insulation, fasteners and ties related thereto, and the subject helicopter's fuel systems, fuel lines/fuel transfer tubes, fasteners and ties related thereto, were not airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, assembled, tested, serviced, distributed, sold, intended and used, and the instructions, manuals and warnings which had been issued were not adequate and safe, but were defective and thereby caused the subject crash and caused VAN DORN, SNYDER and COLLINS to suffer serious and fatal injuries and BOONE to suffer serious and permanent injuries.

156. As a proximate cause of the negligence, failure to warn, unreasonably dangerous and defective products, and breach of warranties of Defendant L-3 and the death of decedent VAN DORN as aforesaid, the Estate of LT. J Wesley Van Dorn, the decedent's wife, two natural infant children, and all surviving parents, siblings and next of kin, and each of them, have

52

sustained damages, including, but not limited to, the loss of earnings of the decedent, loss of services, loss of inheritance, loss of prospective accumulations, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, attention, advice, counsel, training, guidance and education, and are entitled to be compensated therefor.

157. As a proximate cause of the negligence, failure to warn, unreasonably dangerous and defective products, and breach of warranties of Defendant L-3 as aforesaid, decedent VAN DORN sustained serious personal injuries and other medical conditions, which resulted in prolonged severe and excruciating conscious pain, suffering and fear of impending death from the moment of the explosion and resulting smoke and fire up to the moment of his wrongful death.

158. As a proximate cause of the negligence, failure to warn, unreasonably dangerous and defective products, and breach of warranties, of Defendant L-3, and the death of decedent SNYDER as aforesaid, the Estate of LT Sean Christopher Snyder, the decedent's wife, four natural infant children, and all surviving parents, siblings and next of kin, and each of them, have sustained damages, including, but not limited to, the loss of earnings of the decedent, loss of services, loss of inheritance, loss of prospective accumulations, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, attention, advice, counsel, training, guidance and education, and are entitled to be compensated therefor.

159. As a proximate cause of the negligence, failure to warn, unreasonably dangerous and defective products, and breach of warranties of Defendant L-3 as aforesaid, decedent SNYDER sustained serious personal injuries and other medical conditions, which resulted in prolonged severe and excruciating conscious pain, suffering and fear of impending death from

the moment of the explosion and resulting smoke and fire up to the moment of his wrongful death.

160. As a proximate cause of the negligence, failure to warn, unreasonably dangerous and defective products, and breach of warranties of Defendant L-3, and the death of decedent COLLINS, as aforesaid, the Estate of Petty Officer 3rd Class Brian Andrew Collins, the decedent's wife, and all surviving parents, siblings and next of kin, and each of them, have sustained damages, including, but not limited to, the loss of earnings of the decedent, loss of services, loss of inheritance, loss of prospective accumulations, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, attention, advice, counsel, training, guidance and education and are entitled to be compensated therefor.

161. As a proximate cause of the negligence, failure to warn, unreasonably dangerous and defective products, and breach of warranties of Defendant L-3 as aforesaid, decedent COLLINS sustained serious personal injuries and other medical conditions, which resulted in prolonged severe and excruciating conscious pain, suffering and fear of impending death from the moment of the explosion and resulting smoke and fire up to the moment of his wrongful death.

162. As a proximate cause of the aforesaid negligence, failure to warn, unreasonably dangerous and defective products and breach of warranties by Defendant L-3 as aforesaid, BOONE has sustained serious and permanent personal, physical and emotional injuries.

163. As a result of said injuries, BOONE has lost earnings and earnings capacity. BOONE will pray leave of court to be compensated for both past and future claimed lost earnings and earnings capacity at the time of trial.

164. BOONE has and will also continue to suffer severe and excruciating physical pain and suffering, distressing mental anguish, fear of impending death, and emotional distress as a result of said injuries. In the treatment of the aforesaid injuries, BOONE was compelled to and did employ the services of physicians, surgeons, and other medical personnel and incurred expenses relative to the care and treatment of said injuries. BOONE is informed and believes and thereupon alleges that he will be compelled to seek further treatment in the future for care and treatment of said injuries and to incur further expenses for the same. BOONE will pray leave of court to receive compensation for both past and future claimed medical and related expenses at the time of trial.

165. By reason of the foregoing, the VAN DORN, SNYDER and COLLINS plaintiffs are entitled to recover all legally available damages under the Death on the High Seas Act, 46 U.S.C. 30301, *et seq.*, and any other applicable laws, including but not limited to, damages for sorrow, mental anguish and solace, pre-death pain and suffering, loss of income, services, protection, care, and assistance of the deceased, medical expenses, funeral expenses, in amounts according to proof and within the jurisdiction of this court, and plaintiff BOONE is entitled to recover all legally available damages under General Maritime Law and any other applicable laws, including applicable state laws.

**WHEREFORE**, plaintiffs respectfully request that judgment be entered on their behalf for compensatory damages against Defendants SIKORSKY, SIKORSKY AEROSPACE, GE, DUPONT and L-3, and each of them, together with an award of pre and post judgment interest, costs and attorneys' fees, and such other relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Dated:  August 25, 2016

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: _/s/ Francis G. Fleming_
Francis G. Fleming (CT 30032)
Andrew J. Maloney (CT 15639)
750 Third Avenue
New York, New York 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432
Email: amaloney@kreindler.com
Email: ffleming@kreindler.com
*Attorneys for Plaintiff*

**CERTIFICATION**

I hereby certify that on this 25th day of August, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electric filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Francis G. Fleming*
FRANCIS G. FLEMING