```
                  UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF CONNECTICUT



- - - - - - - - - - - - - - - - x
NICOLE VAN DORN, ET AL              No.3:15CV01877(AWT)

             Plaintiffs

      vs.

SIKORSKY AIRCRAFT CORP., ET AL
                                    HARTFORD, CONNECTICUT
             Defendants             AUGUST 9, 2016
- - - - - - - - - - - - - - - - x
```

**TELEPHONIC STATUS CONFERENCE**

```
     BEFORE:

             HON. ALVIN W. THOMPSON, U.S.D.J.
```

```
                                   Corinna F. Thompson, RPR
                                   Official Court Reporter
```

```
 1     APPEARANCES:

 2
          FOR THE PLAINTIFFS:
 3
              KREINDLER & KREINDLER
 4                 750 Third Avenue
                   32nd floor
 5                 New York, New York   10017
             BY:   FRANCIS G. FLEMING, ESQ.
 6                 ANDREW J. MALONEY, III, ESQ.

 7       FOR THE DEFENDANT, Sikorsky:

 8            FITZPATRICK & HUNT, TUCKER, COLLIER,
                PAGANO, AUBERT
 9                 12 East 49th Street
                   New York, New York   10017
10           BY:   PAUL N. BOWLES, ESQ.

11       FOR THE DEFENDANT, GE:

12            WIGGIN & DANA
                   265 Church Street
13                 New Haven, Connecticut 06508-1832
             BY:   KEVIN M. SMITH, ESQ
14

15       FOR THE DEFENDANT, du Pont:

16            DENTON US, LLP
                   1221 Avenue of the Americas
17                 24th floor
                   New York, New York   10020
18           BY:   DIANE WESTWOOD WILSON, ESQ.

19            THE AXELROD FIRM
                   5028 Wisconnsin Avenue NW
20                 Suite 100
                   Washington, DC   20016
21           BY:   LISA J. SAVITT, ESQ.

22       FOR THE DEFENDANT, L-3:

23            SA LAW, PC
                   8 Whittier Place
24                 Boston, Massachusetts   02114
             BY:   STEVEN E. ARNOLD, ESQ.
25
```

1           **12:01 p.m**.

2           THE COURT:  Good afternoon.  Who's on for the

3    plaintiff?

4           MR. FLEMING:  Good afternoon, Your Honor.

5    Frank Fleming, Rob Sprague, Kevin Mahoney, Kreindler &

6    Kreindler for plaintiffs.

7           THE COURT:  Thank you.  Anybody on for

8    Sikorsky?

9           MR. BOWLES:  Yes.  Good morning, Your Honor

10   This is Paul Bowles with Fitzpatrick & Hunt on behalf of

11   Sikorsky.

12          THE COURT:  Anyone on for GE?

13          MR. SMITH:  Yes, Your Honor.  Good afternoon.

14   It's Kevin Smith at Wiggin & Dana for General Electric

15   Company.

16          THE COURT:  And du Pont?

17          MS. WILSON:  Good afternoon, Your Honor.  It's

18   Diane Wilson and Lisa Savitt for du Pont.

19          THE COURT:  Anyone on for L-3?

20          MR. ARNOLD:  Yes, Your Honor.  Good afternoon.

21   Attorney Steven Arnold for L-3.

22          THE COURT:  I'm following up on our call we

23   had last week.  I did send out an e-mail so you'd have

24   some chance to think about things in advance, but I

25   should formally advise you that I've looked at some of

1    the papers and the correspondence you submitted and
2    thought about the issues that were presented and I have
3    reached a few conclusions.
4            First, with respect to du Pont and the issue
5    of waiver of the personal jurisdiction defense, I have
6    concluded that du Pont did not waive the personal
7    jurisdiction defense.  I would refer counsel to just a
8    few of the cases that I thought were helpful to my
9    analysis.  One is a case from the Southern District of
10   New York.  It's Index Fund, Inc. versus Hagopian.  The
11   citation is 107 Federal Rules Decision 95.  The second
12   case is Myers versus American Dental Association, 695 F.
13   2d 716.  And a third is Chase versus Pan-Pacific
14   Broadcasting, Inc., 750 F. 2d 131.  Those cases, and the
15   Advisory Committee Notes for the 1966 amendments, I
16   believe all make it clear that both 12(g) and 12(h)
17   apply to pre-answer motions only.
18           I also conclude that du Pont preserved the
19   defense by including it in what one of these cases
20   refers to -- in its answer, one of the cases makes a
21   reference to if you wish to waive one of these defenses
22   you must do so in your first defensive move, be it a
23   12(b) motion or a responsive pleading.  That's the Index
24   Fund, Inc. case.
25           The next issue that I looked at was the issue

1      of general jurisdiction.  There I think the Daimler AG

2      versus Bauman case from the Supreme Court and Brown

3      versus Lockheed Martin from the Second Circuit make it

4      clear that it's not enough to allege contacts that are

5      continuous and systematic.  You must allege facts that

6      show that the party is essentially at home and I don't

7      believe that has been alleged in the complaint here.

8              With respect to the issue of specific

9      jurisdiction, I believe the paragraphs that the

10     plaintiff was highlighting were Paragraphs 22 and 27.

11     Let me just get my notes here.  I looked at those and I

12     could not tell what the plaintiffs' argument would be

13     with respect to our long-arm statute.  So at least in my

14     mind the complaint does not set forth factual

15     allegations that would make a prima facie showing with

16     respect to specific jurisdiction.

17             The letter also mentions or alludes to the

18     plaintiffs would require discovery.  I think the

19     authority in our circuit at least is clear that in order

20     to obtain jurisdictional discovery the plaintiff must

21     plead facts which, if true, are sufficient in themselves

22     to establish jurisdiction.  And then we have to go on to

23     having those be contested somehow.  I don't think we

24     have the first step satisfied so I don't need to resolve

25     the second step.  I don't think we're there with respect

1     to the initial motion to dismiss that was filed.
2                Any questions about any of that?
3                MR. FLEMING:  Good afternoon, Your Honor.
4     This is Frank Fleming for plaintiff speaking.  We are
5     prepared to accept your rulings.  We thank you very
6     much, or at please plaintiffs do, for the early
7     communication yesterday through your law clerk.  We
8     would make application to file amendments to the
9     complaint to address some of these issues that you've
10    raised.
11               While we're on the subject of amendments, I
12    should point out one other thing, and that is that in
13    the first motion to dismiss that is technically not
14    within the four corners of the present dispute, there is
15    an argument about the complaint being deficient for
16    failure to make allegations about the Death on the High
17    Seas Act, DOHSA, and we will attempt to address that if
18    our application to amend is granted as well.  Obviously,
19    the same is true about the discovery aspect of your
20    tentative ruling or now complete ruling.
21               THE COURT:  Okay.  It would be fine with me if
22    the plaintiffs want to file a third amended complaint,
23    but I ought to at least hear from defense counsel before
24    agreeing to that.
25               Any objection?

1         I don't hear any so --

2              MR. SMITH: Well, Your Honor --

3              THE COURT: Did I move too quickly? Who's
4    this?

5              MR. SMITH: This is Kevin Smith for General
6    Electric Company.

7              THE COURT: Okay.

8              MR. SMITH: The one thing that Mr. Fleming has
9    not yet mentioned are all of the other grounds that are
10   currently fully briefed as part of 12(b)(6) motions,
11   either made or joined by all of the defendants
12   previously as well that go well beyond the DOHSA act.

13             I just raise it because those are fully
14   briefed and pending. I don't know if plaintiffs were to
15   file a third amended complaint, I don't know whether --
16   they haven't said anything about addressing those
17   deficiencies and I don't know the effect of that. I
18   think they've already filed three versions of the
19   complaint and there were some pretty complete
20   discussions as well. I don't know where we stand with
21   regard to a dismissal with or without prejudice on those
22   issues if we're going to go through yet another round.

23             THE COURT: Sure. Let me share my thoughts on
24   that.

25             I think that the plaintiff knows what all of

1  the objections in the 12(b)(6) motion are.  I would
2  expect that this will be the -- this next complaint
3  would be the last complaint.
4              MR. SMITH:  Thank you, Your Honor.
5              MR. FLEMING:  Plaintiffs have heard that, Your
6  Honor, and we will obviously be as cautious as we can on
7  the amendments, the third amended complaint.
8              MR. BOWLES:  Your Honor, if I may, just
9  briefly, this is Paul Bowles on behalf of Sikorsky.
10             With respect to the Death on the High Seas Act
11 specifically, the defendants' argument in the motion to
12 dismiss is that the Death on the High Seas Act limits
13 plaintiffs' recovery to pecuniary damages only in this
14 matter.  So simply referencing the DOHSA in an amended
15 complaint in our view would not be sufficient to cure
16 the defect here because it would not address the issue
17 of whether in fact under the law plaintiffs concede that
18 they are limited to pecuniary damages only under DOHSA.
19             Just to raise that issue as well, given it's
20 fully briefed and in the motions to dismiss for the
21 Court's consideration.
22             MR. FLEMING:  We don't make any concession
23 about that, Your Honor.  I think that argument is what
24 it is.  I don't know that a choice of law motion is
25 appropriate at this point.  What we have alleged are

1    facts and we believe the facts are relevant.  That can
2    be determined in time, for example, that evidence about
3    the relationship between the decedent and family members
4    for some reason was inappropriate because it was not
5    pecuniary or something along those lines, we can deal
6    with it.  But the facts are what they are and we believe
7    we have the right to plead them.
8              THE COURT:  I'll look forward to deciding,
9    learning about that issue.
10             MR. FLEMING:  Indeed, Your Honor.  That's our
11   view.
12             THE COURT:  Anything else?
13             I guess we need to decide on a time frame, but
14   before then I just want to make sure none of the other
15   defendants have anything else they wanted to mention?
16             MR. SMITH:  This is Kevin Smith again.  Just
17   so I understand how we're going forward, would it be
18   possible to hear from Mr. Fleming whether he intends
19   to -- sort of what he intends to address with an amended
20   complaint?  I mean, I've heard the jurisdictional piece,
21   obviously, as well as mentioning or doing something with
22   DOHSA, and we'll have to see what that is.
23             Does he intend to anything with regard to the
24   issues raised in GE's fully briefed motion?
25             MR. FLEMING:  Well, may I address Kevin

1      directly, Your Honor?

2              THE COURT: Please do.

3              MR. FLEMING: We will take a look at the line

4      and verse of the motion that has been made. To the

5      extent we can address the arguments that are made by an

6      amendment to the complaint, we will certainly do it.

7              I think there are at core some issues

8      amendments can't address -- for example, the argument

9      that a helicopter is not a product. I don't think we

10     can address that by an amendment. But that's kind of a

11     pure question of law. And as the Court says, I think

12     we'll -- we're not going to resolve that at this round.

13             But to the extent that we can address the

14     insufficiencies that the initial motion raised, I think

15     we will do it.

16             THE COURT: Does that answer your question,

17     Mr. Smith?

18             MR. SMITH: Somewhat.

19             THE COURT: Well, let me state my

20     understanding so it's clear.

21             My understanding is that to the extent there

22     are contentions that the complaint is deficient and

23     those contentions can be addressed with language in the

24     complaint, it will be done so. To the extent it cannot

25     be, the plaintiffs will stand on their briefing in

1    opposing those arguments made by the defendants.
2            MR. FLEMING:  That's our view.  Correct, Your
3    Honor.  Thank you.
4            MR. SMITH:  Thank you.
5            MR. FLEMING:  On the timeline, Your Honor.  We
6    might as well address that.  I'm personally on the west
7    coast taking depositions this week and next in another
8    case that's essentially set for mediation October 3rd.
9    I won't be back in New York until the 18th.  So if I
10   could request two or three days after the 18th --
11   let's say the Friday of that week -- to get the
12   amendments done I would be very grateful.
13           THE COURT:  I think you ought to at least ask
14   for a week, given that this is going to be it.
15           MR. FLEMING:  Thank you, Your Honor.  I'll
16   take it.  I'm not looking a gift horse.
17           THE COURT:  What date would that be?
18           MR. FLEMING:  I would say that's about the
19   25th of August.
20           THE COURT:  August 25th.
21           MR. FLEMING:  Thank you very much, sir.
22           THE COURT:  All right.
23           Anything else?
24           MR. FLEMING:  I think that covers it.  Thank
25   you, Your Honor.

1                THE COURT:  Thank you very much then.
2     Bye-bye.
3                     (Whereupon, a recess followed.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

13

C E R T I F I C A T E

NICOLE VAN DORN, ET AL V. SIKORSKY, ET AL

3:15CV01877(AWT)

I, Corinna F. Thompson, RPR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages, pages 1 – 12, are a true and accurate transcription of my shorthand notes taken in the aforementioned matter on August 9, 2016, to the best of my skill and ability.

/s/_____

CORINNA F. THOMPSON, RPR
Official Court Reporter
450 Main Street, Room #225
Hartford, Connecticut 06103
(860) 547-0580