UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as Surviving Spouse and Personal Representative for the Estate of LT J Wesley Van Dorn, USN, Deceased; | No. 3:15-cv-01877-AWT |
| Amy Snyder, as Surviving Spouse and Personal Representative for the Estate of LT Sean Christopher Snyder, USN, Deceased; | |
| Cheyenne Collins, as Surviving Spouse and Personal Representative for the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, Deceased; and | **JOINT STATUS REPORT** |
| Petty Officer 2nd Class Dylan Morgan Boone, USN, | |
| Plaintiffs, | **September 15, 2016** |
| - Against - | |
| Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services; | |
| General Electric Company; | |
| E.I. du Pont de Nemours & Co.; and | |
| L-3 Communications Corporation, | |
| Defendants. | |

The parties respectfully submit this Joint Status Report as required by the Court's May 20, 2016 Minute Order.

This action arises from the crash of a United States Navy MH-53E helicopter, which exploded eighteen miles off the coast of Virginia on January 8, 2014. The plaintiffs consist of the surviving spouses of the three deceased serviceman on board ("the Wrongful Death Plaintiffs"),

1

as well as a surviving crewman, who was seriously injured in the crash. Plaintiffs' Complaint sounds in strict products liability and negligence and alleges that Defendants, Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services, General Electric Company, E.I. du Pont de Nemours and Company and L-3 Communications Corporation are liable for the explosion and the damages suffered by Plaintiffs as manufacturers, sellers, or maintainers of the subject helicopter or its component parts.

### *Relevant Procedural History*

On May 19, 2016, Defendants moved to dismiss Plaintiffs' Second Amended Complaint. Their motion papers argued: (1) the Wrongful Death Plaintiffs' claims were preempted by the Death on the High Seas Act ("DOHSA"), 46 U.S.C. 30301, *et seq.*; (2) the Plaintiffs did not state a maritime products liability claim because a helicopter is not a "product"; and (3) the Plaintiffs engaged in improper "group-pleading." The Defendants also moved to strike Plaintiffs' jury demand, arguing they were not permitted a jury under DOHSA or applicable maritime law. Plaintiffs responded to these motions on June 23, 2016.

On June 30, 2016, Defendant E.I. du Pont de Nemours and Company (DuPont) filed a motion to dismiss, asserting this Court does not have general personal jurisdiction over it and that the operative Complaint did not assert a basis for specific personal jurisdiction. At Plaintiffs' request, the Court held a telephonic conference to address the issues raised in Defendants' motions. The Court heard the respective party's positions and held a subsequent telephonic conference on August 9, 2016 at which the Court "ruled (1) that defendant DuPont had not waived its personal jurisdiction defense, citing, inter alia, Advisory Committee notes that state that Rules 12(g) and 12(h) apply to pre-answer motions only; (2) that the Second Amended Complaint does not allege facts that would establish general jurisdiction as to DuPont, citing Daimler AG v. Bauman, 134

S.Ct 746, 761 (2014) and Brown v. Lockheed Martin Corp., 814 F.3d 619, 623 (2d Cir. 2016); (3) that the Second Amended Complaint (specifically paragraphs 22 and 27, which are relied upon by the plaintiffs) does not allege facts that would establish specific jurisdiction under Connecticut's long-arm statute; and (4) that the plaintiffs have not demonstrated that they are entitled to jurisdictional discovery at this time. The plaintiffs shall file their Third Amended Complaint by August 25, 2016, and no further amendments will be allowed." Docket No. 90; see also Docket Nos. 92 & 93.

In response, on August 25, 2016, Plaintiffs filed a Third Amended Complaint. It is plaintiffs' position that the Third Amended Complaint alleges both specific and general personal jurisdiction over DuPont, pleads DOHSA and separates plaintiffs' allegations into individual counts against each defendant and their related entities. Defendants do not believe that the Third Amended Complaint cured all deficiencies raised in Defendants' motions and/or raised in relation to the Second Amended Complaint. Pursuant to an agreed motion for extension of time, the Court entered an order granting that Defendants have until October 27, 2016, to Answer, Move, or Otherwise Respond to the Third Amended Complaint. Docket No 95.

### *Discovery*

As noted in the Parties' Joint Rule 26 Report, the time required to locate and identify documents and physical evidence that may be used to support claims or defenses will be substantial and likely will require the Court to compel the production of numerous documents by the military. The parties have conferred and prepared joint *Touhy* requests to the U.S. Navy to in order to obtain necessary evidence for this case. The parties anticipate it will take several months for the Navy to respond to those requests.

Plaintiffs and defendants General Electric Co., Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc., and L-3 Communications Corporation have provided initial disclosures. Defendant DuPont provided initial disclosures addressing its lack of contacts with the State of Connecticut as relevant to its position that the Court may not permissibly exercise personal jurisdiction over DuPont in this action.

Defendant DuPont is presently investigating the Third Amended Complaint's allegations regarding its alleged contacts with Connecticut. Plaintiffs anticipate requesting jurisdictional discovery in the event that defendant DuPont again moves to dismiss for lack of personal jurisdiction. Plaintiffs are presently drafting initial discovery requests relating to liability.

### *GE's Request For Pre-Argument Conference Regarding Summary Judgment*

Plaintiffs' Third Amended Complaint alleges that GE designed, manufactured, distributed and/ or installed "fuel lines and fuel transfer tubes contained in the interface between the subject helicopter's engines … and the subject helicopter's fuel systems and electrical systems." (Third Amended Complaint ¶ 99). In fact, the JAGMAN investigation, relied on extensively in the Third Amended Complaint, cited alleged problems with a fuel transfer tube that transferred fuel from one sponson on the helicopter to another, and which did not "interface" in any way with the engines. Simply put, GE did not manufacture, design, or play any role with respect to the fuel transfer tube and fuel lines identified in the JAGMAN report or any alleged "interface" raised in Plaintiffs' Third Amended Complaint. GE intends, at the earliest reasonable opportunity, to move for summary judgment on this issue. The burden and expense of broad based discovery into the cause of this action, which is expected to take up to three years (see Form 26(f) Report of Parties Planning Meeting, ¶V(A), ECF 43) is not proportional to needs of this case given that Plaintiffs will not be able to prove this threshold issue with respect to GE. See Fed. R. Civ. P. 26(b)(1).

Therefore, in accordance with the Court's Chambers Rules, reflecting an interest in pre-argument conferences for dispositive motions, GE requests that the Court schedule a conference at its earliest convenience to discuss GE's intended summary judgment motion.

### *Plaintiffs' Response to GE's Request*

Any motion addressing the merits of Plaintiffs' allegations against GE before discovery is conducted is entirely premature. The operative Complaint not only alleges that defects in the interface between the subject helicopter's fuel system and engines caused the crash but that GE studied and investigated past in-flight fires in the MH-53E and CH53-E fleet and thereafter failed to properly ensure the airworthiness of the fleet. (Third Amended Complaint, ¶ 71). In the event GE moves for summary judgment, Plaintiffs will seek discovery under Rule 56(d) and request that the Court deny or defer GE's motion. Three Naval servicemen died in this crash; one was seriously injured. Plaintiffs submit discovery will be proportional to the needs of this case given what is at stake. Fed. R. Civ. P. 26(b)(1).

### *Settlement*

The Sikorsky Defendants are in active settlement negotiations with Plaintiffs.


Respectfully Submitted,

Dated:   September 15, 2016                           **Plaintiffs**


                                        **By**    /S/   Francis G. Fleming

                                                  Francis G. Fleming, Esq. (ct30032)
                                                  Kreindler & Kreindler LLP

                                                  *Attorneys for Plaintiffs Nicole Van*
                                                  *Dorn, Amy Snyder, Cheyenne*
                                                  *Collins, and Dylan Morgan Boone*

**Defendants**

By  /S/ Paul N. Bowles III

Paul N. Bowles III, Esq. (pro hac vice)

Fitzpatrick & Hunt, Tucker, Pagano, Aubert, LLP

Frank Usseglio, Esq.
Kenny, O'Keefe & Usseglio, P.C. (ct04331)

*Attorneys for Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;*

By  /S/ Kevin M. Smith

Kevin M. Smith, Esq. (ct24774)
Erik H. Beard, Esq. (ct26941)
Wiggin and Dana LLP

*Attorneys for General Electric Co.*

By  /S/ Diane Westwood Wilson

Diane Westwood Wilson, Esq. (ct25376)
Dentons US LLP

Lisa Savitt, Esq. (*pro hac vice)*
The Axelrod Firm, PC

*Attorneys for E. I. du Pont de Nemours and Company*

**By**     /S/     Steven E. Arnold

              Steven E. Arnold, Esq.
              (ct07966)
              SA Law, P.C.

              *Attorneys for L-3*
              *Communications*
              *Corporation*