UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICOLE VAN DORN, as Surviving Spouse
and Personal Representative for the Estate
of Lt. J. WESLEY VAN DORN, USN,
deceased;

AMY SNYDER, as Surviving Spouse and
Personal Representative for the Estate of LT.
SEAN CHRISTOPHER SNYDER, USN,
deceased;

CHEYENNE COLLINS, as Surviving Spouse
and Personal Representative for the Estate of
Petty Officer 3rd Class BRIAN ANDREW
COLLINS, USN, deceased; and                                        Case No.: 3:15-cv-01877-AWT

Petty Officer 2nd Class DYLAN MORGAN
BOONE, USN,

      Plaintiffs.
v.                  October 27, 2016

SIKORSKY AIRCRAFT CORPORATION;
SIKORSKY SUPPORT SERVICES, INC. dba
SIKORSKY AEROSPACE SERVICES;
GENERAL ELECTRIC COMPANY;
E.I. DU PONT DE NEMOURS & CO.; and
L-3 COMMUNICATIONS CORPORATION,

      Defendants.

**DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND STRIKE**

**I. Introduction**

   Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Defendant General Electric Company ("GE") moves to dismiss and/or strike the Third Amended Complaint's

1

("TAC")[1] state-law wrongful death and personal injury claims, state-law relief, and claim for a jury trial. As discussed further below, Plaintiffs may seek to recover relief solely under federal maritime law, and are not entitled to a jury trial.

This matter arises from the crash of a United States Navy MH-53E Sea Dragon helicopter, Bureau Number (BUNO) 163070, call sign Vulcan 543 (the "Subject Helicopter"), on January 8, 2014, in the Atlantic Ocean approximately 18 nautical miles east of Cape Henry Lighthouse, Virginia Beach, Virginia. TAC (Docket Entry No. 91) ¶1. Three of the plaintiffs in this action (hereinafter "the Wrongful Death Plaintiffs") are the surviving spouses and personal representatives of the estates of LT. J. Wesley Van Dorn, USN ("Van Dorn"); LT. Sean Christopher Snyder, USN ("Snyder"); and Petty Officer 3rd Class Brian Andrew Collins, USN ("Collins") (collectively "Decedents"), who were the pilot, co-pilot, and air crewman, respectively, of the subject helicopter. TAC ¶¶ 1 – 8. The fourth plaintiff is Petty Officer 2nd Class Dylan Morgan Boone, USN ("Boone") (the Wrongful Death Plaintiffs and Boone hereinafter collectively, "the Plaintiffs"), an air crewman on board the subject helicopter. Boone survived the accident and asserts a personal injury claim. TAC ¶ 10.

Relying exclusively on an investigation conducted by the Navy pursuant to its Manual of the Judge Advocate General ("JAGMAN"), the TAC alleges that the crash occurred as a result of chafing of a fuel transfer tube inside the helicopter by a nearby electrical wire bundle wrapped in nylon zip ties which allowed fuel and/or fuel vapor to escape and become ignited by electrical

---

[1] After bringing three prior versions of the complaint (Docket Entry Nos. 1, 25, 46) and after the parties fully briefed associated motions to dismiss, on August 5, 2016, the Court held a telephonic status conference and, thereafter, ordered that Plaintiffs "shall file their Third Amended Complaint by August 25, 2016, and no further amendments would be allowed." (Docket Entry No. 90).

arcing from the wire bundle.  TAC ¶ 69.  Plaintiffs assert diversity jurisdiction, federal question jurisdiction, and admiralty jurisdiction.  TAC ¶¶ 29-31.

As to GE, specifically, the TAC alleges that it "designed, manufactured, assembled, inspected, tested, distributed, sold, serviced, maintained, overhauled and repaired the engines on the subject helicopter and their component parts and systems."  TAC ¶ 21.  Notwithstanding Plaintiffs' allegations that GE bore responsibility only for the engines, Plaintiffs go on to allege that GE was negligent in "integrating, manufacturing, distributing, installing and designing fuel lines and fuel transfer tubes contained in the interface between [the] subject helicopter's engines, including their fuel systems and electrical systems, and the subject helicopter's fuel systems and electrical systems, that were defective and unsafe due to their susceptibility to inflight fire due to corrosion, degradation, deterioration, wear and alteration of wiring."  TAC ¶ 99.[2]

On behalf of the Wrongful Death Plaintiffs, the TAC seeks not only "all legally available damages under the Death on the High Seas Act, 46 U.S.C. §§ 30301 – 30308," but also continues to seek damages under "any other applicable laws, including but not limited to, damages for sorrow, mental anguish and solace, pre-death pain and suffering, loss of income, services, protection, care, and assistance of the deceased, medical expenses, [and] funeral expenses."  TAC ¶118.  Similarly, Plaintiff Boone seeks not only "all legally available damages under General Maritime Law," but also "any other applicable laws, including applicable state laws."  TAC ¶118; *see accord* TAC ¶¶ 12, 13, 94, 141, 165 (seeking same relief against all defendants).  Plaintiffs also demand a trial by jury.  TAC at 56.

For the reasons established below, GE moves to dismiss Plaintiffs' state law claims and/or strike Plaintiffs' damages claims to the extent they seek recovery for damages other than

---

[2] As with the fuel transfer tube and fuel lines, GE bore no responsibility for any such "interface," an issue that it intends to raise on summary judgment at the earliest possible opportunity.

3

those permitted under DOHSA and general maritime law. GE also moves to strike Plaintiffs' demand for a jury trial.

## II. Legal Standard

A "motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to claims, not to requests for a certain type of damages that are merely the relief demanded as a part of a claim." McLean v. Carnival Corp., 2013 WL 1024257, at *6 (S.D. Fla. Mar. 14, 2013). Requests for certain types of damages as part of claims, in turn, are "more appropriately considered [through] a motion to strike pursuant to Rule 12(f)." Id. Because Plaintiffs have alleged impermissible claims and types of damages, GE moves to dismiss and/or strike them under both rules.

### A. Motion to Dismiss Pursuant To Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Accordingly, a complaint must "be supported by factual allegations" against a defendant that "plausibly give rise to an entitlement to relief." Id. at 679.

It is axiomatic that the function of a motion to dismiss is "'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof,'" Rodriguez v. SLM Corp., No. 07cv1866 (WWE), 2009 WL 3769217, at *2 (D.

Conn. Nov. 10, 2009) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)), and a court accordingly "must assume all factual allegations in the complaint to be true and must draw all reasonable inferences in favor of the non-moving party." Id.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.  Therefore, a "complaint must contain the grounds upon which the claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Rodriguez, 2009 WL 3769217 at *2 (quoting Twombly, 550 U.S. at 555).  Where "the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

    **B.**    **Motion to Strike Pursuant to Rule 12(f)**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  While, generally, motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation," Ruffino v. Murphy, 2009 WL 5064452, at *1 (D. Conn. Dec. 16, 2009), a motion to strike is the appropriate procedural vehicle to "strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." Spencer v. DHI Mortg. Co., Ltd., 642 F. Supp. 2d 1153, 1169 (E.D. Cal 2009).

**III.**    **Plaintiffs May Only Seek Wrongful Death Damages Permitted Under The Death On The High Seas Act**

The TAC now expressly invokes federal law, i.e., DOHSA, as a basis for its wrongful death claims.  Nonetheless, Plaintiffs also continue to attempt to state claims, based on state law, for non-pecuniary damages that DOHSA forecloses.  Because Plaintiffs can bring no state-law

wrongful death claims and are not entitled to seek non-pecuniary damages under DOHSA, these claims should be dismissed and the requested damages stricken.

DOHSA provides an admiralty cause of action for "the death of a person….caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shores of the United States." 46 U.S.C. § 30302.   In so doing, DOHSA preempts state law claims and provides the exclusive remedy for deaths on the high seas. 46 U.S.C. § 30302; Dooley v. Korean Airlines, Co., 524 U.S. 116, 123-124 (1998); see also, Pierpoint v. Barnes, 892 F. Supp. 60, 61 (D. Conn. 1995) ("DOHSA preemption of wrongful death actions is complete."). DOHSA thus entirely supplants causes of action for wrongful death and survival permitted under state law, common law, and general maritime law. Dooley, 524 U.S. at 122-24.

In Dooley, the U.S. Supreme Court unequivocally held that DOHSA does not permit a plaintiff seeking relief for a death on the high seas to bring a suit for wrongful death under state law or general maritime law. Dooley, 524 U.S. at 122; see also, Kopperi v. Sikorsky Aircraft Corp., Inc., 2009 WL6919972 (D. Conn. Sept. 2, 2009). The only damages permissible under DOHSA are pecuniary damages. DOHSA bars claims for non-pecuniary losses such as loss of society, loss of services, mental anguish, fear of impending death, pain and suffering, and other similar non-pecuniary allegations of loss. Id. (citing Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 622-624 (1978)). Punitive or exemplary damages likewise are not available under DOHSA. Bergen v. F/V St. Patrick, 816 F. 2D 1345, 1347 (9th Cir. 1987).

Here, DOHSA indisputably and exclusively governs the remedies available to the Wrongful Death Plaintiffs. Consequently, the TAC's references to "other applicable laws," TAC ¶ 12, and to other damages, "including but not limited to, damages for sorrow, mental anguish and solace, [and] pre-death pain and suffering," are not recoverable as a matter of law. TAC

6

¶ 118. Because these non-pecuniary damages claims are not recoverable under DOHSA, they should be dismissed and the requested relief stricken from the TAC.

### IV. Maritime Law Exclusively Governs Plaintiff Boone's Personal Injury Claims

Boone's claim indisputably falls within the admiralty jurisdiction of the Court. 28 U.S.C § 1333. Indeed, Boone specifically pleads general maritime law arising from the Court's admiralty jurisdiction, TAC ¶¶13, 118, 31, because the location of the accident was on the navigable waters of the United States and the helicopter was engaged in traditional maritime activities, i.e., minesweeping.

Because Boone's claims fall within the Court's admiralty jurisdiction, see Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249 (1972); Offshore Logistics, Inc. v. Tallentire, 477 U.S.207 (1986), maritime law governs them. "With admiralty jurisdiction comes the application of substantive admiralty law." East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 864 (1986) (applying federal maritime law to products liability); see also, Pope v. Talbot & Hawn, 346 U.S. 406, 409 (1953) ("True, Hawn was hurt inside Pennsylvania and ordinarily his rights would be determined by Pennsylvania law. But he was injured on navigable waters while working on a ship to enable it to complete its loading for safer transportation of its cargo by water. Consequently, the basis of Hawn's action is a maritime tort, a type of action which the Constitution had placed under national power to control in 'its substantive as well as its procedural features. … His right to recovery for unseaworthiness and negligence is rooted in federal maritime law. Even if Hawn were seeking to enforce a state-created remedy for this right, federal maritime law would be controlling."); Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 69 (2d Cir. 2012) ("The notions of 'state-law claims' and 'federal defenses' have no analog in admiralty, for once a federal court

exercises admiralty jurisdiction, only federal maritime law – generally federal common law – applies."); Szollosy v. Hyatt Corp., 396 F. Supp. 2d 147, 153 (D. Conn. 2005) (In "nonfatal maritime personal injury cases, state substantive liability standards generally have been superseded by federal admiralty law."); In re Horizon Cruises Litigation, 101 F. Supp. 2d 204, 207 (S.D.N.Y. 2000) (applying federal maritime law to negligence and products liability claims); O'Hara v. Celebrity Cruises, Inc., 979 F. Supp. 254, 256 n.1 (S.D.N.Y. 1997) ("it remains settled law that the legal standards for substantive liability in maritime personal injury actions brought in federal court are set exclusively by federal maritime law.").

That Boone alleges federal diversity jurisdiction, in addition to admiralty jurisdiction, is of no consequence.[3] "Where a tort falls within admiralty jurisdiction, the general maritime law applies, even if the plaintiff's complaint pleaded diversity of citizenship as the sole basis for subject matter jurisdiction." Friedman v. Cunard Line Limited, 996 F. Supp. 303, 305 (S.D.N.Y 1998); Wahlstrom v. Kawasaki Heavy Industries, Ltd., 4 F.3d 1084 (2d Cir. 1993), cert. denied, 510 U.S. 1114 (1994).

For example, in Wahlstrom, the plaintiff died in a boating accident on the Thames River, (navigable waters of the State of Connecticut), the plaintiffs plead diversity jurisdiction only, and asserted Connecticut state law personal injury claims. Nevertheless, the Second Circuit held that

---

[3] The TAC also alleges federal question jurisdiction on the grounds that "the wrongful death claims are brought, in part, pursuant to the Death on the High Seas Act[.]" TZC ¶ 30. Even if that were accurate, which it is not, DOHSA does not apply to Boone's claims. Consequently, Boone does not and cannot allege any viable basis for federal question jurisdiction as to his claims. In all events, even as to the Wrongful Death Plaintiffs, "DOHSA cases arise exclusively in admiralty" and "no federal court has held that DOHSA or other admiralty laws generate both federal question jurisdiction and admiralty jurisdiction." Pierpoint v. Barnes, 892 F. Supp. 60, 61 (D. Conn. 1995); see also, Speranz v. Leonard, 925 F. Supp. 2d 266, 271 (D. Conn. 2013) ("DOHSA cases arise in admiralty and thus do not provide federal question jurisdiction."). There is no basis for federal question jurisdiction in this case.

"federal maritime law, rather than Connecticut law, must be applied in the present case." Wahlstrom, 4 F.3d at 1089.  Similarly, here, the accident occurred on navigable waters—i.e., in the Atlantic Ocean, approximately 18 nautical miles east of Cape Henry Lighthouse, Virginia Beach, Virginia, well outside the three-mile seaward boundary of the Commonwealth of Virginia and its state territorial jurisdiction.[4]  Therefore, federal maritime law exclusively governs Boone's claims, and the TAC's references to "any other applicable laws, including applicable state laws," TAC ¶ 118, must be dismissed.

## V. Plaintiffs' Jury Demand Should be Stricken

It has long been recognized that there is no right to a jury trial in a case subject to admiralty jurisdiction.  Waring v. Clarke, 46 U.S. 441, 460 (1847); see also Fitzgerald v. United States Line Co., 374 U.S. 16, 20 (1963) (Seventh Amendment right to a jury trial does not require jury trials in admiralty cases, nor does any federal statute).

Although DOHSA does not expressly address the issue, courts have consistently held that "DOHSA provides a remedy in admiralty, admiralty principles are applicable and a DOHSA plaintiff has no right to a jury trial of wrongful death claims."  Friedman v. Mitsubishi Aircraft Int'l, Inc., 678 F. Supp. 1064, 1066 (S.D.N.Y. 1988).  Federal courts have permitted jury trials in DOHSA cases under only two circumstances.  First, courts have allowed a jury trial where the plaintiff maintains a non-DOHSA claim that specifically carries a right to a trial by jury, arising out of the same transaction or occurrence.  See, e.g., Peace v. Fidalgo Island Packing Co, 419 F.2d 371, 372 (9th Cir. 1969); In re Korean Lines Disaster of September 1, 1983, 704 F. Supp.

---

[4] The seaward boundary of the Commonwealth of Virginia, and every other state except Texas and Florida's west coast (and Puerto Rico), is three geographical miles distant from its coast line. See 43 U.S.C. § 1312; Ocean Blue Print for the 21st Century, Primer on Ocean Jurisdictions: Drawing Lines in the Water, U.S. Commission on Ocean Policy (July 22, 2004).

9

1135, 1152-53 (D.D.C. 1988) (DOHSA action, when combined with a wrongful death action brought under the Warsaw Convention, is properly triable to a jury).  Second, some courts have allowed jury trials where, in addition to asserting a DOHSA claim, a plaintiff also asserts another claim that does not necessarily entitle him or her to a jury trial, but which invokes the diversity jurisdiction of the court. See, e.g., In re Korean Lines Disaster of September 1, 1983, 704 F. Supp. 1135, 1156 (D.D.C. 1988).  However, courts in the Second Circuit have rejected this second exception, holding that the fact of diversity jurisdiction alone is insufficient to warrant a jury trial and that, to be entitled to a jury trial, a plaintiff must raise "at least one cause of actions, separate and apart from admiralty, which gave [the plaintiff] an independent jurisdictional basis, along with the right to a jury trial." Mayer v. Cornell University, Inc., 909 F. Supp. 81, 85 (N.D.N.Y. 1995), aff'd 107 F.3d 3 (2d Cir. 1997); see also, Island Queen Steamboat Co. v. Sharson Lehman Bros,, Inc., No. 87 CIV 6629 (JMW), 1988 WL 159164, at *2 (S.D.N.Y. Aug. 29, 1988) ("where a plaintiff pleads a single cause of action and elects to proceed in admiralty, the fact that plaintiff's claim also satisfies the criteria for invoking a court's diversity jurisdiction does not entitle plaintiff to a jury trial of its claims.") (citing Durdent v. Exxon Corp., 803 F.2d 845, 848-50 (5th Cir. 1986) and T.N.T. Service v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 587 (5th Cir. 1983)); Friedman v. Mitsubishi Aircraft Int'l, Inc., 678 F. Supp. 1064, 1066, n.5 (S.D.N.Y. 1988) ("Diversity of citizenship creates only an additional basis for federal jurisdiction; it does not enlarge the parameters of the substantive remedy upon with a claim is based.").

In the present case, as discussed above, the claims of the Wrongful Death Plaintiffs are solely governed by DOHSA.  There is no other recognizable cause of action that the Wrongful Death Plaintiffs may assert.  The Wrongful Death Plaintiffs allege diversity jurisdiction, federal

question jurisdiction as well as admiralty jurisdiction. TAC ¶¶29-31. Nonetheless, the claim for diversity neither asserts nor creates any additional substantive rights upon which their claim is based, and the claim for federal question jurisdiction is wrong as a matter of law because "DOHSA cases arise in admiralty and thus do not provide federal question jurisdiction." Speranz v. Leonard, 925 F. Supp. 2d 266, 271 (D. Conn. 2013). Plaintiffs have asserted no non-admiralty cause of action that would entitle them to a jury trial. Accordingly, the jury demand by the Wrongful Death Plaintiffs should be stricken.

As also discussed more fully above, Boone's personal injury claim, while not governed by DOHSA, nevertheless falls under the admiralty jurisdiction of the Court, and is governed solely by maritime law. For this reason, Boone's jury claim should also be stricken. See Mayer, 909 F. Supp. at 85 (where the only other claim joined with a DOHSA claim is admiralty based there is no right to a jury trial), aff'd 107 F.3d at 4 ("jury trials are not available in admiralty actions.").

## VI.     Conclusion

Wherefore, GE respectfully requests that the Court dismiss the Wrongful Death Plaintiffs' non-DOHSA wrongful death claims and strike the non-pecuniary damages requested in the TAC. Likewise, GE respectfully requests that the Court dismiss Plaintiff Boone's state-law personal injury claims and strike any damages not permitted under general maritime law. Finally, GE respectfully requests that the Court strike Plaintiffs' claim for a jury trial.

                DEFENDANT
                GENERAL ELECTRIC COMPANY

                /s/ Kevin M. Smith
                Kevin M. Smith (ct24774)
                Erik H. Beard (ct26941)
                WIGGIN AND DANA LLP
                One Century Tower
                265 Church Street
                New Haven, Connecticut  06510
                Phone: (203) 498-4400
                Fax: (203) 782-2889
                Email: ksmith@wiggin.com
                Email: ebeard@wiggin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 27, 2016, a copy of the foregoing Memorandum of Law In Support of General Electric Company's Motion to Dismiss and Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

/s/ Kevin M. Smith
Kevin M. Smith (ct24774)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, Connecticut  06510
Phone: (203) 498-4400
Fax: (203) 782-2889
Email: ksmith@wiggin.com

12445\31\3557822.v3