## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
-------------------------------  x
NICOLE VAN DORN, AS SURVIVING    :
SPOUSE AND PERSONAL REPRESENTATIVE:
FOR THE ESTATE OF LT. J. WESLEY  :
VAN DORN, USN, DECEASED;         :
                                 :
AMY SNYDER, AS SURVIVING SPOUSE  :
AND PERSONAL REPRESENTATIVE FOR  :
THE ESTATE OF LT. SEAN CHRISTOPHER:
SNYDER, USN, DECEASED;           :
                                 :
CHEYENNE COLLINS, AS SURVIVING   :
SPOUSE AND PERSONAL REPRESENTATIVE:
FOR THE ESTATE OF PETTY OFFICER  :
3RD CLASS BRIAN ANDREW COLLINS,  :
USN, DECEASED; AND               :
                                 :
PETTY OFFICER 2ND CLASS DYLAN    :
MORGAN BOONE, USN,               :
                                 :
          Plaintiffs,            :
                                 :Civil No. 3:15-cv-01877(AWT)
v.                               :
                                 :
                                 :
SIKORSKY AIRCRAFT CORPORATION;   :
SIKORSKY SUPPORT SERVICE, INC. DBA:
SIKORSKY AEROSPACE SERVICES;     :
GENERAL ELECTRIC COMPANY; E.I. DU:
PONT DE NEMOURS AND COMPANY; AND :
L-3 COMMUNICATIONS CORPORATION,  :
                                 :
          Defendants.            :
-------------------------------  x
```

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and

Federal Rule of Evidence 502(d), the court hereby enters this

Stipulated Protective Order as follows:

WHEREAS, the parties to the above-captioned action are engaged in discovery proceedings which may involve the disclosure and production of information and documents which the parties believe to be highly sensitive and confidential;

WHEREAS, the parties desire to expedite the exchange and flow of discovery material, facilitate the prompt resolution of disputes over the confidentiality of information, avoid injury to parties through the disclosure of such party's confidential information, adequately protect material labeled "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" by the parties, and ensure that protection is afforded material so entitled, subject to approval and entry by this Court of this Stipulated Protective Order Governing the Exchange and Treatment of Confidential and/or Privileged Information and the Production of Technical Data or Technology ("Order"), and

WHEREAS, in the absence of this order, the Court would have to evaluate innumerable documents individually, and this task would severely burden the Court's processes and slow discovery, by their respective undersigned attorneys, the parties hereby stipulate that:

**1. PURPOSES AND LIMITATIONS**

**1.1. Scope.** This Order shall apply to proceedings and discovery in the above-captioned action.

**1.2. Need.** This case arises from a January 8, 2014 crash of a United States Navy MH-53E helicopter, Bureau Number (BUNO) 163070, call sign Vulcan 543 on the High Seas off the coast of Virginia.

The parties anticipate that they will engage in extensive discovery regarding, among other things: (1) the design and manufacture of the subject helicopter and certain of its components and systems, (2) manuals, technical specifications, engineering recommendations, and other technical documents related to the helicopter and certain of its components and systems, (3) helicopter design drawings and other design data, (4) maintenance, inspection, and repairs of the subject helicopter, and (5) circumstances surrounding the subject accident, and (6) plaintiffs' damages, as reflected in, *inter alia*, employment and medical records and other private documents.

Discovery concerning these and other topics will necessitate the disclosure of what each party contends is confidential and sensitive information, such as trade secrets, financial information, and decedents'/plaintiffs' medical and employment records.  Prior to production, no party can effectively evaluate the claims of the other as to the need for protection.  Thus, a means that enables the production of documents at least to the point of evaluating the asserted need

for protection, as well as an order specifying how such documents need to be treated, is required in this case. Moreover, pursuant to the terms of this Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

In essence, in the absence of this Order, the Court would have to evaluate innumerable documents individually, and this task would likely severely burden the Court's processes and slow discovery. As to those documents that are entitled to protection, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of parties or of third parties. A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action. A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

**1.3. Application.** This Order shall govern any information produced in this litigation by any party or third party, in any form (including, but not limited to, documents, magnetic media,

answers to interrogatories, responses to document demands,
responses to requests for admissions, and deposition testimony
and transcripts, when the party producing the information
reasonably believes that the information to be produced contains
private, proprietary, sensitive, trade secret, non-public
financial or medical information. Documents, or portions
thereof, that are considered confidential may be so designated
by marking them, in their entirety, as [DESIGNATING PARTY]
CONFIDENTIAL OR [DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES
ONLY," as hereinafter provided for in this Order.

**1.4. Limitations.** The parties acknowledge that this Order
does not confer blanket protection on all disclosures or
responses to discovery and that the protection it affords
extends only to the information or items that are entitled under
the applicable legal principles to treatment as confidential.

Any Confidential Information that becomes part of an
official judicial proceeding or which is filed with the Court is
public. Such Confidential Information will be sealed by the
Court only upon motion and in accordance with applicable law,
including Rule 5(e) of the Local Rules of this Court.  This
Protective Order does not provide for the automatic sealing of
such Confidential Information.  If it becomes necessary to file
Confidential Information with the court, a party must comply

with Local Civil Rule 5 by moving to file the Confidential
Information under seal.

   **2. DEFINITIONS**

   **2.1. Confidential Information.** "Confidential Information"
means information, documents, or things that have not been made
public by the disclosing party and that the disclosing party
reasonably and in good faith believes contains or comprises (a)
trade secrets, (b) proprietary business information, or (c)
information implicating an individual's legitimate expectation
of privacy.

   Without limitation, Confidential Information may be
contained in the following types of documents and information
derived therefrom: insurance policies, training records,
personnel records, manuals, contracts, correspondence, e-mails,
blueprints, specifications, drawings, engineering notes,
production documents, test reports, certification-related
documents, meeting minutes, meeting notices, presentation
documents, and other types of documents relating to the design,
manufacture, performance, sale, maintenance, and/or use of
commercial or military aircraft and its components and systems.

   For purposes of this section, "trade secrets" means
information, including a formula, pattern, compilation, program,
device, method, technique, or process, that: (1) derives
independent economic value, actual or potential, from not being

generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

For purposes of this section, "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" means Confidential Information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Party.

**2.2. Documents.** As used herein, the term "documents" shall be construed consistently with the definition of the term provided by Local Rule 26(c)(2).

**2.3. Designating Party.** The "Designating Party" is the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY."

**2.4. Producing Party.** The "Producing Party" is the party or non-party that produces documents in this action.

**2.5. Receiving Party.** The "Receiving Party" is the party that receives documents from a Producing Party.

**2.6. Requests to Designate Other Materials as Confidential.** If any party believes a document not falling within the scope of

Paragraph 2.1 should nevertheless be considered Confidential Information, the parties shall meet and confer; and, absent agreement, the party seeking confidential treatment may apply to the Court for an order designating such document as Confidential Information.

**3. INITIAL DESIGNATION**

**3.1. Produced Documents.** A party producing documents that it believes in good faith constitute or contain Confidential Information shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**[DESIGNATING PARTY] CONFIDENTIAL**
**Subject to Protective Order in**
**3:15-cv-01877-AWT**

If the party producing documents reasonably and in good faith believes the documents are so highly sensitive that their disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Party, the producing party may mark such documents or things as follows:

**[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY**
**Subject to Protective Order in**
**3:15-cv-01877-AWT**

These labels shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  Claims of confidentiality will be made only with respect to documents to

which the asserting party has a good faith belief are legally entitled to protection from discovery and disclosure under Federal Rule of Civil Procedure 26(c) and applicable case law.

If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for the asserted protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**3.2. Interrogatory Answers.** If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.1.  The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

**3.3. Inspections of Documents.** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information need be made in advance of the inspection. For the purposes of such inspection, all material inspected shall be considered as Confidential Information.  If the inspecting party selects specified documents to be copied, the Producing Party

shall designate Confidential Information in accordance with subparagraph 3.1 at the time the copies are produced.

**3.4. Deposition Transcripts.** After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential Information. All exhibits previously designated as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" shall retain such designation, regardless of the deposition, subject to paragraph 5 below.  The entire deposition transcript shall be treated as Confidential Information for twenty-one (21) days after receipt.  If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as Confidential Information. If a confidential designation is made, all parties in possession of a copy of a designated deposition transcript shall mark the front of each copy of the transcript with: "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" in accordance with the designation. If all or part of a videotaped deposition is designated as confidential, the videocassette, DVD, and the containers shall also be marked accordingly.

**3.5. Multi-page Documents.** A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential

Information by placing the label specified in subparagraph 3.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 3.1 on each page of the document containing Confidential Information.

**3.6. Electronic Data.** "Electronic data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).  Counsel for the Producing Party will designate Electronic Data as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" in a cover letter identifying the information generally.  When feasible, counsel for the Producing Party will also mark the electronic or magnetic media with the appropriate designation. Whenever any party to whom Electronic Data designated as Confidential Information is produced reduces such material to hardcopy form, such party shall mark the hardcopy form with the label specified in subparagraph 3.1.  Whenever any Confidential Information Electronic Data is copied into another file, all such copies shall also be marked "[DESIGNATING PARTY]

CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS'
EYES ONLY," as appropriate.

To the extent that any party or counsel for any party
creates, develops or otherwise establishes on any digital or
analog machine-readable device, recording media, computers,
discs, networks or tapes any information, files, databases or
programs that contain information designated "[DESIGNATING
PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL
ATTORNEYS' EYES ONLY," that party and its counsel must take all
necessary steps to ensure that access to that electronic or
magnetic media is properly restricted to those persons who, by
the terms of this Order, may have access to Confidential
Information.

### 3.7.  PRODUCTION OF TECHNICAL DATA OR TECHNOLOGY

**3.7.1. Production of Technical Data or Technology.** All
terms, conditions, and restrictions of this Order (including,
but not limited to, provisions applicable to Protected Material)
apply to information designated as Technical Data or Technology,
as further defined below, produced in this litigation by any
party or third party, in any form (including, but not limited
to, documents, magnetic media, answers to interrogatories,
responses to document demands, responses to requests for
admissions, and deposition testimony and transcripts).

**a.** "Technical Data" or "Technology" shall have the same meaning as is given those terms by the International Traffic in Arms Regulations, 22 C.F.R. § 120 et seq. ("ITAR"), which implement the Arms Export Control Act, 22 U.S.C. § 2778, et seq., or the Export Administration Regulations, 15 C.F.R. § 730 et. seq. ("EAR").

**b.** All information that a Producing Party asserts may contain Technical Data or Technology shall be designated as "TECHNICAL DATA" by the Producing Party by stamping such a designation on each page that contains Technical Data, if a document, or by designating such materials in written correspondence to counsel for the other parties, if a portion of a deposition or pleading. The "TECHNICAL DATA" legend shall be placed at a location that does not obscure any information in the source document.

**c.** If a Producing Party inadvertently fails to stamp or otherwise appropriately designate certain documents upon their production, it may thereafter designate such document as Technical Data by promptly giving written notice to all parties that the material is to be so designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Technical Data.  Upon receipt of written notice as provided for herein, the Receiving Party shall then stamp or otherwise mark the original and all

known copies of the documents with the proper designation as described above. In addition, the Receiving Party shall ensure that the information that was inadvertently disclosed is thereafter restricted and handled accordingly under the terms set forth herein.

**d.** If a party other than the Producing Party believes that a Producing Party has produced a document that contains or constitutes Technical Data, the Non-Producing Party may designate the document as Technical Data by so notifying all parties in writing at any time.

**e.** Whenever a party other than the Producing Party designates a document produced by a Producing Party as Technical Data, each party receiving the document shall either add the "TECHNICAL DATA" designation in accordance with paragraph 3 or substitute a copy of the document bearing that designation in accordance with paragraph 3 for each copy of the document produced by the Producing Party.  Each party shall destroy all undesignated copies of the document or return those copies to the Producing Party, at the direction of the Producing Party. No party shall disclose a produced document to any person, other than the persons authorized to receive Technical Data under paragraph 7 of this Order.

**f.** Subject to the terms, conditions, and restrictions of this Order, all information designated as Technical Data shall

-14-

be made accessible only to persons who meet the definition of
"U.S. Person" as set forth in 22 C.F.R. § 120.15 and who fall
within the criteria of paragraphs 7.(a)—(f) of this Order.  All
parties in receipt of information designated as Technical Data,
including their counsel, shall take all necessary steps to
ensure that such documents are not disclosed, exported,
transferred, or otherwise made available, whether in hard copy
or electronic form, to any individual that does not meet the
definition of "U.S. Person" as set forth by 22 C.R.F. § 120.15.
Under no circumstance may Technical Data be exported, whether
electronically, digitally, by hand, e-mail, regular mail,
overnight courier, telephone voice communications, voice mail,
either or both of in-person voice and visual communications
facsimile, or any combination of the above means of
communication, (i) to the countries of, to entities incorporated
in, or to any nationals of China, Vietnam, Afghanistan, Belarus,
Burma, Cote d'Ivoire, Cuba, Cyprus, Democratic Republic of the
Congo, Eritrea, Fiji, Haiti, Iran, Iraq, Lebanon, Liberia,
Libya, North Korea, Somalia, Sri Lanka, The Republic of Sudan,
Syria, Venezuela, and Zimbabwe wherever located, without prior
approval and/or license from the U.S. Department of State or the
U.S. Department of Commerce pursuant to ITAR or EAR, or (ii) in
violation of any such provision of ITAR or EAR. Such approval
and/or license shall be obtained by any persons and/or entities

-15-

requiring same.  The Producing Party accepts no liability for the procurement of or expense of procuring such license.  It shall therefore be the responsibility of each Receiving Party to ensure its compliance with all requirements of ITAR or EAR as concern any information designated as Technical Data, and no party producing such information shall be responsible for any Receiving Party's failure to so comply.  By signing and agreeing to this Stipulation, all parties explicitly agree to this paragraph 3 and its provisions regarding each party's respective responsibility for ITAR and EAR compliance.  No Receiving Party shall assert a claim against any Producing Party for the Receiving Party's failure to comply with any or all requirements of ITAR or EAR.

**g.** Before disclosing any information designated as TECHNICAL DATA to any persons in accordance with paragraph 3.7, other than the parties, their counsel, and Court personnel, disclosing counsel shall advise said persons of the provisions of this Order and shall provide them with a copy of the Order. Except for the parties, their counsel, and Court personnel, such persons shall execute an Agreement to Be Bound by Protective Order ("Agreement to Be Bound") in the form attached hereto as Exhibit A before any information designated as Confidential, Confidential Attorneys' Eyes Only, and/or Technical Data is shown to them.  Execution of the Agreement to Be Bound on behalf

-16-

of an entity binds all employees, agents, and representatives of the entity. Disclosing counsel shall maintain a copy of all Agreements to Be Bound executed by persons receiving Protected Material and/or Technical Data, as well as a list of all persons to whom such information has been disclosed.  Agreements to Be Bound and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court.

**h.** The United States Government is the Producing Party of any information produced by or on behalf of the U.S. Navy. The transmission of any such information between the parties is made exclusively for purposes of facilitating distribution to all parties and shall not constitute a "disclosure."  No party transmitting such information shall be responsible for any Receiving Party's failure to comply with the terms of the Order or Amendment.

**i.** If any third party moves to compel a party to this action to produce any Protected Material or Technical Data, such party shall immediately notify the party who originally produced such information that a motion has been made in order to allow the party who originally produced such information the opportunity to oppose the motion.  Thereafter, the party who originally produced such information shall assume responsibility for preserving or prosecuting any objections to the motion.  In

-17-

addition, if a party is ordered to produce information covered by this Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given to the party that originally produced such information.  Nothing in this Order shall be construed as requiring the party who is ordered to produce such information to challenge or appeal any order requiring the production of such information or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

**j.** In addition to the provisions of Paragraph 9 below, with respect to Technical Data and Technology, counsel for each party shall contact each person to whom that party has provided a copy of any information produced by another party that has been designated as Technical Data or Technology and request that such information be returned or destroyed.  Counsel shall certify as to each person who has been provided any such information that the same has been returned to counsel for the Producing Party or destroyed.

**3.7.2.** Section 3.7.1 and its subparts apply to documents produced by the United States Government and, with respect to other Producing Parties' documents, only to documents that contain the additional "TECHNICAL DATA" legend.

**3.8. Inadvertent Failures to Designate.** If a Producing Party inadvertently fails to stamp or otherwise appropriately

-18-

designate certain documents upon their production, it may thereafter designate such document as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" by promptly giving written notice to all parties that the material is to be so designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" material. If the Producing Party gives such written notice as provided above, their claims of confidentiality shall not be deemed to have been waived by failure to designate properly the information as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" prior to disclosure. Upon receipt of written notice as provided for herein, the Receiving Party shall then stamp or otherwise mark the original and all known copies of the documents with the proper designation as described above. In addition, the Receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" information under the terms set forth herein.

-19-

**3.9. Redactions.** The Producing Party may redact documents (or portions of documents) that are nonresponsive or that contain information that is subject to a claim of privilege (whether based on the attorney-client privilege or work product doctrine), provided that all redactions must be marked with a label identifying the basis on which the material has been redacted, i.e., as "REDACTED - NONRESPONSIVE" or "REDACTED - PRIVILEGED".

**4. DESIGNATIONS BY ANOTHER PARTY**

**4.1. Notification of Designation.** If a party other than the Producing Party believes that a Producing Party has produced a document that contains or constitutes Confidential Information of the non-Producing Party, the non-Producing Party may designate the document as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" by so notifying all parties in writing.

**4.2. Return of Documents; Non-disclosure.** Whenever a party other than the Producing Party designates a document produced by a Producing Party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" designation in accordance with subparagraph 3.1 or substitute a copy of the document bearing that designation in accordance with

-20-

subparagraph 3.1 for each copy of the document produced by the Producing Party.  Each Receiving Party shall return all undesignated copies to the Designating Party unless the Producing Party directs that the copies be returned to the Producing Party. Alternatively, each Receiving Party may elect to destroy all undesignated copies of the document, and must certify in the writing the destruction of the copies to the Designating and Producing Parties.

**5. OBJECTIONS TO DESIGNATIONS**

A party is not obligated to challenge the propriety of a "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so will not preclude a subsequent challenge thereto. In the event that a party disagrees with a designation of "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" that party shall notify the Designating Party in writing of the disagreement.  The objecting party and the Designating Party shall promptly confer in an attempt to resolve their differences. If the Designating Party and objecting party are unable to resolve their differences, the Designating Party shall have twenty-one (21) days thereafter to file a motion seeking the Court's ruling on whether the information should remain designated as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS'

EYES ONLY." Consistent with paragraph 1.4 above, and Local Rule 5(e), the contested material shall be lodged with the Court under seal. The burden of proving that the information has been properly designated as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY", based on the standards for such designations set forth herein, is on the Designating Party. All documents initially designated as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" shall continue to be subject to this Order unless and until the Court rules otherwise.

**6. CUSTODY**

During the pendency of this litigation (including any appeals) and for ninety (90) days after the conclusion of this litigation, all Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the Receiving Party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1 or by the Judge. Paragraph 9 addresses in more detail handling of Confidential Information after the conclusion of this litigation.

**7. HANDLING PRIOR TO TRIAL**

**7.1 Authorized Disclosures.** Confidential Information may be used only for the above-captioned action.

**7.1.1. Materials designated** "[DESIGNATING PARTY] CONFIDENTIAL" shall only be disclosed to the following persons. Before disclosing Confidential Information to any of the following persons, counsel shall ensure that the persons receiving Confidential Information are aware of the terms of this Order and agree to comply with those terms.

**a.** Attorneys appearing as counsel of record in these proceedings and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

**b.** Counsel's third-party consultants and independent experts (and their agents and employees) who are employed for the purposes of this litigation;

**c.** Parties to this litigation, limited to the named party and if that party is a corporate entity, those former or current officers, directors, employees, in-house counsel, and insurers whose assistance is required for purposes of the litigation and who must have access to the materials to render such assistance;

**d.** Any deponent, during his or her deposition, who is the Designating Party or a current employee or member of the Designating Party (or any person who prepared or assisted directly in the preparation of the [DESIGNATING PARTY] CONFIDENTIAL material);

**e.** Any other deponent as to whom there is a legitimate need to disclose particular materials for purposes of identifying or explaining it or refreshing recollection;

**f.** Fact witnesses or potential percipient witnesses at or in preparation for deposition or trial;

**g.** Outside vendors employed by counsel for copying, scanning and general handling of documents;

**h.** Persons or entities that provide litigation support services in connection with the taking of depositions, including necessary stenographic, videotape, and clerical personnel; and

**i.** The Court and Court's Staff to whom materials are submitted as evidence or in connection with a motion or opposition regarding the materials, subject to Local Rule 5(e).

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation.  Information designated as "[DESIGNATING PARTY] CONFIDENTIAL" shall not be disclosed to persons described in Paragraphs 7.1.1(b), 7.1.1(e), or 7.1.1(f) unless and until such persons are provided a copy of this Order, represent that they have read and understand the provisions of this Order, are advised by the disclosing counsel that they are bound by the provisions of this Order and execute an Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto as Exhibit A.  The originals of such Confidentiality Agreements shall be maintained

-24-

by the counsel who obtained them until the final resolution of this litigation. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

**7.1.2.** Confidential Information designated as "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

**a.** Counsel of record in this action, and counsel's employees working under their supervision to whom it is reasonably necessary that the material be shown for purposes of this litigation;

**b.** One designated member of the in-house general counsel staff of the non-individual party receiving the information, as well as counsel of the party's insurer, who is not involved in competitive decision-making on behalf of the party;

**c.** Outside vendors employed by counsel for copying, scanning and general handling of documents;

**d.** The Court and Court personnel and stenographic reporters at depositions taken in this litigation or otherwise during the taking of testimony at a hearing and/or trial; and

**e.** Such other persons as may be designated by written agreement of the parties or by Court order.

It shall be the duty of the parties to ensure that each person given access to "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" material, as defined herein, be made aware of the provisions of this Order. Information designated "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than the individuals specified in this paragraph.  Additionally, information designated as "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed to persons described in Paragraphs 7.1.2(b) or 7.1.2(e) unless and until such persons are provided a copy of this Order, represent that they have read and understand the provisions of this Order, are advised by the disclosing counsel that they are bound by the provisions of this Order and execute a Confidentiality Agreement in substantially the form attached hereto as Exhibit A.

**7.1.3.** Nothing in this Order shall prohibit a party or its counsel from disclosing [DESIGNATING PARTY] CONFIDENTIAL or [DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY material to (a) the person(s) who authored the document or material; (b) persons who previously received the document or material or a copy thereof not in violation of this Order; (c) persons employed by the Producing Party; or (d) any other person or entity, provided that, with respect to that person or entity,

the Producing Party and Producing Party's counsel first approve
such disclosure in writing.

**7.2. Additional Protection.** If a Designating Party believes
that the disclosure and handling procedures provided for in this
Order are not sufficient, nothing herein waives, and indeed the
Designating Party shall follow, the procedures of Local Rule 37
and Federal Rule of Civil Procedure 26(c) for seeking enhanced
protection.

**7.3. Unauthorized Disclosures.** If Confidential Information
is disclosed to any person other than in the manner authorized
by this Order, the party or person responsible for the
disclosure, and any other party or person who is subject to this
Order and learns of such disclosure, shall immediately bring
such disclosure to the attention of the Designating Party.
Without prejudice to other rights and remedies of the
Designating Party, the responsible party or person shall make
every effort to obtain the return of the Confidential
Information and to prevent further disclosure, and any other
unauthorized use of the Confidential Information, on its own
part or on the part of the person who was the unauthorized
recipient of such information.

**7.4. Court Filings.** As set forth above, if it becomes
necessary to file Confidential Information with the Court, a

party must comply with Local Civil Rule 5 by moving to file the Confidential Information under seal.

### 8. HANDLING DURING TRIAL

Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions as imposed by the trial court upon application by the Designating Party.  Notwithstanding the foregoing, TECHNICAL DATA shall be the subject of a further and separate agreement of the parties or Order of the Court.

### 9. HANDLING AFTER DISPOSITION

Within 90 days of the conclusion of this litigation (including any appeals), the Designating Party may request that any or all Confidential Information be returned to the Designating Party.  After receiving a request to return, the Receiving party at its option may destroy Confidential Information instead of returning it to the Designating party, but must so notify the Designating Party in writing.  The request for return shall specifically identify the documents or things to be returned if return of less than all Confidential Information is requested.  If the Receiving Party chooses to return, rather than destroy the Confidential Information requested, the attorney for the Receiving Party shall collect, assemble and return within 60 days all such Confidential Information, including all copies and extracts thereof in the

possession of the Receiving Party, its counsel or other authorized recipients, but not including extracts or summaries that contain or constitute attorney work product.  If such work product is retained, however, the Confidential Information contained herein will continue to be controlled by this Order, and the Receiving Party hereby expressly consents to the continued jurisdiction of the Court to adjudicate all claims concerning the Confidential Information. Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested.

In addition to the above provisions, with respect to Technical Data and Technology, counsel for each part shall contact each person to whom that party has provided a copy of any information produced by another party that has been designated as Technical Data or Technology and request that such information be returned or destroyed.  Counsel shall certify as to each person who has been provided any such information that the same has been returned to counsel for the Producing Party or destroyed.

### 10. USE OF CONFIDENTIAL INFORMATION

Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending or settling this litigation.  In no event shall Confidential Information be used for any business,

-29-

competitive, personal, private, public or other purpose, except as required by law.  Documents that are to be protected under this Order contain information which the parties contend is confidential including research, development, and commercial information that is valuable in the parties' respective businesses.  In this case, the good cause for keeping these documents confidential includes the need to preserve the parties' current and/or future competitive advantage.  If third parties gain access to the Confidential Information, there are a presumption on a case-by-case basis that the parties' businesses would suffer specific prejudice or harm because their competitive advantage would be compromised or lost.  This finding of prejudice is made for the purpose of complying with Standard Inv. Chartered, Inc. v. Financial Industry Regulatory Auth. Ind., 347 Fed. Appx. 615, 2009 WL 2778447 (2nd Cir. 2009).

**11. NO IMPLIED WAIVERS**

The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, nor the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted

as a waiver of any claim or position or defense in this action, or any other actions.

### 12. MODIFICATION

In the event any party hereto seeks a Court order to modify the terms of this Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.  The Court may modify the Order in the interests of justice or for public policy reasons.

### 13. CARE IN STORAGE

Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

### 14. NO ADMISSION

Neither this Order nor the designation of any item as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

**15. NO APPLICATION**

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that (a) at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or (b) at the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available. Furthermore, nothing in this Order shall preclude any party to this Order from disclosing or using any information or documents not obtained pursuant to discovery, even though the same information or documents may have been produced by a party and designated as "[DESIGNATING PARTY] CONFIDENTIAL" or "[DESIGNATING PARTY] CONFIDENTIAL ATTORNEYS' EYES ONLY" material.

**16. INADVERTENT PRODUCTION**

Nothing in this Order abridges applicable law concerning inadvertent production of a document that the Producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

**17. PARTIES' OWN DOCUMENTS**

This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this

Order shall preclude any party from voluntarily disclosing its own documents or information to any party or non-party.

**18. NO EFFECT ON OTHER RIGHTS**

**18.1.**  This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

**18.2 No Effect on Other Obligations.**  This Order shall not enlarge or affect the proper scope of discovery in this litigation, nor shall this Order imply that confidential material is properly discoverable, relevant or admissible in this litigation. Each party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Confidential Information on any other ground it may deem appropriate.  Neither the entry of this Order, nor the designation of any material as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation.

**18.3. No Prejudice to Other Protections.** The entry of this Order shall be without prejudice to the rights of the parties or of any non-party to assert or apply for additional or different protection.

**19. EXECUTION IN COUNTERPARTS**

This Stipulation and Protective Order may be executed in counterparts. Facsimile signatures will be considered as valid signatures as of the date hereof.

**20. EFFECT OF ORDER**

**20.1.** All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees and agents comply with this Order. In the event of a change in counsel, retiring counsel shall fully provide new counsel with a copy of this Order.

**20.2.** This Order is binding on all persons and entities to this action and on all parties who have agreed to be bound by this Order, and shall remain in full force and effect until modified, superseded or terminated by consent of the parties or by Order of Court. Accordingly, all persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of the Court, to the extent that jurisdiction already has been fully and finally established over the party defendant, for the purposes of enforcing this Order and remedying any violation thereof. To the extent that jurisdiction has not been so established, the party defendant consents to the jurisdiction of the Court solely for the purposes of enforcement of the terms of this Order, and said party's agreement to the terms of this

-34-

Order does not constitute a waiver of the party's right to object to the general jurisdiction of the Court in this or any other action.


It is so ordered.

    Dated this 27th day of October, 2016, nunc pro tunc June 13, 2016, at Hartford, Connecticut.



                                    _____/s/_____
                                    Alvin W. Thompson
                                    United States District Judge


**STIPULATED AND AGREED TO BY:**

**<u>Defendants</u>**

**By** __/S/  Garret Fitzpatrick_____  **Date: 6/10/16**

Garrett Fitzpatrick, Esq.
Paul N. Bowles III, Esq.
Fitzpatrick & Hunt, Tucker, Pagano, Aubert, LLP

Frank Usseglio, Esq.
Kenny, O'Keefe & Usseglio, P.C.
*Attorneys for Sikorsky Aircraft Corporation and Sikorsky Support*
*Services, Inc. dba Sikorsky*
*Aerospace Services;*

**By** __/S/ Kevin M. Smith_____  **Date: 6/10/16**

Kevin M. Smith, Esq. (ct24774)
Erik H. Beard, Esq. (ct26941)
Wiggin and Dana LLP

*Attorneys for General Electric Co.*

**By**  /S/ Diane Westwood Wilson_____**Date: 6/10/16**

Diane Westwood Wilson, Esq. (ct25376)
Dentons US LLP
-and-
Lisa Savitt, Esq.
The Axelrod Firm, PC

*Attorneys for E. I. du Pont de Nemours and Company*

**By**  /S/ Steven E. Arnold_____**Date: 6/10/16**

Steven E. Arnold, Esq. (ct07966)
SA Law, P.C.

*Attorneys for L-3 Communications Corporation*


**<u>Plaintiffs</u>**

**By**   /S/ Francis G. Fleming_____**Date: 6/10/16**

Francis G. Fleming, Esq. (*pro hac vice* pending)
Andrew J. Maloney, Esq. (ct15639)
Robert J. Spragg, Esq.
Kevin J. Mahoney, Esq.

Kreindler & Kreindler LLP

*Attorneys for Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne*
*Collins, and Dylan Morgan Boone*