UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as Surviving Spouse and Personal Representative for the Estate of LT J Wesley Van Dorn, USN, Deceased; | No. 3:15-cv-01877-AWT |
| Amy Snyder, as Surviving Spouse and Personal Representative for the Estate of LT Sean Christopher Snyder, USN, Deceased; | |
| Cheyenne Collins, as Surviving Spouse and Personal Representative for the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, Deceased; and | **JOINT STATUS REPORT** |
| Petty Officer 2nd Class Dylan Morgan Boone, USN, | |
| Plaintiffs, | December 1, 2016 |
| - Against - | |
| Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services; | |
| General Electric Company; | |
| E.I. du Pont de Nemours & Co.; and | |
| L-3 Communications Corporation, | |
| Defendants. | |

The parties respectfully submit this Joint Status Report as stipulated in the Parties' Form 26(F) Report of Parties' Planning Meeting (Doc. No. 43 pp. 11-12).

This action arises from the crash of a United States Navy MH-53E helicopter eighteen miles off the coast of Virginia on January 8, 2014. The plaintiffs consist of the surviving spouses of the three deceased serviceman on board ("the Wrongful Death Plaintiffs"), as well as a surviving

1

crewman, who was seriously injured in the crash. Plaintiffs' Complaint sounds in strict products liability and negligence and alleges that Defendants, Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services (collectively "Sikorsky"), General Electric Company ("GE"), E.I. du Pont de Nemours and Company ("DuPont") and L-3 Communications Corporation ("L-3") are liable for the explosion and the damages suffered by Plaintiffs as manufacturers, sellers, or maintainers of the subject helicopter or its component parts.

## RELEVANT PROCEDURAL HISTORY

Pursuant to this Court's Minute Order dated August 11, 2016, (Doc. No. 90), Plaintiffs filed their Third Amended Complaint on August 25, 2016. (Doc. No. 91).

On October 27, 2016, Defendants GE and L-3 moved to dismiss and strike Plaintiffs' Third Amended Complaint (Doc. Nos. 103, 105). Their motion papers argue: (1) Plaintiffs' claims are governed exclusively by the Death on the High Seas Act ("DOHSA"), 46 U.S.C. 30301, *et seq.* or General Maritime Law and, therefore, the Court should dismiss the Wrongful Death Plaintiffs' "non-DOHSA wrongful death claims" and Plaintiff Boone's state law-personal injury claims, "and strike any damages non permitted under general maritime law because state law has no application to" such claims; and (2) the Court should strike "Plaintiffs' claim for a jury trial because jury trials are not permitted in admiralty cases, whether under DOHSA or general maritime law."

On October 27, 2016, Defendant DuPont moved to dismiss Plaintiffs' Third Amended Complaint for lack of personal jurisdiction. (Doc. No. 107). DuPont argues: (1) this Court does not have general personal jurisdiction over DuPont because Plaintiffs "fail to allege that DuPont, a Delaware corporation with its principle place of business in Delaware, is 'essentially at home' in Connecticut."; (2) "[T]he Third Amended Complaint fatally fails to identify the Connecticut long-arm statutes that purportedly provide a basis for the exercise of specific jurisdiction over

DuPont in Connecticut."; and (3) "[T]he exercise of jurisdiction over DuPont would not comport with Due Process."

Pursuant to a joint motion for extension of time that was granted on November 14, 2016, (Doc. No. 113), Plaintiffs have until December 8, 2016, to file their opposition to GE's, Dupont's and L-3's motions. GE, DuPont, and L-3 will have until January 12, 2017 to reply.

Plaintiffs anticipate requesting jurisdictional discovery in response to DuPont's motion to dismiss for lack of personal jurisdiction. DuPont anticipates taking the position that Plaintiffs are not entitled to jurisdictional discovery.

Defendant Sikorsky has reached a settlement in principle with Plaintiffs. On October 27, 2016, this Court granted Sikorsky's assented to motion for extension of time to respond to Plaintiffs' Third Amended Complaint. Sikorsky presently has until January 25, 2017, to respond to Plaintiffs' Third Amended Complaint.

## TOUHY REQUEST AND DISCOVERY

In the Parties' initial Form 26(F) Report of Parties' Planning Meeting (Doc. No. 43 p. 11-12), the Parties agreed that "due to the uncertainty surrounding the timing of the government's compliance with the *Touhy* requests, the parties propose further conferring and filing a status report with the Court, relating to all remaining discovery and pretrial deadlines by December 1, 2016."

On October 7, 2016, the parties submitted joint *Touhy* requests to branches of the U.S. military, including the Navy, in order to obtain necessary evidence for this case. The parties anticipate it will take several months for the U.S. military to respond to their *Touhy* requests. So far, the Parties have received confirmation from the U.S. Air Force that the request has been received but the Air Force raised some questions and the parties need to respond. As noted previously, the time required to locate and identify documents and physical evidence that may be

used to support claims or defenses will be substantial and likely will require the Court to compel the production of numerous documents by the military. As a consequence, uncertainty regarding when and if the U.S. military will fully comply with the requests remains.

Regarding discovery, Plaintiffs are presently drafting initial discovery requests regarding liability. Plaintiffs, Sikorsky, GE and L-3 have provided initial disclosures. Defendant DuPont provided initial disclosures addressing its lack of contacts with the State of Connecticut as relevant to its position that the Court may not permissibly exercise personal jurisdiction over DuPont in this action.

## OTHER MATTERS

### *GE's Request for Pre-Argument Conference Regarding Summary Judgment*

In the parties' joint status report submitted on September 15, 2016, (Doc. No. 96, p. 4), GE "in accordance with the Court's Chambers Rules, reflecting an interest in pre-argument conferences for dispositive motions, . . . request[ed] that the Court schedule a conference at its earliest convenience to discuss GE's intended summary judgment motion." The Court granted GE's request. The telephonic conference is presently scheduled for December 5, 2016, at 4:30 p.m.

### *Settlement*

The Sikorsky Defendants have reached a settlement in principle with Plaintiffs, who are presently reviewing a draft release agreement. In addition, Plaintiffs are also engaged in settlement discussions with DuPont, GE, and L-3.

Respectfully Submitted,

Dated:   December 1, 2016

**Plaintiffs**

**By**   /S/   Francis G. Fleming

Francis G. Fleming, Esq. (ct30032)
Andrew J. Maloney (ct15639)
Kreindler & Kreindler LLP

*Attorneys for Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne Collins, and Dylan Morgan Boone*

**Defendants**

**By**   /S/   Paul N. Bowles III

Paul N. Bowles III, Esq. (pro hac vice)

Fitzpatrick & Hunt, Tucker, Pagano, Aubert, LLP

Frank Usseglio, Esq.
Kenny, O'Keefe & Usseglio, P.C. (ct04331)

*Attorneys for Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;*

**By**   /S/ Kevin M. Smith

Kevin M. Smith, Esq. (ct24774)
Erik H. Beard, Esq. (ct26941)
Wiggin and Dana LLP

5

*Attorneys for General Electric Co.*

**By**   /S/ Diane Westwood Wilson

Diane Westwood Wilson, Esq. (ct25376)
Dentons US LLP

Lisa Savitt, Esq. (*pro hac vice*)
The Axelrod Firm, PC

*Attorneys for E. I. du Pont de Nemours and Company*

**By**   /S/    Steven E. Arnold

Steven E. Arnold, Esq. (ct07966)
SA Law, P.C.

*Attorneys for L-3 Communications Corporation*

## CERTIFICATION

I hereby certify that on this 1st day of December, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electric filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Francis G. Fleming
FRANCIS G. FLEMING