## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as surviving spouse and personal representative for the Estate of LT J. Wesley Van Dorn, USN, deceased; | |
| Amy Snyder, as surviving spouse and personal representative for the Estate of LT Sean Christopher Snyder, USN, deceased; | **Docket No. 3:15-cv-01877-AWT** |
| Cheyenne Collins, as surviving spouse and personal representative for the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and | **Plaintiffs' Memorandum of Law in Opposition to the Motions to Dismiss and to Strike Plaintiffs' Jury Demand of Defendants General Electric Company and L-3 Communications Corporation** |
| Petty Officer 2nd Class Dylan Morgan Boone, USN, | |
| Plaintiffs, | |
| - against - | |
| Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services; General Electric Company; E.I. du Pont de Nemours and Company; and L-3 Communications Corporation, | |
| Defendants. | |

**KREINDLER & KREINDLER LLP**
Francis G. Fleming, Esq. (CT 30032)
Andrew J. Maloney, Esq. (CT 15639)
750 Third Avenue
New York, New York 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432
Email: ffleming@kreindler.com
Email: amaloney@kreindler.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   FACTS ................................................................................................................. 1

III.  ARGUMENT ....................................................................................................... 4

    A.  Motions to Strike Are Infrequently Granted. ...................................................... 4

    B.  Defendants' Motions Are Premature ................................................................... 5

    C.  Plaintiffs May Invoke State Law to Supplement Their Maritime Claims. .......... 6

    D.  This Entire Case Should Be Tried to a Jury ......................................................... 9

IV.  CONCLUSION ................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................. 4

*Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485 (S.D.N.Y. 2009) .................... 4

*Cummings v. Bradley*, No. 3:11CV00751, 2013 W.L. 1149985 (D. Conn. 2013) ......... 4

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) ....................................... 4

*Dooley v. Korean Air Lines Co.*, 524 U.S. 116 (1998) .................................................... 7

*Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16 (1963) ........................................................... 9

*Graboff v. The Collern Firm*, No. 10-1710, 2010 WL 4456923 (E.D. Pa. Nov. 8, 2010) .............. 5

*Icelandic Coast Guard v. United Technologies Corp.*, 722 F. Supp. 942 (D. Conn. 1989) ........... 8

*In re Air Crash Off Long Island, New York, on July 17, 1996*,
  209 F.3d 200 (2d Cir. 2000) ........................................................................................ 8

*In re Consolidation Coal Company v. Consolidated Coal Company, Inc.*,
  228 F. Supp. 2d 764 (N.D. W. Va. 2001) ...................................................................... 6

*In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*,
  836 F.2d 750 (2d Cir. 1988) ........................................................................................ 9

*In re Great Lakes Dredge & Dock Co.*, 895 F. Supp. 604 (S.D.N.Y. 1995) .................................. 9

*In re Horizon Cruises Litig.*, 101 F. Supp. 2d 204 (S.D.N.Y. 2000) ............................................... 6

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995)...................... 6

*Kunkel v. Motor Sport, Inc.*, 349 F. Supp. 2d 198 (D.P.R. 2004)..................................................... 7

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001) ............................................................. 9

*Mayer v. Cornell University, Inc.*, 909 F. Supp. 81 (N.D.N.Y. 1995)............................................. 9

*Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832 (11th Cir. 2010). ............... 6

*McLean v. Carnival Corp.*, No. 12-24295-CIV, 2013 WL 1024257 (S.D. Fl. March 14, 2013) ... 4

*Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618 (1978) ................................................................. 7

*Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970) .......................................................... 8

*Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207 (1986)....................................................... 6, 7

*Pope & Talbot v. Hawn*, 346 U.S. 406, 409 (1953).......................................................................... 6

*Ricci v. Destefano*, No. 3:04 CV 1109, 2006 WL 2666081 (D. Conn. Sept. 15, 2006). ............... 4

*Southern Pacific Co. v. Jensen*, 244 U.S. 205 (1917)....................................................................... 6

*Speedmark Transp., Inc. v. Mui*, 778 F. Supp. 2d 439 (S.D.N.Y. 2011) ........................................ 5

*Sphere Drake Ins. PLC v. J. Shree Corp.*, 184 F.R.D., 258 (S.D.N.Y. 1999) ............................... 9

*Szollosy v. Hyatt Corp.*, 396 F. Supp. 2d 147 (D. Conn. 2005)....................................................... 6

*Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996) .................................................... 6

*Woosley v. Mike Hooks, Inc.*, 603 F. Supp. 1190 (W.D. La. 1985)............................................... 10

 **Statutes**

28 U.S.C. 1333..................................................................................................................................... 9

46 U.S.C. § 30301 ....................................................................................................... *passim*

46 U.S.C. § 30307......................................................................................................... 7

**Rules**

Federal Rule of Civil Procedure Rule 12.......................................................................... 4, 7, 9

**Other Authorities**

Charles Alan Wright &  Arthur R. Miller, Federal Practice & Procedure...................................... 4

Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne Collins and Petty Officer 2nd Class Dylan Morgan Boone, USN, ("Plaintiffs") submit this memorandum of law in opposition to the motions of defendants General Electric Company ("General Electric") and L-3 Communications Corporation ("L-3") to dismiss and strike Plaintiffs Third Amended Complaint (Doc. Nos. 103, 105).

## I.   INTRODUCTION

Defendants General Electric and L-3 do not assert that Plaintiffs' Third Amended Complaint ("the Complaint") (Doc. No. 91) fails to state a claim upon which relief can be granted. Rather, they demand that this Court strike or "dismiss" all references to state law relief in the Complaint as well as Plaintiffs' request for a jury trial. Defendants' argument is both unwarranted and premature. Motions to strike are infrequently granted, especially at the pleadings stage. Moreover, courts sitting in admiralty routinely look to state law to enlarge available remedies to plaintiffs. Indeed, plaintiffs have the right under 28 U.S.C. § 1333(1)'s "saving-to-suitors" clause to obtain "all other remedies to which they are otherwise entitled." The Supreme Court has held such remedies include a trial by jury. Because this case is at the pleadings stage, this Court need not yet make involved choice-of-law decisions without full briefing by all parties. Defendants' motions to strike or "dismiss" Plaintiffs' invocation of applicable state law and request for a jury trial should therefore be denied.

## II.   FACTS

This case arises from the crash of a Sikorsky MH-53E helicopter ("the subject helicopter") off the coast of Virginia on January 8, 2014 ("subject crash"). Plaintiffs Nicole Van Dorn, Amy Snyder and Cheyenne Collins ("the Wrongful Death Plaintiffs") assert wrongful death and survival

claims arising from the crash and deaths of each of their husbands. Petty Officer 2nd Class Boone, who survived the crash, alleges personal injury claims.

The Complaint alleges that General Electric designed, manufactured and tested the subject helicopter's engines, including the interface between the engines and the subject helicopter's fuel and electrical systems, and that L-3 inspected, maintained and overhauled the subject helicopter. The Complaint further alleges that the crash was caused in part by General Electric's failure to properly design, manufacture and service the subject helicopter's engines and fuel system, as well as the interface between the engines and fuel system. *Complaint*, ¶ 98. Plaintiffs also allege that General Electric had a duty to warn of the potential dangers inherent in the design of the helicopter's engines and fuel system, particularly the dangers posed by the deterioration or damage of electrical wiring adjacent to the fuel lines that play an essential role in powering the subject helicopters' three engines. *Id.* ¶ 101. The Complaint asserts that General Electric was aware of such issues by at least 1999, when a similar on-board fire occurred in a nearly identical CH-53E helicopter. *Id.* ¶ 71.

Regarding L-3's liability, the Complaint asserts that during an October 2012 inspection and afterwards, L-3 learned that loose and defective wiring was routed throughout the subject helicopter and, thereafter, failed to ensure a proper safe distance between the subject helicopter's fuel transfer tubes and that wiring. *Id.* ¶ 145(a)-(c). The Complaint contends that L-3 failed to adequately warn users, operators and maintainers of the subject helicopter of the risk of onboard fires posed by the failure to remediate loose and deteriorating wiring located adjacent to the subject helicopter's fuel systems. *Id.* ¶ 145(a).

The Complaint seeks relief for the Wrongful Death Plaintiffs under the Death on the High Seas Act, 46 U.S.C. § 30301, *et seq.* as well as all available damages under general maritime law

and applicable state law, including damages for sorrow, mental anguish and solace, pre-death pain and suffering, loss of income, services, protection care and assistance of the deceased, medical expenses and funeral expenses. *Complaint*, ¶¶ 117, 165   Plaintiff Boone seeks relief for his personal injuries pursuant to general maritime law and applicable state law, including medical expenses, mental anguish, pain and suffering and loss of income. *Id.* ¶¶ 116, 164.

Defendants General Electric and L-3 ask this Court to dismiss or strike Plaintiffs' state law claims and request for a jury trial.  As an initial matter, these motions are premature.  Defendants are on notice of the claims that were properly asserted against them and do not dispute that Plaintiffs' Complaint states claims upon which relief can be granted.  Consequently, this Court need not yet decide complex choice-of-law issues.

Furthermore, Plaintiff Boone's claim is governed by general maritime law, which can be supplemented with state law so long as it does not contravene maritime principles.  In addition, 28 U.S.C. § 1333(1)'s "saving to suitors" clause gives plaintiffs the right to preserve available state law remedies in admiralty actions.  These remedies include state law damages and a jury trial.  Accordingly, Plaintiff Boone has preserved his right to a jury trial.  The Wrongful Death Plaintiffs also submit that, given recent amendments to DOHSA regarding commercial aviation disasters, they should be permitted to supplement their claims with state law remedies consistent with maritime principles.  Furthermore, Supreme Court precedent and interests of fairness and efficiency permit this case to be decided in a single proceeding before a jury.  Defendants do not have a right to a bench trial in this matter.

Therefore, Plaintiffs respectfully request that Defendants' motions to strike or "dismiss" parts of the Complaint be denied.

3

III.   **ARGUMENT**

   A. **Motions to Strike Are Infrequently Granted.**

   To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only allege sufficient facts that, when taken as true, give rise to a facially plausible claim of relief. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110 - 11 (2d Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A 12(b)(6) motion "applies to *claims*, not to requests for a certain type of damages that are merely relief demanded as part of a claim." *McLean v. Carnival Corp.*, No. 12-24295-CIV, 2013 WL 1024257, at *6 (S.D. Fl. March 14, 2013). Defendants do not contend that the Complaint improperly asserts claims under DOHSA and general maritime law; rather, they move to strike or "dismiss" the Complaint's references to state law remedies and Plaintiffs' request for a jury trial. Plaintiffs' requests for state law relief and a jury trial should not be disposed of at the pleading stage of their case.

   Defendants' motions are governed by Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) motions to strike are viewed with disfavor and "infrequently granted." *Ricci v. Destefano*, No. 3:04 CV 1109, 2006 WL 2666081, at *1 (D. Conn. Sept. 15, 2006) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380). A motion to strike "will be denied unless the matter asserted clearly has no bearing on the dispute or the matter is significantly prejudicial to one of the parties." *Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 489 (S.D.N.Y. 2009). Although infrequently done, a court may in its discretion strike the contents of a pleading when it contains "'any insufficient defense or any redundant, immaterial,

4

impertinent or scandalous matter.'" *Cummings v. Bradley*, No. 3:11CV00751, 2013 W.L. 1149985, at * 1 (D. Conn. 2013) (quoting Fed. R. Civ. P. 12(f)).

Here, Plaintiffs' claims for state law remedies and a jury trial bear directly on the dispute between the parties. Plaintiffs requests are certainly not prejudicial to the defendants, especially at this stage of the case. Therefore, Defendants' motions should be denied.

### B. Defendants' Motions Are Premature.

Maritime law and the law of at least four different states are potentially relevant to the present case. Plaintiffs are residents of Virginia and California. General Electric is a New York corporation with its principal place of business in Connecticut. L-3 is a Delaware corporation with its principal place of business in New York. Defendant E.I. du Pont et Nemours & Co. is a Delaware corporation with its principal place of business in Delaware. The subject helicopter was manufactured in Connecticut by Sikorsky Aircraft Corporation, a Delaware corporation, and the subject crash occurred off the coast of Virginia. Accordingly, a choice-of-law decision will inevitably have to be made by this Court. That determination requires discovery and full briefing by all parties, including defendant DuPont, who has not joined this motion. *See Speedmark Transp., Inc. v. Mui*, 778 F. Supp. 2d 439, 444 (S.D.N.Y. 2011) ("[A] choice-of-law determination is premature on this motion to dismiss, since the record lacks facts necessary to conduct the context-specific [analysis]."); *see also Graboff v. The Collern Firm*, No. 10-1710, 2010 WL 4456923, at *8 (E.D. Pa. Nov. 8, 2010) ("Due to the complexity of this analysis, when confronted with a choice of law issue at the motion to dismiss stage, courts . . . have concluded that it is more appropriate to address the issue at a later stage in the proceedings."). Consequently, Defendants' request that this Court make such a determination at this early juncture should be denied.

**C. Plaintiffs May Invoke State Law to Supplement Their Maritime Claims.**

Defendants argue that admiralty law entirely preempts otherwise available state law rules and remedies.  However, a court's "exercise of admiralty jurisdiction does not result in automatic displacement of state law," *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 545 (1995).   To the contrary, where no "comprehensive tort recovery regime" exists over a tort action arising under maritime law, state law may provide remedies not otherwise available in admiralty.  *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 200 (1996) (permitting the application of Pennsylvania law in maritime wrongful death case).   Thus, courts sitting in admiralty are free to apply state law where no federal statute speaks to an issue, and state law neither "contravenes a characteristic feature of the general maritime law," nor interferes with maritime uniformity.  *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 841 (11th Cir. 2010) (citing *S. Pac. Co v. Jensen*, 244 U.S. 205, 216 (1917)).  Moreover, the "saving-to-suitors" clause contained in 28 U.S.C. § 1333(1) explicitly gives plaintiffs in maritime cases the right to preserve all "remedies to which they are otherwise entitled," i.e. damages recoverable under state law.  *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222 (1986) ("[A] state having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents, as it sees fit so long as it does not attempt to . . . make changes in the substantive maritime law." (alterations omitted) (internal quotation marks omitted)).

The cases cited by Defendants acknowledge these steadfast maritime principles.  *See, e.g.*, *Pope & Talbot v. Hawn*, 346 U.S. 406, 409 (1953) (noting state law may "supplement federal maritime policies"); *Szollosy v. Hyatt Corp.*, 396 F. Supp. 2d 147, 153 (D. Conn. 2005) (observing state law may be applied "where admiralty is silent."); *In re Horizon Cruises Litig.*, 101 F. Supp. 2d 204, 212 (S.D.N.Y. 2000) ("[O]therwise applicable state law may supplement the measure of

damages available under maritime law."). Indeed, district courts routinely apply state law damages in maritime personal injury cases. In *In re Consolidation Coal Company v. Consolidated Coal Company, Inc.*, 228 F. Supp. 2d 764, 772 (N.D. W.Va. 2001), for example, a case brought under the Jones Act, the court permitted the plaintiffs to assert a loss of consortium claim under West Virginia law. *See also Kunkel v. Motor Sport, Inc.*, 349 F. Supp. 2d 198, 208 (D. P.R. 2004) (permitting the plaintiff to invoke Puerto Rican law in seeking recovery for loss of consortium.).

Furthermore, nothing about the Complaint's references to state law are "scandalous" or "immaterial." Fed. R. Civ. P. 12(f). Plaintiff Boone has a right to invoke state law remedies to the extent they do not contravene maritime law. This Court may make an appropriate choice-of-law determination at a later stage in this litigation, when it can be fully briefed by all parties. Presently, however, references to state law cannot be tidily removed from the Complaint.

While no federal statute applies to Plaintiff Boone's personal injury case, the Wrongful Death Plaintiffs' claims are governed by DOHSA. Nonetheless, the Wrongful Death Plaintiffs' state law claims should not be struck from the Complaint.

Prior to 2000, the Supreme Court had ruled that DOHSA could not be supplemented by state law wrongful death or survival statutes or by a general maritime survival action. In *Offshore Logistics*, 477 U.S. at 227, for example, the Supreme Court reasoned that such application of state law would disrupt admiralty's strong interest in uniformity. Since DOHSA limited survivors to their pecuniary losses, conflicting state wrongful death law providing greater damages could not apply. *Id.* at 232. *See also Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123 - 24 (1998); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 624 (1978).

However, after these cases were decided, Congress amended DOHSA to allow survivors of victims of commercial aviation crashes to recover damages for loss of care, comfort and

companionship.  *See* 46 U.S.C. § 30307(b) ("If the death resulted from a commercial aviation accident occurring on the high seas beyond 12 nautical miles from the shore of the United States, additional compensation is recoverable for nonpecuniary damages, but punitive damages are not recoverable.").  The 2000 amendment was passed in response to the TWA Flight 800 mid-air explosion off the coast of New York.  Congress acted to eliminate the drastic restrictions on recovery for non-pecuniary losses under DOHSA for deaths that had no relationship to the traditional maritime activities that were the original subject of the Act.  The Second Circuit noted that when drafting DOHSA in 1920, Congressional focus was on those who worked on the seas and provided pecuniary support to their families through that work.  *See In re Air Crash Off Long Island, New York, on July 17, 1996*, 209 F.3d 200, 203 (2d Cir. 2000).

Given that DOHSA now expressly permits survivors of passengers of commercial aircraft to recover non-pecuniary damages, state law claims providing the same form of damages to families of deceased military service members no longer directly conflict with DOHSA.  To the contrary, permitting Plaintiffs to supplement their DOHSA claims with Connecticut law providing recovery for loss of care, comfort, and companionship comports with admiralty's established interest of uniform recovery for those killed on the high seas.  It also conforms to traditional admiralty principles permitting broad remedies for injured parties.  *See Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 387 (1970) ("[I]t better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules." (internal quotation marks omitted)); *see also Icelandic Coast Guard v. United Techs. Corp.*, 722 F. Supp. 942, 949 (D. Conn. 1989) (holding state remedies may supplement admiralty damages when they "do not conflict with governing federal maritime

standards."). The Wrongful Death Plaintiffs should therefore be permitted to supplement their DOHSA claims with non-conflicting state law causes of action.

### D. This Entire Case Should Be Tried to a Jury.

Defendants next move under Rule 12(f) to strike Plaintiffs' jury demand. Plaintiff Boone, however, has a right to a jury trial under 28 U.S.C. § 1333(1)'s saving-to-suitors clause. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 - 55 (2001) ("Trial by jury is an obvious, but not exclusive, example of the remedies available to suitors."); *see also In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2d Cir. 1988) (holding the savings-to-suitors clause "embodie[s]" a "presumption in favor of jury trials."); *In re Korean Air Lines Disaster of Sept. 1 1983*, 704 F. Supp. 1135, 1155 (D.D.C. 1988), ("A plaintiff bringing a general maritime survival action in a case alleging and establishing diversity jurisdiction is entitled to a jury trial."), *rev'd on other grounds*, 932 F.2d 1475 (D.C. Cir. 1991). Accordingly, where "an independent jurisdictional basis exists" for a claim that may also be brought under admiralty law, a plaintiff preserves his right to a jury trial by invoking that independent jurisdictional basis. *In re Great Lakes Dredge & Dock Co.*, 895 F. Supp. 604, 612 (S.D.N.Y. 1995). Plaintiff Boone has expressly invoked the diversity jurisdiction of this Court and therefore has a right to a jury trial. *Complaint*, ¶ 29.

For the sake of efficiency, the Wrongful Death Plaintiffs claims should also be presented to a jury. In arguing otherwise, Defendants rely on *Mayer v. Cornell University, Inc.*, 909 F. Supp. 81, 85 (N.D.N.Y. 1995), where the Northern District of New York held "jury trials are not available in admiralty actions." But this is simply not true. While the Supreme Court "'has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them.'" *Sphere Drake Ins. PLC v. J. Shree Corp.*,

184 F.R.D., 258, 261 (S.D.N.Y. 1999) (quoting *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 - 21 (1963)). Indeed, as the district court noted in *In re Korean Air Lines Disaster*, 704 F. Supp. at 1152, "it cannot be said that jury trials are repugnant to the DOHSA scheme, at least where there are concurrent claims triable by the jury joined with the DOHSA claim."

Accordingly, district courts may hold a unified jury trial in cases where some Plaintiffs do not have a right to a jury trial under maritime law. For example, in *Woosley v. Mike Hooks, Inc.*, 603 F. Supp. 1190, 1190 - 91 (W.D. La. 1985), the plaintiffs brought Jones Act and general maritime claims against the defendant ship owners after they were injured in a ship collision. The plaintiffs' wives also brought loss of consortium claims under general maritime law. *Id.* Although only the Jones Act cases gave the worker plaintiffs the right to a jury trial, the court found several "compelling reasons for trying the entire case to the jury." *Id.* at 1193. First, the Jones Act plaintiffs had a right to a jury. Second, the defendants did not have a corresponding maritime right "to a *non* jury trial under either the Constitution or a federal statute." *Id.* Third, splitting lawsuits between two factfinders "unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery." *Id.* at 1192 (quoting *Fitzgerald*, 374 U.S. at 18 - 19).

Here, as in *Woosley*, two trials would unnecessarily and inefficiently complicate the trial of concurrent claims that arise from the same helicopter crash. At the very least, Plaintiff Boone has an absolute right to a jury trial under state law and the savings-to-suitors clause while defendants do not have any right to a bench trial under maritime law. For these reasons, the Court should hold a unified jury trial in this matter.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants' motion to strike or "dismiss" portions of Plaintiffs' Third Amended Complaint should be denied.


Dated:   December 8, 2016

Respectfully submitted,

KREINDLER & KREINDLER LLP


By: */s/ Francis G. Fleming*
Francis G. Fleming, Esq. (CT 30032)
Andrew J. Maloney, Esq. (CT 15639)

*Attorneys for Plaintiffs,*
*Nicole Van Dorn, Amy Snyder,*
*Cheyenne Collins and Dylan Morgan Boone*

11

## **CERTIFICATION**

I hereby certify that on this 8th day of December, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electric filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Francis G. Fleming*
FRANCIS G. FLEMING