UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as Surviving Spouse and Personal Representative for the Estate of LT J Wesley Van Dorn, USN, Deceased; | No. 3:15-cv-01877-AWT |
| Amy Snyder, as Surviving Spouse and Personal Representative for the Estate of LT Sean Christopher Snyder, USN, Deceased; | |
| Cheyenne Collins, as Surviving Spouse and Personal Representative for the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, Deceased; and | **JOINT STATUS REPORT** |
| Petty Officer 2nd Class Dylan Morgan Boone, USN, | |
| Plaintiffs, | January 19, 2017 |
| - Against - | |
| Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services; | |
| General Electric Company; | |
| E.I. du Pont de Nemours & Co.; and | |
| L-3 Communications Corporation, | |
| Defendants. | |

The parties respectfully submit this Joint Status Report as requested by the Court in its January 5, 2017 calendar notice. (Doc. No. 127).

This action arises from the crash of a United States Navy MH-53E helicopter eighteen miles off the coast of Virginia on January 8, 2014. The plaintiffs consist of the surviving spouses of the three deceased serviceman on board ("the Wrongful Death Plaintiffs"), as well as

1

a surviving crewman, who was seriously injured in the crash. Plaintiffs' Complaint sounds in strict products liability and negligence and alleges that Defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services (collectively "Sikorsky"), General Electric Company ("GE"), E. I. du Pont de Nemours and Company ("DuPont") and L-3 Communications Corporation ("L-3") are liable for the explosion and the damages suffered by Plaintiffs as manufacturers, sellers or maintainers of the subject helicopter or its component parts.

## SETTLEMENT

Plaintiffs have reached settlements with Defendants Sikorsky, DuPont and GE. Release agreements are presently being finalized. Because three of these claims are wrongful death claims, some involving minors, Plaintiffs will thereafter draft and submit applications to this Court for approval of the settlement.

Plaintiffs have discussed settlement with L-3 but have not successfully resolved these claims. Plaintiffs are awaiting receipt of L-3 contracts pertaining to its work on the crash helicopter and subject helicopter model. Thereafter, Plaintiffs will serve a request for production of documents on L-3.

## PENDING MOTIONS, REPLIES AND ANSWERS

On October 27, 2016, Defendants GE and L-3 moved to dismiss and strike Plaintiffs' Third Amended Complaint (Doc. Nos. 103, 105). Their motion papers argue: (1) Plaintiffs' claims are governed exclusively by the Death on the High Seas Act ("DOHSA"), 46 U.S.C. 30301, *et seq.* or General Maritime Law and, therefore, the Court should dismiss the Wrongful Death Plaintiffs' "non-DOHSA wrongful death claims" and Plaintiff Boone's state law-personal injury claims, "and strike any damages non permitted under general maritime law because state

law has no application to" such claims; and (2) the Court should strike "Plaintiffs' claim for a jury trial because jury trials are not permitted in admiralty cases, whether under DOHSA or general maritime law."

Also, on October 27, 2016, Defendant DuPont moved to dismiss Plaintiffs' Third Amended Complaint for lack of general or specific personal jurisdiction over DuPont. (Doc. No. 107). DuPont argues: (1) this Court does not have general personal jurisdiction over DuPont because Plaintiffs "fail to allege that DuPont, a Delaware corporation with its principle place of business in Delaware, is 'essentially at home' in Connecticut."; (2) "[T]he Third Amended Complaint fatally fails to identify the Connecticut long-arm statutes that purportedly provide a basis for the exercise of specific jurisdiction over DuPont in Connecticut."; and (3) "[T]he exercise of jurisdiction over DuPont would not comport with Due Process."

Plaintiffs filed their oppositions to all the pending motions on December 8, 2016. (Doc. Nos. 121-22). Pursuant to unopposed motions for extension of time: Sikorsky has until January 25, 2017, to answer, move or otherwise respond to Plaintiffs' Third Amended Complaint. (Doc. No. 102); DuPont and GE have until March 13, 2017, to reply to Plaintiffs' opposition to their motions to dismiss and/or strike. (Doc. No. 130); and L-3 has until February 13, 2017 to reply to Plaintiffs' opposition to its motion to dismiss and/or strike. (Doc. No. 131). In view of the pending settlements, Sikorsky has obtained plaintiffs' consent to file a second assented-to motion for extension of time to answer, move, or otherwise respond to Plaintiffs' Third Amended Complaint and will file such motion prior to the January 25th deadline.

## TOUHY REQUEST AND DISCOVERY

In the Parties' initial Form 26(F) Report of Parties' Planning Meeting (Doc. No. 43 p. 11-12), the Parties agreed that "due to the uncertainty surrounding the timing of the government's

compliance with the *Touhy* requests, the parties propose further conferring and filing a status report with the Court, relating to all remaining discovery and pretrial deadlines by December 1, 2016."

On October 7, 2016, the parties submitted joint *Touhy* requests to branches of the U.S. military, including the Navy, in order to obtain necessary evidence for this case. The parties anticipate it will take several months for the U.S. military to respond to their *Touhy* requests. So far, the Parties have received confirmation from the U.S. Air Force that the request has been received and is being processed. As noted previously, the time required to locate and identify documents and physical evidence that may be used to support claims or defenses will be substantial and likely will require the Court to compel the production of numerous documents by the military. As a consequence, uncertainty regarding when and if the U.S. military will fully comply with the requests remains.

Respectfully Submitted,

Dated: January 19, 2017

**Plaintiffs**

By      /s/  *Francis G. Fleming*

Francis G. Fleming, Esq. (ct30032)
Andrew J. Maloney (ct15639)
Kreindler & Kreindler LLP

*Attorneys for Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne Collins, and Dylan Morgan Boone*

**Defendants**

By  /s/ Paul N. Bowles III

    Paul N. Bowles III, Esq. (pro hac vice)

    Fitzpatrick & Hunt, Tucker, Pagano, Aubert, LLP

    Frank Usseglio, Esq.
    (ct04331)
    Kenny, O'Keefe & Usseglio, P.C.

    *Attorneys for Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;*

By  /s/ Kevin M. Smith

    Kevin M. Smith, Esq.
    (ct24774)
    Erik H. Beard, Esq.
    (ct26941)
    Wiggin and Dana LLP

    *Attorneys for General Electric Co.*

By  /s/ Diane Westwood Wilson

    Diane Westwood Wilson, Esq.
    (ct25376)
    Dentons US LLP

    Lisa Savitt, Esq.
    (*pro hac vice*)
    The Axelrod Firm, PC

    *Attorneys for E. I. du Pont de Nemours and Company*

5

    **By** /s/ Steven E. Arnold
       Steven E. Arnold, Esq.
       (ct07966)
       SA Law, P.C.

       *Attorneys for L-3 Communications Corporation*

## CERTIFICATION

I hereby certify that on this 19th day of January, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electric filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                              */s/ Francis G. Fleming*
                                                              FRANCIS G. FLEMING