UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
NICOLE VAN DORN, AS SURVIVING    :
SPOUSE AND PERSONAL              :
REPRESENTATIVE FOR THE ESTATE OF :
LT. J. WESLEY VAN DORN, USN,     :
DECEASED;                        :
                                 :
AMY SNYDER, AS SURVIVING SPOUSE  :
AND PERSONAL REPRESENTATIVE FOR  :
THE ESTATE OF LT. SEAN           :
CHRISTOPHER SNYDER, USN,         :
DECEASED;                        :
                                 :   Civil No. 3:15-cv-1877(AWT)
CHEYENNE COLLINS, AS SURVIVING   :
SPOUSE AND PERSONAL              :
REPRESENTATIVE FOR THE ESTATE OF :
PETTY OFFICER 3RD CLASS BRIAN    :
ANDREW COLLINS, USN, DECEASED;   :
                                 :
AND PETTY OFFICER 2ND CLASS      :
DYLAN MORGAN BOONE, USN,         :
                                 :
          Plaintiffs,            :
                                 :
v.                               :
                                 :
SIKORSKY AIRCRAFT CORP.,         :
SIKORSKY SUPPORT SERVICES, INC.  :
D/B/A SIKORSKY AEROSPACE         :
SERVICES, GENERAL ELECTRIC CO.,  :
E.I. DU PONT DE NEMOURS & CO.    :
AND L-3 COMMUNICATIONS CORP.,    :
                                 :
          Defendants.            :
-------------------------------- x
```

**ORDER RE DEFENDANT L-3 COMMUNICATIONS
<u>CORPORATION'S MOTION TO DISMISS AND STRIKE</u>**

For the reasons set forth below, Defendant L-3

Communications Corporation's Motion to Dismiss and Strike

Plaintiff's Third Amended Complaint (Doc. No. 105) is hereby

GRANTED.

## State Law Wrongful Death and Personal Injury Claims and Relief

With respect to the Wrongful Death Plaintiffs, the Third Amended Complaint sets forth a claim under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30301 et seq.  The Third Amended Complaint seeks not only "all legally available damages under the Death on the High Seas Act," but in addition, damages under "any other applicable laws, including but not limited to, damages for sorrow, mental anguish and solace, pre-death pain and suffering, loss of income, services, protection, care, and assistance of the deceased, medical expenses, [and] funeral expenses."  Third Am. Compl. (Doc. No. 91) ¶ 118.  Plaintiff Boone brings a cause of action under General Maritime Law.  The Third Amended Complaint states that plaintiff Boone seeks "all legally available damages under General Maritime Law," and in addition, under "any other applicable laws, including applicable state laws."  Third. Am. Compl. ¶ 118.

In Dooley v. Korean Airlines Co. Ltd., 524 U.S. 116 (1998), the Court explained the background of DOHSA as follows:

> Before Congress enacted DOHSA in 1920, the general law of admiralty permitted a person injured by tortious conduct to sue for damages, but did not permit an action to be brought when the person was killed by that conduct.  This rule stemmed from the theory that a right of action was personal to the victim and thus expired when the victim died.  Accordingly, in the absence of

2

> an Act of Congress or state statute providing a right of action, a suit in admiralty could not be maintained in the courts of the United States to recover damages for a person's death.
>   Congress passed such a statute, and thus authorized recovery for deaths on the high seas, with its enactment of DOHSA. DOHSA provides a cause of action for "the death of a person . . . caused by wrongful act, neglect, or default occurring on the high seas . . . . The Act limits recovery in such a suit to a "fair and just compensation for the pecuniary loss sustained by the persons whose benefit the suit is sought."

Id. at 121-22 (first omission in original) (citations and footnote omitted). Thus, the only damages recoverable under DOHSA are pecuniary damages.

In Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207 (1986), the issue was stated as follows:

> The issue presented is whether the Death on the High Seas Act (DOHSA) provides the exclusive remedy by which respondents may recover against petitioner for the wrongful death of their husbands, or whether they may also recover the measure of damages provided by the Louisiana wrongful death statute . . . .

Id. at 209 (citations omitted). The Court concluded:

> Once it is determined that § 7 acts as a jurisdictional saving clause, and not as a guarantee of the applicability of state substantive law to wrongful deaths on the high seas, the conclusion that the state statutes are pre-empted by DOHSA where it applies is inevitable. As we held in Higginbotham, Congress has "struck the balance for us" in determining that survivors should be restricted to the recovery of their pecuniary losses . . . .

Id. at 232.

The Wrongful Death Plaintiffs argue that they should be allowed to supplement their remedies under DOHSA with remedies under Connecticut law because Congress amended DOHSA in 2000 to permit recovery for non-pecuniary damages in commercial aviation actions that occur beyond 12 nautical miles from the coastline, on the high seas. However, we do not have here claims by survivors of victims of a commercial aviation crash.

Plaintiff Boone brings a claim under General Maritime Law, arising from the court's admiralty jurisdiction. "With admiralty jurisdiction comes the application of substantive admiralty law." East River Steamship Corp. v. Transam. Delaval, Inc., 476 U.S. 858, 864 (1986). In Yamaha Motor Corp. USA v. Calhoun, 516 U.S. 199 (1996), the Court put that statement in context:

> "With admiralty jurisdiction," we have often said, "comes the application of substantive admiralty law." The exercise of admiralty jurisdiction, however, "does not result in automatic displacement of state law." Indeed, prior to Moragne, federal admiralty courts routinely applied state wrongful-death and survival statutes in maritime accident cases. The question before us is whether Moragne should be read to stop that practice.

Id. at 206 (citations and footnote omitted).

In Yamaha Motor Corp., the plaintiffs sued Yamaha Motor Corp. under "Pennsylvania's wrongful-death and

survival statutes [asserting] several bases for recovery (including negligence, strict liability, and breach of implied warranties), and sought damages for lost future earnings, loss of society, loss of support and services, and funeral expenses, as well as punitive damages." Id. at 202 (citing 42 Pa. Cons. Stat. §§ 8301-8302 (1982 & Supp. 1995)). "Otherwise applicable state law may supplement the measure of damages available under maritime law." In re Horizon Cruises Litigation, 101 F. Supp. 2d 204, 212 (2000) (quoting O'Hara v. Celebrity Cruises, Inc., 979 F. Supp. 254, 256 (S.D.N.Y. 1997)). Here, however, the Third Amended Complaint identifies no such otherwise applicable state law.

Therefore, the state law wrongful death and personal injury claims in the Third Amended Complaint are being dismissed and the court is granting the motion to strike the request for damages based on those claims.

## Jury Demand

In Fitzgerald v. U.S. Lines Co., 374 U.S. 16 (1963), the Court stated: "While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them." Id. at 20 (footnotes omitted). "DOHSA provides a remedy in admiralty, admiralty

5

principles are applicable and a DOHSA plaintiff has no right to a jury trial of wrongful death claims." Friedman v. Mitsubishi Aircraft Int'l, Inc., 678 F. Supp. 1064, 1066 (S.D.N.Y 1988).

The plaintiffs contend that "where 'an independent jurisdictional basis exists' for a claim that may also be brought under admiralty law, a plaintiff preserves his right to a jury trial by invoking that independent jurisdictional basis.  Plaintiff Boone has expressly invoked the diversity jurisdiction of this Court and therefore has a right to a jury trial."  (Pls' Memorandum of Law (Doc. No. 123) at 9 (quoting In re Great Lakes Dredge & Dock Co., 895 F. Supp. 604, 612 (S.D.N.Y. 1995) and citing Third Am. Compl. at ¶ 29).

The defendant identifies two circumstances in which federal courts have permitted jury trials in DOHSA cases. The first is where the plaintiff maintains a non-DOHSA claim that specifically carries a right to a trial by jury, arising out of the same transaction or occurrence.  (See Def. G.E.'s Memorandum of Law (Doc. No. 104) at 9).  That is not the situation here.  The defendant identifies a second situation, i.e. where "a plaintiff also asserts another claim that does not necessarily entitle him to a jury trial, but which invokes the diversity jurisdiction of

6

the court," but argues that courts in the Second Circuit have rejected this second exception. Id. at 10. The court agrees with the reasoning in Mayer v. Cornell Univ., Inc., 909 F. Supp. 81 (N.D.N.Y. 1995):

> Consequently, plaintiff's only two remaining causes of action—one based on DOHSA and the other based upon general maritime survival law—are both based in admiralty law. Plaintiff Mayer is not entitled to a jury trial, therefore, because jury trials are not available in admiralty actions.

Id. at 85; see also Friedman v. Mitsubishi Aircraft Int'l, Inc., 678 F. Supp. 1064, 1066 n.5 (S.D.N.Y. 1983) ("Diversity of citizenship creates only an additional basis for federal jurisdiction; it does not enlarge the parameters of the substantive remedy upon which a claim is based.").

Here, the claims of the Wrongful Death Plaintiffs are governed solely by DOHSA, and plaintiff Boone's claim falls under the admiralty jurisdiction of the court and is governed solely by general maritime law. No plaintiff has asserted a non-admiralty cause of action that would entitle that plaintiff to a jury trial. Thus, the jury demand should be stricken.

It is so ordered.

Signed this 6th day of September, 2017, at Hartford, Connecticut.

                                             /s/ AWT
                                   Alvin W. Thompson
                                   United States District Judge