UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as surviving spouse and Personal Representative of the Estate of LT. J Wesley Van Dorn, USN, deceased;<br><br>Amy Snyder, as surviving spouse and Personal Representative of the Estate of LT. Sean Christopher Snyder, USN, deceased;<br><br>Cheyenne Collins, as surviving spouse and Personal Representative of the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and<br><br>Petty Officer 2nd Class Dylan Morgan Boone, USN,<br><br>                Plaintiffs,<br><br>  - against -<br><br>Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;<br><br>General Electric Company;<br><br>E.I. du Pont de Nemours and Company; and<br><br>L-3 Communications Corporation,<br><br>                Defendants. | Docket No.   3:15-CV-01877-AWT<br><br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE COMPROMISE PAPERS UNDER SEAL** |

      Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne Collins and Dylan Morgan Boone hereby move the Court, pursuant to Federal Rule of Civil Procedure 26(c), Local Civil Rule 5(e)(4)(b), and ¶ 7.4. of the Stipulation and Protective Order (Doc. 106) in this case, for an Order permitting plaintiffs to file, under seal, the compromise papers associated with their confidential settlements with defendants Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services ("Sikorsky"), General Electric Company ("GE"), and E.I. du

Pont de Nemours and Company ("DuPont") ("settling defendants").[1] There are a total of twelve sets of compromise papers; one for the claim of the family of each decedent and the surviving injured crew member in respect to each settling defendant.

Plaintiffs' compromise papers seek an Order from this Court (a) approving the proposed settlement of their claims against defendants Sikorsky, DuPont and GE; (b) authorizing payment of reasonable attorneys' fees and reimbursement of proper disbursements; (c) authorizing distribution of the balance of the settlement proceeds; (d) authorizing the purchase of annuity policies to fund certain future periodic payments to the decedents' minor children; (e) authorizing plaintiffs to execute appropriate releases of the settling defendants; and (f) authorizing plaintiffs' attorneys to execute stipulations dismissing the settling defendants from this action with prejudice.

In the alternative, plaintiffs move the Court to permit them to publicly file redacted versions of their compromise papers with all monetary figures, including settlement amounts, attorneys' fees and cases expenses, and all personal information pertaining to the plaintiffs, "blocked out," and to file unredacted versions of the compromise papers under seal for *in camera* consideration. Plaintiffs have consulted with defendants and they do not object to this Motion.

## FACTUAL BACKGROUND

Plaintiffs and defendants Sikorsky, General Electric and DuPont have agreed to confidentially settle the wrongful death and personal injury claims brought by plaintiffs in this

---

[1] Plaintiffs and settling defendants understand and have agreed that the settlements are not intended to be and shall not be construed as an admission of any liability by any of the settling defendants to plaintiffs or to any other person or entity. Notwithstanding, the confidential settlements reflect the mutual desire of plaintiffs and the settling defendants to resolve all disputes and differences between and among them.

action.[2]  The parties have agreed that all matters relating to the substance, terms, negotiations and implementation of the settlement agreements between them, including the settlement sums, shall be confidential and are not to be disclosed except by order of the Court or agreement, in writing, of the parties.  To maintain the confidentiality of the individual settlement amounts, the parties have agreed that each plaintiff file separate, under seal compromise papers for each settlement, so that the settlements can be considered and approved by the Court.  The settling defendants have reviewed and approved the compromise papers pertaining to their settlements with each of the plaintiffs.

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure governs a court's power to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." Fed.R.Civ.P. 26(c)(1).  "The touchstone of the court's power under Rule 26(c) is the requirement of good cause." *In re Zyprexa Injunction*, 474 F.Supp.2d 385, 415 (EDNY 2007); see also Fed.R.Civ.P. 5.2(e)(1) ("For good cause, the court may by order in a case … require redaction" of information other than social security numbers and other data expressly protected under Rule 5.2(a)).  Ordinarily, 'good cause' is satisfied if a 'clearly defined and serious injury' … would result from disclosure of the document." *Allen v. City of New York*, 420 F.Supp.2d 295, 302 (SDNY 2006) (quotations and citations omitted).  Where the document sought to be shielded from disclosure is part of the official court file, the Court must consider the public's presumptive right of access to such materials in making its determination as to good cause.

---

[2] Plaintiffs' claims against defendant L-3 Communications Corporation have not settled and continue to be litigated.

The right of public access to court proceedings and records is rooted in both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  The right of public access applies to records only when they are "judicial documents." *Id.* at 119 - 120.  A "judicial document" is a court filing that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119.

The presumption of public access to judicial documents is subject to multiple, well recognized exceptions designed to protect the type of information at issue in this matter. *See Id. at* 119 - 120.

Under the common law, a judicial document may be withheld from public access if the court concludes that the presumption of public access is outweighed by "competing considerations" such as, privacy interests, public safety, judicial efficiency or attorney-client privileged information. *Id.* at 120; *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("law enforcement interests," "judicial performance," and an individual's "privacy interest").

Under the First Amendment, courts have used two different approaches to determine whether "the public … should receive First Amendment protection in their attempts to access certain judicial documents." *Lugosch*, 435 F.3d at 120.  The "experience and logic approach" requires the Court to consider both whether documents of the kind at issue "have historically been open to the … public" and whether "public access plays a significant positive role in the functioning of the particular process in question." *Id.*  A second approach considers the extent to which the  judicial documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Id.*  "The presumption of public access which arises from the First Amendment may be overcome "to preserve higher values" provided "the sealing order is narrowly tailored to achieve that aim." *Id.* at 124.

The most obvious fact weighing against disclosure of the settlement information contained in plaintiffs' compromise papers is the privacy interest of plaintiffs' and their families. "The privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests … are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050 – 51 (internal quotation marks and citations omitted). To determine the weight of a privacy right, a court

> should first consider the degree to which the subject matter is traditionally considered private rather than public. … [F]amily affairs, illnesses, … and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.
>
> The nature and degree of injury must also be weighed. This will entail consideration … of [inter alia] the sensitivity of the information and the subject ….

*Id.* at 1051.

Courts of the Second Circuit have found that the presumption of public access is weak when settlement confidentiality is concerned. *See United States v. Glen Falls Newspapers,* 160 F.3d 853, 858 (2d Cir. 1998) (the presumption of access to documents pertaining to settlement negotiations is "negligible to nonexistent"); *Gambale v. Deutsche Bank*, 377 F.3d 133, 143-44 (2d Cir. 2004) (presumption of access to record of counsel's statement of the settlement amount made at a sealed conference is weak).

Indeed, the Second Circuit strongly endorses the confidentiality of settlement agreements in almost all cases. *See, e.g. Glen Falls Newspapers*, 160 F.3d at 857 (noting the public interest in settlement of litigation in approving the sealing of settlement documents); *Palmieri v. State of New York*, 779 F.2d 861, 864 (2d Cir. 1985) (reversing a district court's modification of a sealing order covering a settlement agreement and citing the "need of our district courts and civil litigants to facilitate efficient resolution of disputes through negotiated settlements").

The foremost interest of the plaintiffs and the settling defendants in this action is the confidentiality of the settlement information contained in the compromise papers. The papers are full of confidential, private and sensitive information that should not be made generally available to the public and plaintiffs should be permitted to file them, with the Court's permission, under seal.

## CONCLUSION

Wherefore, plaintiffs respectfully request that the Court grant their motion to seal and Order that plaintiffs may file under seal the compromise papers associated with their confidential settlements with defendants Sikorsky, DuPont and GE.

In the alternative, plaintiffs respectfully request that the Court permit them to publicly file redacted versions of these compromise papers with all monetary figures, including settlement amounts, attorneys' fees and cases expenses, and all personal information pertaining to the plaintiffs, "blocked out," and to file unredacted versions of the compromise papers under seal.

Dated:  November 16, 2017                                             Respectfully submitted,

                                                                                    KREINDLER & KREINDLER LLP


                                                                        By:    */s/ Francis G. Fleming*
                                                                                Francis G. Fleming (CT 30032)
                                                                                Andrew J. Maloney (CT 15639)
                                                                                750 Third Avenue
                                                                                New York, New York 10017
                                                                                Tel.: (212) 687-8181
                                                                                Fax: (212) 972-9432
                                                                                Email: amaloney@kreindler.com
                                                                                Email: ffleming@kreindler.com
                                                                                *Attorneys for Plaintiffs*

**CERTIFICATION**

      I hereby certify that on this 16th day of November, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electric filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                    */s/ Francis G. Fleming*
                                                      FRANCIS G. FLEMING