UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as surviving spouse and Personal Representative of the Estate of LT. J Wesley Van Dorn, USN, deceased;<br><br>Amy Snyder, as surviving spouse and Personal Representative of the Estate of LT. Sean Christopher Snyder, USN, deceased;<br><br>Cheyenne Collins, as surviving spouse and Personal Representative of the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and<br><br>Petty Officer 2nd Class Dylan Morgan Boone, USN,<br><br>                Plaintiffs,<br><br>  - against -<br><br>Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;<br><br>General Electric Company;<br><br>E.I. du Pont de Nemours and Company; and<br><br>L-3 Communications Corporation,<br><br>                Defendants. | Docket No.  3:15-CV-01877-AWT<br><br><br>**UNDER SEAL APPLICATION FOR COMPROMISE OF PLAINTIFF AMY SNYDER'S CLAIMS AGAINST DEFENDANTS SIKORSKY AIRCRAFT CORPORATION AND SIKORSKY SUPPORT SERVICES, INC., DBA SIKORSKY AEROSPACE <u>SERVICES</u>** |

      Plaintiff Amy Snyder, individually, and as Personal Representative of the Estate of Lieutenant Sean Christopher Snyder, United States Navy, deceased, respectfully applies to this Court for an Order: (a) approving the proposed settlement of her claims against defendants Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc., dba Sikorsky Aerospace Service ("Sikorsky defendants"); (b) authorizing payment of reasonable attorneys' fees and reimbursement of proper disbursements; (c) authorizing distribution of the balance of the

proceeds as set forth herein; (d) authorizing the purchase by the Sikorsky defendants of annuity policies to fund the certain future periodic payments to the decedent's minor children as set forth herein; (e) authorizing plaintiff Amy Snyder to execute an appropriate release of the Sikorsky defendants; and (f) authorizing Francis G. Fleming, Jr., as attorney for plaintiff Amy Snyder, to execute a stipulation dismissing the Sikorsky defendants from this action with prejudice.

In support of my application, I state as follows:

1. The Sikorsky defendants and defendants General Electric Company ("GE") and E.I. du Pont de Nemours and Company ("DuPont") have each offered to confidentially settle the wrongful death claims that I have brought against them in this action.[1]

2. In order to maintain the confidentiality of the individual settlement amounts, the defendants have requested that I submit separate, under seal compromise papers for each settlement. This application for compromise pertains only to the confidential settlement between plaintiff Amy Snyder and the Sikorsky defendants. The applications for compromise pertaining to plaintiff Amy Snyder's settlements with defendants GE and DuPont are being submitted separately.

3. Each set of compromise papers will address different aspects of plaintiff's settlement with the defendants. The compromise papers pertaining to plaintiff's settlement with the Sikorsky defendants will detail the funding of the structured settlement annuities that are being established for Sean Christopher Snyder's minor children, ▇▇▇ and ▇▇▇, and the settlement proceeds to be distributed to Sean Christopher Snyder's adult children, ▇▇▇ and ▇▇▇ The Sikorsky, DuPont and GE

---

[1] Plaintiff's claims against defendant L-3 Communications Corporation have not settled and continue to be litigated.

compromise papers will all deal with the reimbursement of case expenses, the payment of attorneys' fees, and the settlement proceeds to be distributed to Amy Snyder, the wife of decedent Sean Christopher Snyder.

4. The Sikorsky defendants have offered to settle the wrongful death claims that I filed against them in this action for a present value sum of $■■■■, upon receipt of a copy of a Compromise Order signed by this Court and upon receipt of a Release executed by me. I wish to accept their offer to partially settle this action.

5. This cause of action arose as follows: on January 8, 2014, my husband, United States Navy Lieutenant Sean Christopher Snyder, (the "decedent"), age ■, was killed in the crash of a United States Navy MH-53E helicopter off the coast of Virginia.

6. Decedent Sean Christopher Snyder was born on ■■■■ in ■■■■ ■■■■ He is survived by his wife (me), our two adult sons, ■■■■, age ■ and ■■■■, age ■, our minor son, ■■■■, age ■, our minor daughter, ■■■■, age ■, his mother, Pamela Diann Gandy, and his adult sister, ■■■■. The Under Seal Notice of Appearance, Waiver of Service and Consent to Distribution of Settlement Proceeds of decedent Sean Christopher Snyder's mother, Pamela Diann Gandy, is submitted with this Under Seal Application.

7. Decedent Sean Christopher Snyder and I were married on ■■■■. We have four children, ■■■■, age ■, ■■■■, age ■, ■■■■, age ■, and ■■■■, age ■. Sean was a United States citizen with Social Security number ■■■■. On January 8, 2014, the date of his death, we resided together in Virginia Beach, Virginia.

3

8. I was duly appointed as Administrator of the Estate of Sean Christopher Snyder by the Circuit Court of Norfolk, Virginia, on December 17, 2015.

9. I, both individually and as Administrator of the Estate of Sean Christopher Snyder, on behalf of Sean Christopher Snyder's adult children, ▮▮▮▮▮▮▮▮▮▮, age ▮, and ▮▮▮▮▮▮▮▮, age ▮ and as the mother and guardian of Sean Christopher Snyder's minor children, ▮▮▮▮▮▮▮▮▮▮, age ▮, and ▮▮▮▮▮▮▮▮▮▮ age ▮, retained Kreindler & Kreindler LLP to prosecute a wrongful death claim against defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services, General Electric Company, E.I. du Pont de Nemours and Company, and L-3 Communications Corporation. That civil action was filed in this Court and assigned Case No. 3:15-CV-01877-AWT.

10. The Affidavit of my attorney, Francis G. Fleming, Jr. of Kreindler & Kreindler LLP, is submitted to describe the legal and factual bases supporting this Application. I have read and accept his Affidavit.

**THE SETTLEMENT IS REASONABLE**

11. Under all of the circumstances, the proposed settlement with the Sikorsky defendants in the present value amount of $▮▮▮▮▮▮ for the death of Sean Christopher Snyder is reasonable and should be approved by this Court. At the time of his death, Sean Christopher Snyder was ▮ years of age, in good health, and had a normal work and life expectancy.

12. Sean Christopher Snyder graduated from ▮▮▮▮▮▮▮▮ in ▮▮▮▮▮▮ in ▮▮▮ and enlisted in the United States Navy. After rising in the enlisted ranks to the grade of Chief (E-7), Sean was selected for the Navy commissioned officer program in ▮▮▮. He thereafter attended ▮▮▮▮▮ in ▮▮▮▮▮▮▮▮. He graduated from ▮▮▮▮▮▮ in ▮▮▮ with

a Bachelor of Science Degree. He received a commission in the United States Navy upon graduation in ▮ and was trained as a Naval Aviator.

13. At the time of his death in 2014, Sean Christopher Snyder was a helicopter aircraft commander on the Navy MH-53E helicopter. He had been in the United States Navy for 21 years and had achieved the Navy rank of Lieutenant (O-3). In 2013, his earnings were approximately $▮

14. I was financially dependent on my husband Sean. Sean's earnings were part of our household income. I also depended on Sean for the substantial services he provided, including household financial management, gardening, cleaning, cooking meals and doing dishes, trash removal, laundry and shopping. Sean also provided me with advice and counsel and our children with parental training, education, care and guidance.

15. In making my decision to accept the proposed settlement with the Sikorsky defendants in the amount of $▮, I have considered the potential liability of the Sikorsky defendants for compensatory and punitive damages; the elements of damages that potentially may be recovered; the facts of this case; and the proposed settlements of the other plaintiffs in this case. I believe the settlement offer is fair and I respectfully request that the Court approve this settlement.

## ATTORNEYS' FEES AND DISBURSEMENTS

16. My retainer agreement with Kreindler & Kreindler LLP sets the attorneys' fees at ▮% of the net recovery and defines net recovery as gross recovery less disbursements advanced. Kreindler & Kreindler LLP has agreed to reduce their attorneys' fees in my case from ▮ to ▮, and has agreed that the attorneys' fees of my local counsel in Texas, Furman Law Group, and my local counsel in Virginia, Plumlee & Overton, P.C., shall be paid from the total attorneys' fees from my settlement with the Sikorsky defendants. Because the services performed

herein were significant and substantial, I believe the ▇% attorneys' fees are reasonable and should be approved by this Court.

17. As set forth in paragraph 4 above, the gross settlement with the Sikorsky defendants in this case is $▇. The retainer agreement provides that disbursements shall be deducted from the gross recovery to calculate the net recovery upon which the fee is then computed. The disbursements in this case allocated to my settlement with the Sikorsky defendants total $▇, which are subtracted from the gross recovery of $▇, leaving a net recovery after payment of case expenses of $▇, which is the number used to calculate the ▇% attorneys' fee. ▇% of $▇ equals $▇ for attorneys' fees related to the Sikorsky settlement of which Kreindler & Kreindler LLP will receive $▇ for its fee, Furman Law Group will receive $▇ for its fee, and Plumlee & Overton, P.C. will receive $▇ for its fee. The net recovery from the Sikorsky settlement is therefore $▇ ($▇ minus $▇). I agree to the payment of the aforementioned attorneys' fees and disbursements to Kreindler & Kreindler LLP, Furman Law Group and Plumlee & Overton, P.C.

## DISTRIBUTION

18. I have been informed by my attorneys that the Court has ruled that the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302, applies to Sean's case. An action under DOHSA can only be brought by the personal representative of the decedent "for the exclusive benefit of the decedent's spouse, parent, child or dependent relative." *Id.* Available damages include "fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought." *Id.* § 30303. "Pecuniary loss" is generally defined as "all the financial contributions that the decedent would have made to his dependents had he lived." *In re Air Crash Near Nantucket Island, Mass on October 31, 1999*, 462 F.Supp.2d 360, 366 (E.D.N.Y. 2006). This includes

damages for 1) loss of support, 2) loss of services, 3) loss of parental nurture, 4) loss of inheritance, and 5) funeral or burial expenses. *Id.* Nonpecuniary damages, including grief and loss of society, are not recoverable. *Zicherman v. Korean Air Lines,* 516 U.S. 217, 230 (1996). Damages for pre-death pain and suffering are also not recoverable in non-commercial aviation cases. *Dooley v. Korean Air Lines,* 524 U.S. 116, 124 (1998).

19. Other than myself, Sean's two adult children, ▓▓▓▓▓, age ▓, and ▓▓▓▓▓ age ▓, Sean's two minor children, ▓▓▓▓▓, age ▓ and ▓▓▓▓▓, age ▓, Sean's mother, Pamela Diann Gandy, and his adult sister, ▓▓▓▓▓, I am not aware of: (a) any other potential beneficiaries to this claim, or (b) any other potentially financially dependent relatives of my husband, Sean. However, as set forth in the Under Seal Notices of Appearance, Waivers of Service and Consents to Distribution of Settlement Proceeds of Pamela Diann Gandy, Sean Christopher Snyder's mother has decided not to receive any of the settlement funds. In addition, Sean's adult sister was not financially dependent upon him at the time of his death and therefore does not qualify as a DOHSA beneficiary.

20. Therefore, because DOHSA does not recognize a survival cause of action, it is respectfully submitted that for the purposes of this settlement, the Court should allocate the entire net recovery of $▓▓▓▓▓ to the wrongful death action for my benefit and the benefit of Sean Christopher Snyder's two adult children, ▓▓▓▓▓, age ▓ and ▓▓▓▓▓, age ▓ and Sean's two minor children, ▓▓▓▓▓ age ▓ and ▓▓▓▓▓ age ▓. I respectfully request that the net recovery from the Sikorsky settlement in the total amount of $▓▓▓▓▓ be distributed between me, ▓▓▓▓▓ $▓▓▓▓▓ as follows:

  a. Amy Snyder for her distributive share from the Sikorsky settlement as decedent's surviving wife – $███████

  b. ███████████████ for his distributive share as decedent's surviving adult son – $███████

  c. ███████████r for his distributive share as decedent's surviving adult son – $█████

  d. ███████████ for his distributive share as decedent's surviving minor son – $█████

  e. ███████████ for her distributive share as decedent's surviving minor daughter – $█████

21. I, as the natural mother and guardian of Sean Christopher Snyder's minor children, ███████████ and ███████████ respectfully request that the present value net recovery of $███████ to be paid to ███████████ and the present value net recovery of $█████ to be paid to ███████████ be payable through structured settlements providing certain future periodic payments as specified below, said payments to be funded by annuity policies that the Sikorsky defendants will purchase or cause to be purchased from an insurer approved by the Connecticut State Insurance Department. I, on behalf of my minor children ███████████ and ███████████, have chosen to purchase these annuities through Metropolitan Tower Life Insurance Company, which I am informed by my attorneys has approved status and is rated A+ by A.M. Best and Aa3 by Fitch.

22. The structured settlement proposal for my minor son ███████████ (date of birth ███████████) totals $███████ and provides for the following certain lump sum payments:

On ▮ ▮
On
On
On
On ▮ ▮ and
On ▮.

23.    The total cost of the structured settlement proposal for my minor son ▮ is $▮. The total certain future benefits are $▮.

24.    The structured settlement proposal for my minor daughter ▮ (date of birth ▮) totals $▮ and provides for the following certain lump sum payments:

On ▮ ▮
On
On
On
On ▮ ▮ and
On

25.    The total cost of the structured settlement proposal for my minor daughter ▮ is $▮. The total certain future benefits are $▮.

26.    For my minor children ▮ and ▮, I respectfully request that the Court authorize the funding of these certain future payments through the purchase of annuity policies by the Sikorsky defendants through Metropolitan Tower Life Insurance Company.

27.    For my minor children ▮ and ▮ I respectfully request that the Court authorize the Sikorsky defendants to make a qualified assignment, within the meaning of Internal Revenue Code § 130(c), to Metropolitan Tower Life Insurance Company, which thereafter will own the above-described annuity policies of ▮

▓▓▓▓▓ and ▓▓▓▓▓▓▓ and become obligated in defendants' stead to make certain future periodic payments as set forth above in this Application.

28. I understand that all related expenses have been paid in full and that there are no unpaid or outstanding bills or debts incurred in connection with my family's personal injuries related to the January 8, 2014 crash or the injuries sustained by my husband, Sean Christopher Snyder, in the January 8, 2014 crash.

29. As is customary, no bond should be required to be filed for the collection and distribution of the settlement proceeds as set forth in the Under Seal Compromise Order to be entered in this action, because it would involve substantial expense and is not necessary.

30. No member of Kreindler and Kreindler LLP is in any way connected with the defendants or their agents, representatives or insurers. The only interest Kreindler and Kreindler LLP has in these actions is as my attorneys.

31. Other than the attorneys' fees and return of disbursements requested herein, Kreindler & Kreindler LLP has not become interested in this Application at the request of the defendants or any of their agents, representatives or insurers.

32. No previous application for the relief requested herein has ever been made to this or any other court.

33. I have reviewed a copy of the proposed Order that will be submitted to the Clerk with this Application. I approve the proposed Order and respectfully request that the proposed Order be entered by the Court.

WHEREFORE, Plaintiff Amy Snyder, individually, as Personal Representative of the Estate of Sean Christopher Snyder, on behalf of Sean Christopher Snyder's adult children, ▓▓▓▓▓, and ▓▓▓▓▓▓▓, and as the mother and guardian of Sean Christopher

Snyder's minor children, ███████████ and ███████████, respectfully requests that this Application be granted in its entirety; that the proposed settlement with the Sikorsky defendants in the amount of $██████ be approved; that the attorneys' fees and disbursements be allowed and fixed as set forth herein; that the Court authorize defendant Sikorsky Aircraft Corporation to purchase annuity policies to fund the certain future periodic payments to the minor beneficiaries as set forth herein; that the balance of the proceeds be distributed as set forth herein; that plaintiff Amy Snyder be authorized to execute an appropriate release of the Sikorsky defendants; that Francis G. Fleming be authorized to execute a Stipulation of Dismissal of the Sikorsky defendants from Case No. 3:15-CV-01877-AWT with prejudice; that no bond be required; and that this Court order distribution of the $██████ settlement proceeds as follows:

a. To Kreindler & Kreindler LLP for reimbursement of disbursements:

b. To Kreindler & Kreindler LLP for attorneys' fees:

c. To Furman Law Group for attorneys' fees:

d. To Plumlee & Overton, P.C. for attorneys' fees:

e. To Amy Snyder for her distributive share as decedent's surviving wife:

f. To ███████████ for his distributive share as decedent's surviving adult son:

g. To ███████████, for his distributive share as decedent's surviving adult son:


h. To ▮▮▮▮▮▮▮▮ as his distributive share as decedent's surviving minor son for the purchase of an annuity by defendant Sikorsky Aircraft Corporation from Metropolitan Tower Life Insurance Company to fund the certain future periodic payments totaling $▮▮▮▮:

i. To ▮▮▮▮▮▮▮▮ as her distributive share as decedent's surviving minor daughter for the purchase of an annuity by defendant Sikorsky Aircraft Corporation from Metropolitan Tower Life Insurance Company to fund the certain future periodic payments totaling $▮▮▮▮:

**TOTAL** ▮▮▮▮

_Amy Snyder_
Amy Snyder, Individually and as Personal Representative of the Estate of Lieutenant Sean Christoper Snyder, USN, deceased.

Sworn to before me this
3rd day of November, 2017

_Lisa A. O'Neill_
Notary Public

[Notary Seal: LISA A. O'NEILL, NOTARY PUBLIC, COMMONWEALTH OF VIRGINIA, My Comm. Expires 3/31/18, 325234]