UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as surviving spouse and Personal Representative of the Estate of LT. J Wesley Van Dorn, USN, deceased;<br><br>Amy Snyder, as surviving spouse and Personal Representative of the Estate of LT. Sean Christopher Snyder, USN, deceased;<br><br>Cheyenne Collins, as surviving spouse and Personal Representative of the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and<br><br>Petty Officer 2nd Class Dylan Morgan Boone, USN,<br><br>                  Plaintiffs,<br><br>  - against -<br><br>Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;<br><br>General Electric Company;<br><br>E.I. du Pont de Nemours and Company; and<br><br>L-3 Communications Corporation,<br><br>                  Defendants. | Docket No.  3:15-CV-01877-AWT<br><br><br>**UNDER SEAL<br>ATTORNEY'S AFFIDAVIT IN SUPPORT OF PLAINTIFF AMY SNYDER'S UNDER SEAL APPLICATION FOR COMPROMISE OF HER CLAIMS AGAINST DEFENDANTS SIKORSKY AIRCRAFT CORPORATION AND SIKORSKY SUPPORT SERVICES, INC., DBA SIKORSKY AEROSPACE SERVICES** |

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK  )

        Francis G. Fleming, Jr., being duly sworn, deposes and says:

        1.     I am Of Counsel to Kreindler & Kreindler LLP, attorneys for plaintiff Amy Snyder in the above action, am fully familiar with this litigation and respectfully submit this affidavit in support of the Application of plaintiff Amy Snyder, as surviving spouse and Personal

Representative of the Estate of United States Navy Lieutenant Sean Christopher Snyder ("decedent"), for an Order: (a) approving the proposed settlement of her claims against defendants Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc., dba Sikorsky Aerospace Service ("Sikorsky defendants"); (b) authorizing payment of reasonable attorneys' fees and reimbursement of proper disbursements; (c) authorizing distribution of the balance of the proceeds as set forth herein; (d) authorizing the purchase by the Sikorsky defendants of annuity policies to fund the certain future periodic payments to the decedent's minor children as set forth herein; (e) authorizing plaintiff Amy Snyder to execute an appropriate release of the Sikorsky defendants; and (f) authorizing me, as attorney for plaintiff Amy Snyder, to execute a stipulation dismissing the Sikorsky defendants from this action with prejudice.

2. The Sikorsky defendants and defendants General Electric Company ("GE") and E.I. du Pont de Nemours and Company ("DuPont") have each offered to confidentially settle the wrongful death claims brought against them in this action.[1]

3. In order to maintain the confidentiality of the individual settlement amounts, the defendants have requested that we submit separate, under seal compromise papers for each settlement. This application for compromise pertains only to the confidential settlement between plaintiff Amy Snyder and the Sikorsky defendants. The applications for compromise pertaining to plaintiff Amy Snyder's settlements with defendants GE and DuPont are being submitted separately.

4. Each set of compromise papers will address different aspects of plaintiff's settlement with the defendants. The compromise papers pertaining to plaintiff's settlement with

---

[1] Plaintiff's claims against defendant L-3 Communications Corporation have not settled and continue to be litigated.

the Sikorsky defendants will detail the funding of the structured settlement annuities that are being established for Sean Christopher Snyder's minor children, ▮▮▮▮ and ▮▮▮▮ and the settlement proceeds to be distributed to Sean Christopher Snyder's adult children, ▮▮▮▮, and ▮▮▮▮. The Sikorsky, DuPont and GE compromise papers will all deal with the reimbursement of case expenses, the payment of attorneys' fees, and the settlement proceeds to be distributed to Amy Snyder, the wife of decedent Sean Christopher Snyder.

5. The Sikorsky defendants have offered to settle the wrongful death claims filed against them in this action for a present value sum of $▮▮▮▮, upon receipt of a copy of a Compromise Order signed by this Court and upon receipt of a Release executed by plaintiff Amy Snyder.

6. This action arises out of the crash of a United States Navy MH-53E helicopter off the coast of Virginia on January 8, 2014. Navy Lieutenant Sean Christopher Snyder was a pilot on board the helicopter and was killed in the crash.

7. Plaintiff Amy Snyder was appointed as Administrator of the Estate of Sean Christopher Snyder by the Circuit Court of Norfolk, Virginia, on December 17, 2015.

8. Plaintiff Amy Snyder subsequently retained Kreindler & Kreindler LLP to prosecute a wrongful death claim against defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services, General Electric Company, E.I. du Pont de Nemours and Company, and L-3 Communications Corporation. The retainer agreement with Kreindler & Kreindler LLP set the attorneys' fees at ▮▮▮▮ % of the net recovery and defines net recovery as gross recovery less disbursements advanced.

## THE SETTLEMENT IS REASONABLE

9.  Under all of the circumstances, the proposed settlement with the Sikorsky defendants in the total present value amount of $ ▓ for the death of Sean Christopher Snyder is reasonable and should be approved by this Court.  At the time of his death, Sean Christopher Snyder was ▓ years of age, in good health, and had a normal work and life expectancy.  Sean Christopher Snyder was employed by the United States Navy as a helicopter aircraft commander on the Navy MH-53E helicopter.  He had achieved the Navy rank of Lieutenant (O-3).  In 2013, his earnings were approximately $ ▓

10.  Decedent Sean Christopher Snyder is survived by his wife, plaintiff Amy Snyder, their two adult sons, ▓ age ▓, and ▓ age ▓, their minor son, ▓, age ▓ their minor daughter, ▓, age ▓, his mother, Pamela Diann Gandy, and his adult sister, ▓.  The Under Seal Notice of Appearance, Waiver of Service and Consent to Distribution of Settlement Proceeds of Pamela Diann Gandy, decedent Sean Christopher Snyder's mother, has been submitted with the plaintiff's Under Seal Application for Compromise.

11.  Amy Snyder was dependent on her husband Sean for support, care and companionship.  Sean's earnings were part of the Snyder household income.  Amy also depended on Sean for the substantial services he performed in the home, including household financial management, gardening, cleaning, cooking meals, trash removal, laundry and shopping.  Sean also provided Amy with advice and counsel throughout their marriage and provided their children with parental training, education, care and guidance.

12.  In making the decision whether to advise my client to accept the proposed settlement with the Sikorsky defendants in the amount of $ ▓, I have considered the

potential liability of the Sikorsky defendants for compensatory and punitive damages; the elements of damages that potentially may be recovered under applicable law, including the Death on the High Seas Act[2]; the factual and legal defenses that each settling defendant may assert and the facts of this case. In evaluating the settlement in this case and the relevant case law, I believe that the settlement with the Sikorsky defendants in the amount of $███████ for the wrongful death of Sean Christopher Snyder is fair and reasonable compensation for the potentially available pecuniary and non-economic losses resulting from his injuries. Plaintiff Amy Snyder agrees and wishes to accept the settlement offer. Accordingly, it is requested that the Court approve this settlement.

## DISTRIBUTION, ATTORNEYS' FEES AND DISBURSEMENTS

13. The retainer agreement with Kreindler & Kreindler LLP sets the attorneys' fees at ███% of the net recovery and defines net recovery as gross recovery less disbursements advanced. Kreindler & Kreindler LLP has agreed to reduce its attorneys' fees in this case from ███% to ███% and has agreed that the attorneys' fees of plaintiff Amy Snyder's local counsel in Texas, Furman Law Group, and her local counsel in Virginia, Plumlee & Overton, P.C., shall be paid from the total attorneys' fees from the settlement with the Sikorsky defendants. Because the services performed herein were significant and substantial, I believe the ███% attorneys' fees are reasonable and should be approved by this Court.

14. The attorneys of Kreindler & Kreindler LLP performed significant and substantial services in this case. They dealt extensively with the United States Navy to obtain and review

---

[2] An action under DOHSA is brought by the personal representative of the decedent "for the exclusive benefit of the decedent's spouse, parent, child or dependent relative." 46 U.S.C. § 30302. Available damages include "fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought." *Id.* § 30303.

Freedom of Information Act ("FOIA") documents pertaining to the subject helicopter; investigated potential defendants in this action prior to filing suit; gathered damages information pertaining to Amy's injuries and losses; extensively researched the law on the availability of damages under state and maritime law; appeared in court proceedings and conferences among the parties to the litigation; traveled several times to Norfolk, Virginia to meet with the clients and attend wreckage inspections; wrote and filed opposition papers to several motions to dismiss from the settling defendants; and negotiated a settlement with counsel for the settling parties. We also regularly correspond with Amy, updating her on the status of the case and advising her regarding its resolution. Furman Law Group also provided substantial services in the related action against defendant M1 Support Services, L.P., pending in the District Court of Denton County, Texas. Plumlee & Overton, P.C. also provided substantial services in this case and in the Circuit Courts of Virginia Beach, Virginia and Norfolk, Virginia.

   15. As set forth above, the gross settlement with the Sikorsky defendants in this case is $███████. The retainer agreement provides that disbursements shall be deducted from the gross recovery to calculate the net recovery upon which the fee is then computed. The disbursements in Amy Snyder's case allocated to the settlement with the Sikorsky defendants total $██████, which are subtracted from the gross recovery of $███████, leaving a net recovery after payment of case expenses of $███████, which is the number used to calculate the ██% attorneys' fee. ██% of $███████ equals $██████ for attorneys' fees related to the Sikorsky settlement of which Kreindler & Kreindler LLP will receive $██████ for its fee, Furman Law Group will receive $██████ for its fee, and Plumlee & Overton, P.C. will receive $██████ for its fee. The net recovery from the Sikorsky settlement is therefore $██████ ($██████ minus $██████).

## DISTRIBUTION

16. We have advised plaintiff Amy Snyder that the Court has ruled that the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302, applies to her claims for the wrongful death of her husband. An action under DOHSA can only be brought by the personal representative of the decedent "for the exclusive benefit of the decedent's spouse, parent, child or dependent relative." *Id.* Available damages include "fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought." *Id.* § 30303. "Pecuniary loss" is generally defined as "all the financial contributions that the decedent would have made to his dependents had he lived." *In re Air Crash Near Nantucket Island, Mass on October 31, 1999*, 462 F.Supp.2d 360, 366 (E.D.N.Y. 2006). This includes damages for 1) loss of support, 2) loss of services, 3) loss of parental nurture, 4) loss of inheritance, and 5) funeral or burial expenses. *Id.* Nonpecuniary damages, including grief and loss of society, are not recoverable. *Zicherman v. Korean Air Lines,* 516 U.S. 217, 230 (1996). Damage for pre-death pain and suffering are also not recoverable in non-commercial aviation cases. *Dooley v. Korean Air Lines,* 524 U.S. 116, 124 (1998).

17. Other than plaintiff Amy Snyder, Sean Christopher Snyder's two adult children, ▇▇▇▇▇▇▇, age ▇, and ▇▇▇▇▇▇▇ age ▇, Sean Christopher Snyder's two minor children, ▇▇▇▇▇▇▇ age ▇, and ▇▇▇▇▇▇▇ age ▇, Sean Christopher Snyder's mother, Pamela Diann Gandy, and his adult sister, ▇▇▇▇▇▇▇ I am not aware of: (a) any other potential beneficiaries to this claim, or (b) any other potentially financially dependent relatives of Sean Christopher Snyder. However, as set forth in the Under Seal Notice of Appearance, Waiver of Service and Consent to Distribution of Settlement Proceeds of Pamela Diann Gandy, decedent Sean Christopher Snyder's mother, has decided not to receive any of the

settlement funds. Furthermore, Sean's sister was not financially dependent upon him at the time of his death and therefore does not qualify as a DOHSA beneficiary.

  18. Therefore, because DOHSA does not recognize a survival cause of action, it is respectfully submitted that for the purposes of this settlement, the Court should allocate the entire net recovery of $ ▮ to the wrongful death action for the benefit of plaintiff Amy Snyder and the benefit of Sean Christopher Snyder's children, ▮, age ▮, ▮, age ▮, ▮, age ▮, and ▮ age ▮. I respectfully request that the net recovery in the total amount of $ ▮ be distributed between Amy Snyder, ▮ as follows:

  a. Amy Snyder, for her distributive share as decedent's surviving wife – $ ▮

  b. ▮, for his distributive share as decedent's surviving adult son – $ ▮

  c. ▮, for his distributive share as decedent's surviving adult son – $ ▮

  d. ▮, for his distributive share as decedent's surviving minor son – $ ▮

  e. ▮, for her distributive share as decedent's surviving minor daughter – $ ▮.

  19. Amy Snyder, as the mother and guardian of Sean Christopher Snyder's minor children, ▮ age ▮, and ▮, age ▮, has requested that the present value net recovery of $ ▮ to be paid to ▮ and the present value net recovery of $ ▮ to be paid to ▮ be payable through structured

8

settlements providing certain future periodic payments as specified below, said payments to be funded by annuity policies that defendant Sikorsky Aircraft Corporation will purchase or cause to be purchased from an insurer approved by the Connecticut State Insurance Department. Amy Snyder, on behalf of her minor children ▮▮▮ and ▮▮▮, has chosen to purchase these annuities through Metropolitan Tower Life Insurance Company, and I have informed her that Metropolitan Tower Life Insurance Company has approved status and is rated A+ by A.M. Best and Aa3 by Fitch.

20.  The structured settlement proposal for Amy Snyder's minor son  (date of birth ▮▮▮) totals $▮▮▮ and provides for the following certain lump sum payments:



On ▮▮▮
On ▮▮▮
On ▮▮▮
On ▮▮▮
On ▮▮▮ and
On ▮▮▮.

21.  The total cost of the structured settlement proposal for Amy Snyder's minor son ▮▮▮ is $▮▮▮. The total certain future benefits are $▮▮▮.

22.  The structured settlement proposal for Amy Snyder's minor daughter  (date of birth ▮▮▮) totals $▮▮▮ and provides for the following certain lump sum payments:



On ▮▮▮
On ▮▮▮
On ▮▮▮
On ▮▮▮
On ▮▮▮ and
On ▮▮▮.

23. The total cost of the structured settlement proposal for Amy Snyder's minor daughter ███████████████ is $███████. The total certain future benefits are $███████.

24. For Amy Snyder's minor children ███████████ and ███████████ it is respectfully requested that the Court authorize the funding of these certain future payments through the purchase of annuity policies by defendant Sikorsky Aircraft Corporation through Metropolitan Tower Life Insurance Company.

25. For Amy Snyder's minor children ███████████ and ███████████, it is respectfully requested that the Court authorize defendant Sikorsky Aircraft Corporation to make a qualified assignment, within the meaning of Internal Revenue Code § 130(c), to Metropolitan Tower Life Insurance Company, which thereafter will own the above-described annuity policies of ███████████ and ███████████ and become obligated in defendant's stead to make certain future periodic payments as set forth above in this Application.

26. I understand that all related expenses have been paid in full and that there are no unpaid or outstanding bills or debts incurred in connection with or arising out of the personal injuries suffered by Sean Christopher Snyder in the January 8, 2014 crash.

27. Accordingly, it is proposed that the partial settlement with the Sikorsky defendants in the amount of $███████ be approved and that this Court order distribution of the $███████ as follows:

    a. To Kreindler & Kreindler LLP for reimbursement of disbursements: ███████

    b. To Kreindler & Kreindler LLP for attorneys' fees: ███████

10

    c. To Furman Law Group for attorneys' fees: ███

    d. To Plumlee & Overton, P.C. for attorneys' fees: ███

    e. To Amy Snyder, for her distributive share as decedent's surviving wife: ███

    f. To ███, for his distributive share as decedent's surviving adult son: ███

    g. To ███, for his distributive share as decedent's surviving adult son: ███

    h. To ███, as his distributive share as decedent's surviving minor son, for the purchase of an annuity by defendant Sikorsky Aircraft Corporation from Metropolitan Tower Life Insurance Company to fund the certain future periodic payments totaling $███: ███

    i. To ███, as her distributive share as decedent's surviving minor daughter, for the purchase of an annuity by defendant Sikorsky Aircraft Corporation from Metropolitan Tower Life Insurance Company to fund the certain future periodic payments totaling $███

**TOTAL** ███

28.     As is customary, no bond should be required, because it would involve substantial expense and is not necessary.

11

29. Neither Amy Snyder, her adult sons, ▇▇▇▇▇▇▇ and ▇▇▇▇ ▇▇▇ her minor children, ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇ nor any member of Kreindler & Kreindler LLP is in any way connected with the defendants or their agents, representatives or insurers. The only interest Kreindler & Kreindler LLP has in these actions is as attorneys for Plaintiff.

30. Other than the attorneys' fees and return of disbursements requested herein, Kreindler & Kreindler LLP has not become interested in Plaintiff's Application at the request of the Defendants or any of their agents, representatives or insurers.

31. The only persons interested in this Application are Amy Snyder, individually and on behalf of her adult sons, ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇, and her minor children, ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇, and Kreindler & Kreindler LLP.

32. No previous application for the relief requested herein has ever been made to this or any other Court.

WHEREFORE, I respectfully join in the prayer for relief contained in the Application.

_____
Francis G. Fleming, Jr., Esq.

Sworn to before me this
31st day of October, 2017

_____
Notary Public

DEBRA PAGAN
Notary Public, State of New York
No. 01PA6006894
Qualified in Bronx County
Commission Expires May 11, 2018