UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as surviving spouse and Personal Representative of the Estate of LT. J Wesley Van Dorn, USN, deceased; <br><br> Amy Snyder, as surviving spouse and Personal Representative of the Estate of LT. Sean Christopher Snyder, USN, deceased; <br><br> Cheyenne Collins, as surviving spouse and Personal Representative of the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and <br><br> Petty Officer 2nd Class Dylan Morgan Boone, USN, <br><br>      Plaintiffs, <br><br> - against - <br><br> Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services; <br><br> General Electric Company; <br><br> E.I. du Pont de Nemours and Company; and <br><br> L-3 Communications Corporation, <br><br>      Defendants. | Docket No.  3:15-CV-01877-AWT <br><br><br> **UNDER SEAL APPLICATION FOR COMPROMISE OF PLAINTIFF CHEYENNE COLLINS' CLAIMS AGAINST DEFENDANTS SIKORSKY AIRCRAFT CORPORATION AND SIKORSKY SUPPORT SERVICES, INC., DBA <u>SIKORSKY AEROSPACE SERVICES</u>** |

  Plaintiff Cheyenne Collins, individually, and as Personal Representative of the Estate of Petty Officer 3rd Class Brian Andrew Collins, United States Navy, deceased, respectfully applies to this Court for an Order: (a) approving the proposed settlement of her claims against defendants Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc., dba Sikorsky Aerospace Service ("Sikorsky defendants"); (b) authorizing payment of reasonable attorneys' fees and reimbursement of proper disbursements; (c) authorizing distribution of the balance of

the proceeds as set forth herein; (d) authorizing plaintiff Cheyenne Collins to execute an appropriate release of the Sikorsky defendants; and (e) authorizing Francis G. Fleming, Jr., as attorney for plaintiff Cheyenne Collins, to execute a stipulation dismissing the Sikorsky defendants from this action with prejudice.

In support of my application, I state as follows:

1. The Sikorsky defendants and defendants General Electric Company ("GE") and E.I. du Pont de Nemours and Company ("DuPont") have each offered to confidentially settle the wrongful death claims that I have brought against them in this action.[1]

2. In order to maintain the confidentiality of the individual settlement amounts, the defendants have requested that I submit separate, under seal compromise papers for each settlement. This application for compromise pertains only to the confidential settlement between plaintiff Cheyenne Collins and the Sikorsky defendants. The applications for compromise pertaining to plaintiff Cheyenne Collins' settlements with defendants GE and DuPont are being submitted separately.

3. Each set of compromise papers will address different aspects of plaintiff's settlement with the defendants. The compromise papers pertaining to plaintiff's settlement with the Sikorsky defendants will detail the distribution of the settlement proceeds to Hollee Ann Collins, decedent's mother, and William John Collins, decedent's father. The compromise papers pertaining to plaintiff's settlement with defendant DuPont will address the TRICARE lien for the expenses associated with the medical treatment received by Brian Andrew Collins after the helicopter crash and prior to his death. The Sikorsky, DuPont and GE compromise papers will all

---

[1] Plaintiff's claims against defendant L-3 Communications Corporation have not settled and continue to be litigated.

deal with the reimbursement of case expenses, the payment of attorneys' fees, and the settlement proceeds to be distributed to Cheyenne Collins, the wife of decedent Brian Andrew Collins.

4. The Sikorsky defendants have offered to settle the wrongful death claims that I filed against them in this action for a present value sum of $[REDACTED], upon receipt of a copy of a Compromise Order signed by this Court and upon receipt of a Release executed by me. I wish to accept their offer to partially settle this action.

5. This cause of action arose as follows: on January 8, 2014, my husband, United States Navy Petty Officer Third Class Brian Andrew Collins, (the "decedent"), age [REDACTED], suffered severe injuries in the crash of a United States Navy MH-53E helicopter off the coast of Virginia. He later died from his injuries at Norfolk Virginia Naval Hospital.

6. Decedent Brian Andrew Collins was born on [REDACTED] in [REDACTED]. He is survived by his wife (me), his mother, Hollee Ann Collins, his father, William John Collins, and his two adult sisters, [REDACTED] and [REDACTED]. The Under Seal Notices of Appearance, Waivers of Service and Consents to Distribution of Settlement Proceeds of decedent Brian Andrew Collin's parents, Hollee Ann Collins and William John Collins, are submitted with this Under Seal Application.

7. Decedent Brian Andrew Collins and I were married on [REDACTED]. We did not have any children. He was a United States citizen with Social Security number [REDACTED]. Between [REDACTED] and the date of his death on January 8, 2014, we resided together in [REDACTED].

8. I was duly appointed as Administrator of the Estate of Brian Andrew Collins by the Circuit Court of Norfolk, Virginia, on December 17, 2015.

9. I, both individually and as Administrator of the Estate of Brian Andrew Collins, deceased, retained Kreindler & Kreindler LLP to prosecute a wrongful death claim against defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services, General Electric Company, E.I. du Pont de Nemours and Company, and L-3 Communications Corporation. That civil action was filed in this Court and assigned Case No. 3:15-CV-01877-AWT.

10. The Affidavit of my attorney, Francis G. Fleming, Jr. of Kreindler & Kreindler LLP, is submitted to describe the legal and factual bases supporting this Application. I have read and accept his Affidavit.

## THE SETTLEMENT IS REASONABLE

11. Under all of the circumstances, the proposed settlement with the Sikorsky defendants in the present value amount of $ ▮ for the death of Brian Andrew Collins is reasonable and should be approved by this Court. At the time of his death, Brian Andrew Collins was ▮ years of age, in good health, and had a normal work and life expectancy.

12. Brian Andrew Collins graduated from ▮ in ▮ in ▮. He thereafter attended ▮ from ▮ and was certificated in Collision Repair and Refurnishing. He joined the United States Navy in ▮ and was trained as an aircrewman and mechanic on the Navy MH-53E helicopter.

13. At the time of his death, Brian Andrew Collins was a MH-53E helicopter Crew Chief and had achieved the Navy rank of Petty Officer Third Class Aircrewman (E-4). In 2011, his salary was $▮.

14. I was financially dependent on my husband Brian. Brian's earnings were part of our household income. I also depended on Brian for the substantial services he provided, including

household financial management, gardening, cleaning, cooking meals, trash removal, laundry and shopping. Brian also provided me with advice and counsel. In addition, Brian provided some financial support and services to his mother, Hollee Ann Collins, and his father, William John Collins.

15.    In making my decision to accept the proposed settlement with the Sikorsky defendants in the amount of $▮▮▮▮, I have considered the potential liability of the Sikorsky defendants for compensatory and punitive damages; the elements of damages that potentially may be recovered; the facts of this case; and the proposed settlements of the other plaintiffs in this case. I believe the settlement offer is fair and I respectfully request that the Court approve this settlement.

## ATTORNEYS' FEES AND DISBURSEMENTS

16.    My retainer agreement with Kreindler & Kreindler LLP sets the attorneys' fees at ▮▮% of the net recovery and defines net recovery as gross recovery less disbursements advanced. Kreindler & Kreindler LLP has agreed to reduce their attorneys' fees in my case from ▮▮% to ▮%, and has agreed that the attorneys' fees of my local counsel in Texas, Furman Law Group, and my local counsel in Virginia, Plumlee & Overton, P.C., shall be paid from the total attorneys' fees from my settlement with the Sikorsky defendants. Because the services performed herein were significant and substantial, I believe the ▮% attorneys' fees are reasonable and should be approved by this Court.

17.    As set forth in paragraph 4 above, the gross settlement with the Sikorsky defendants in this case is $▮▮▮▮. The retainer agreement provides that disbursements shall be deducted from the gross recovery to calculate the net recovery upon which the fee is then computed. The disbursements in this case allocated to my settlement with the Sikorsky defendants total $▮▮▮▮, which are subtracted from the gross recovery of $▮▮▮▮, leaving a net recovery after payment

of case expenses of $███████, which is the number used to calculate the ███ attorneys' fee. ███ of $███████ equals $███████ for attorneys' fees related to the Sikorsky settlement, of which Kreindler & Kreindler LLP will receive $███████ for its fee, Furman Law Group will receive $███████ for its fee, and Plumlee & Overton, P.C. will receive $███████ for its fee. The net recovery from the Sikorsky settlement is therefore $███████ ($███████ minus $███████). I agree to the payment of the aforementioned attorneys' fees and disbursements to Kreindler & Kreindler LLP, Furman Law Group and Plumlee & Overton, P.C.

### DISTRIBUTION

18.     I have been informed by my attorneys that the Court has ruled that the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302, applies to Brian's case. An action under DOHSA can only be brought by the personal representative of the decedent "for the exclusive benefit of the decedent's spouse, parent, child or dependent relative." *Id.* Available damages include "fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought." *Id.* § 30303. "Pecuniary loss" is generally defined as "all the financial contributions that the decedent would have made to his dependents had he lived." *In re Air Crash Near Nantucket Island, Mass on October 31, 1999*, 462 F.Supp.2d 360, 366 (E.D.N.Y. 2006). This includes damages for 1) loss of support, 2) loss of services, 3) loss of parental nurture, 4) loss of inheritance, and 5) funeral or burial expenses. *Id.* Nonpecuniary damages, including grief and loss of society, are not recoverable. *Zicherman v. Korean Air Lines,* 516 U.S. 217, 230 (1996). Damages for pre-death pain and suffering are also not recoverable in non-commercial aviation cases. *Dooley v. Korean Air Lines,* 524 U.S. 116, 124 (1998).

19.     Other than myself, Brian's parents and Brian's sisters, I am not aware of: (a) any other potential beneficiaries to this claim, or (b) any other potentially financially dependent


relatives of my husband, Brian. Brian's parents, Hollee Ann Collins and William John Collins, and I have agreed that the net recovery from the settlement with the Sikorsky defendants is to be distributed between me, Hollee Ann Collins and William John Collins, with Hollee Ann Collins receiving $         William John Collins receiving $         and the remainder of $         being paid to me. Also, as set forth in the Under Seal Notices of Appearance, Waivers of Service and Consents to Distribution of Settlement Proceeds of decedent Brian Andrew Collin's parents, Hollee Ann Collins and William John Collins, Brian's sisters were not financially dependent upon him at the time of his death and therefore do not qualify as DOHSA beneficiaries.

20.   Therefore, because DOHSA does not recognize a survival cause of action, it is respectfully submitted that for the purposes of this settlement, the Court should allocate the entire net recovery of $         to the wrongful death action for my benefit and the benefit of Brian's parents, Hollee Ann Collins and William John Collins.

21.   I respectfully request that the net recovery from the Sikorsky settlement in the total amount of $         be distributed between me, Hollee Ann Collins and William John Collins, according to our agreement, as follows:

   a. To Cheyenne Collins for her distributive share from the Sikorsky settlement as decedent's surviving wife – $         

   b. To Hollee Ann Collins for her distributive share as decedent's surviving mother - $         

   c. To William John Collins for his distributive share as decedent's surviving father – $

22. I understand that all related expenses have been paid in full and that there are no unpaid or outstanding bills or debts incurred in connection with our personal injuries related to the January 8, 2014, crash, other than the lien for medical expenses discussed below.

23. I understand that TRICARE has a lien for medical treatment payments made on behalf of Brian Andrew Collins in the amount of $ against the total recovery in this case under the Medical Care Recovery Act, 42 U.S.C. § 2651 and that my attorneys are presently negotiating the reduction or waiver of that lien. The repayment of the TRICARE lien for medical expenses incurred by Brian Andrew Collins is addressed in the compromise papers pertaining to my settlement with defendant DuPont.

24. As is customary, no bond should be required to be filed for the collection and distribution of the settlement proceeds as set forth in the Under Seal Compromise Order to be entered in this action, because it would involve substantial expense and is not necessary.

25. No member of Kreindler and Kreindler LLP is in any way connected with the defendants or their agents, representatives or insurers. The only interest Kreindler and Kreindler LLP has in these actions is as my attorneys.

26. Other than the attorneys' fees and return of disbursements requested herein, Kreindler & Kreindler LLP has not become interested in this Application at the request of the defendants or any of their agents, representatives or insurers.

27. No previous application for the relief requested herein has ever been made to this or any other court.

28. I have reviewed a copy of the proposed Order that will be submitted to the Clerk with this Application. I approve the proposed Order and respectfully request that the proposed Order be entered by the Court.

WHEREFORE, Plaintiff Cheyenne Collins, individually and as Personal Representative of the Estate of Brian Andrew Collins, respectfully requests that this Application be granted in its entirety; that the proposed settlement with the Sikorsky defendants in the amount of $ ▇ be approved; that the attorneys' fees and disbursements be allowed and fixed as set forth herein; that the balance of the proceeds be distributed as set forth herein; that plaintiff Cheyenne Collins be authorized to execute an appropriate release of the Sikorsky defendants; that Francis G. Fleming be authorized to execute a Stipulation of Dismissal of the Sikorsky defendants from Case No. 3:15-CV-01877-AWT with prejudice; that no bond be required; and that this Court order distribution of the $ ▇ settlement proceeds as follows:



a. To Kreindler & Kreindler LLP for reimbursement of disbursements:

b. To Kreindler & Kreindler LLP for attorneys' fees:

c. To Furman Law Group for attorneys' fees:

d. To Plumlee & Overton, P.C. for attorneys' fees:

e. To Cheyenne Collins for her distributive share as decedent's surviving wife:

f. To Hollee Ann Collins for her distributive share as decedent's surviving mother:

g. To William John Collins for his distributive share as decedent's surviving father:

**TOTAL**

_____ formerly
Cheyenne Collins, Individually and as         Cheyenne
Personal Representative of the Estate of      Collins
Petty Officer 3rd Class Brian Andrew
Collins, USN, deceased.

Sworn to before me this
_____ day of November, 2017

SEE ATTACHED

_____
Notary Public

## CALIFORNIA JURAT FORM

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

Subscribed and sworn to (affirmed) before me on this __6th__ day of __November__, 2017, by __Cheyenne Collins__

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Signature _____

Commission Expires: 16 July 2019

TARANEH KOSARI
COMM. # 2119619
NOTARY PUBLIC - CALIFORNIA
PLACER COUNTY
MY COMM. EXP. JULY 16, 2019

**OPTIONAL**

Description of attached document: _____

_____

Number of pages: _____
Document date: _____
Capacity of Signer(s):
    Trustee
    Power of Attorney
    CEO / CFO / COO
    President / Vice-President / Secretary / Treasurer
Other_____