## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as Surviving Spouse and Personal Representative for the Estate of LT J Wesley Van Dorn, USN, Deceased; | No. 3:15-cv-01877-AWT |
| Amy Snyder, as Surviving Spouse and Personal Representative for the Estate of LT Sean Christopher Snyder, USN, Deceased; | |
| Cheyenne Collins, as Surviving Spouse and Personal Representative for the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, Deceased; and | **JOINT STATUS REPORT** |
| Petty Officer 2nd Class Dylan Morgan Boone, USN, | |
| Plaintiffs, | December 20, 2017 |
| - Against - | |
| Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services; | |
| General Electric Company; | |
| E.I. du Pont de Nemours & Co.; and | |
| L-3 Communications Corporation, | |
| Defendants. | |

  Pursuant to the Court's November 21, 2017 calendar notice, the parties respectfully submit this Joint Status Report.

  This action arises from the crash of a United States Navy MH-53E helicopter eighteen miles off the coast of Virginia on January 8, 2014. The Plaintiffs consist of the surviving spouses of the three deceased serviceman on board, Nicole Van Dorn, Amy Snyder and Cheyenne Collins

1

("the Wrongful Death Plaintiffs"), as well as a surviving crewman, Dylan Morgan Boone, who was seriously injured in the crash.  Plaintiffs' Complaint sounds in strict products liability and negligence and alleges that Defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services (collectively "Sikorsky"), General Electric Company ("GE"), E. I. du Pont de Nemours and Company ("DuPont") and L-3 Communications Corporation ("L-3") are liable for the explosion and the damages suffered by Plaintiffs as manufacturers, sellers or maintainers of the subject helicopter and/or its component parts.

The defendants deny liability as alleged.

## **SETTLEMENT**

As discussed on the December 6, 2017 conference call with Parajudicial Officer Jim Hawkins, Plaintiffs have reached confidential settlements with Defendants Sikorsky, DuPont and GE.  The language of the release agreements has been finalized.  Because three of the claims are for wrongful death, some involving minors, Plaintiffs are applying to this Court for approval of all settlements.  Since the status conference with PJO Hawkins, Plaintiffs have filed under seal compromise applications in the Snyder, Collins and Boone matters.  Because the parents of the decedent in the Van Dorn matter are seeking legal advice concerning the allocation of the settlement proceeds, the Van Dorn compromise papers have not yet been filed with the Court.  As soon as Plaintiffs' counsel receives signed papers from decedent Van Dorn's parents, they will be filed with the Court.

Plaintiffs have discussed settlement with L-3 but have not successfully resolved those claims.  Counsel for Plaintiffs and L-3 continue to have constructive discussions regarding the resolution of this matter.

By way of full disclosure, Plaintiffs wish to advise the Court that a separate action in Texas state court, *Van Dorn v. M1 Support Services, L.P.*, Cause No. 16-0046-393 (Denton County) by Plaintiffs against M1 Support Services, L.P. is also pending and is set for trial in June 2018. Coordination between the parties regarding these two matters has been excellent. However, as discussed below, the parties continue to require the materials they have requested from the United States Navy.

## DISCOVERY

Plaintiffs and Defendant L-3 have exchanged written discovery. On December 13, 2017, a corporate representative of L-3 was deposed by Plaintiffs' counsel.

On October 7, 2016, the parties submitted joint *Touhy* requests to branches of the United States military, including the Navy, in order to obtain necessary evidence for this case. While the parties still anticipate that it may take some time for the military to fully respond to their *Touhy* requests, Plaintiffs have recently had productive discussions with counsel for the Navy concerning depositions of Naval personnel. It is presently anticipated that some depositions will take place in Norfolk, Virginia, in January 2018.

## DEFENDANT L-3'S PRE-MOTION FOR SUMMARY JUDGMENT CONFERENCE

Defendant L-3 desires to file a motion for summary judgment, and in compliance with the Court's pretrial preferences, L-3 requests a pre-motion for summary judgment conference. L-3 appreciates that the parties' joint *Touhy* requests have not yet been responded to by the branches of the United States military, and that it is anticipated that some depositions of Naval personnel soon may occur. Nonetheless L-3 does not believe that any military documents or information not already known to Plaintiffs would have any substantive factual or legal bearing on L-3's motion for summary judgment.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated:   December 20, 2017 | **Plaintiffs** |
|  | **By**   /S/   Francis G. Fleming |
|  | Francis G. Fleming, Jr. Esq. (ct30032)<br>Andrew J. Maloney (ct15639)<br>Kreindler & Kreindler LLP |
|  | *Attorneys for Plaintiffs Nicole Van Dorn, Amy Snyder, Cheyenne Collins, and Dylan Morgan Boone* |
|  | **Defendants** |
|  | **By**   /S/  Paul N. Bowles III |
|  | Paul N. Bowles III, Esq. (pro hac vice) |
|  | Fitzpatrick & Hunt, Tucker, Pagano, Aubert, LLP |
|  | Frank Usseglio, Esq.<br>Kenny, O'Keefe & Usseglio, P.C. (ct04331) |
|  | *Attorneys for Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;* |
|  | **By**   /S/ Kevin M. Smith |
|  | Kevin M. Smith, Esq. (ct24774)<br>Erik H. Beard, Esq. (ct26941) |

4

Wiggin and Dana LLP

*Attorneys for General Electric Co.*

By   /S/ Diane Westwood Wilson

Diane Westwood Wilson, Esq. (ct25376)
LeClairRyan

Lisa Savitt, Esq. (*pro hac vice*)
The Axelrod Firm, PC

*Attorneys for E. I. du Pont de Nemours and Company*

By   /S/   Steven E. Arnold

Steven E. Arnold, Esq. (ct07966)
SA Law, P.C.

*Attorneys for L-3 Communications Corporation*

5

**CERTIFICATION**

  I hereby certify that on this 20th day of December, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electric filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                /s/ Francis G. Fleming
                FRANCIS G. FLEMING