UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nicole Van Dorn, as surviving spouse and Personal Representative of the Estate of LT. J Wesley Van Dorn, USN, deceased;<br><br>Amy Snyder, as surviving spouse and Personal Representative of the Estate of LT. Sean Christopher Snyder, USN, deceased;<br><br>Cheyenne Collins, as surviving spouse and Personal Representative of the Estate of Petty Officer 3rd Class Brian Andrew Collins, USN, deceased; and<br><br>Petty Officer 2nd Class Dylan Morgan Boone, USN,<br><br>              Plaintiffs,<br><br>- against -<br><br>Sikorsky Aircraft Corporation; Sikorsky Support Services, Inc. dba Sikorsky Aerospace Services;<br><br>General Electric Company;<br><br>E.I. du Pont de Nemours and Company; and<br><br>L-3 Communications Corporation,<br><br>              Defendants. | Docket No. 3:15-CV-01877-AWT<br><br><br>**UNDER SEAL**<br>**ATTORNEY'S AFFIDAVIT IN SUPPORT OF PLAINTIFF NICOLE VAN DORN'S UNDER SEAL APPLICATION FOR COMPROMISE OF HER CLAIMS AGAINST DEFENDANT GENERAL ELECTRIC COMPANY** |

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK  )

        Francis G. Fleming, Jr., being duly sworn, deposes and says:

        1.     I am Of Counsel to Kreindler & Kreindler LLP, attorneys for plaintiff Nicole Van Dorn in the above action, am fully familiar with this litigation and respectfully submit this affidavit in support of the Application of plaintiff Nicole Van Dorn, as surviving spouse and

Personal Representative of the Estate of United States Navy Lieutenant J Wesley Van Dorn ("decedent"), for an Order: (a) approving the proposed settlement of her claims against defendant General Electric Company ("GE"); (b) authorizing payment of reasonable attorneys' fees and reimbursement of proper disbursements; (c) authorizing distribution of the balance of the proceeds as set forth herein; (d) authorizing plaintiff Nicole Van Dorn to execute an appropriate release of defendant GE; and (e) authorizing me, as attorney for plaintiff Nicole Van Dorn, to execute a stipulation dismissing defendant GE from this action with prejudice.

2. Defendants GE, Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services ("Sikorsky defendants"), and E.I. du Pont de Nemours and Company ("DuPont") have each offered to confidentially settle the wrongful death claims brought against them in this action.[1]

3. In order to maintain the confidentiality of the individual settlement amounts, the defendants have requested that we submit separate, under seal compromise papers for each settlement. This application for compromise pertains only to the confidential settlement between plaintiff Nicole Van Dorn and defendant GE. The applications for compromise pertaining to plaintiff Nicole Van Dorn's settlements with the Sikorsky defendants and defendant DuPont are being submitted separately.

4. Each set of compromise papers will address different aspects of plaintiff's settlement with the defendants. The compromise papers pertaining to plaintiff's settlement with the Sikorsky defendants will detail the funding of the structured settlement annuities that are being established for ▓▓▓▓▓ and ▓▓▓▓▓, decedent J Wesley Van

---

[1] Plaintiff's claims against defendant L-3 Communications Corporation have not settled and continue to be litigated.

Case 3:15-cv-01877-AWT   Document 183-1   Filed 01/08/18   Page 3 of 9

Dorn's minor sons. The compromise papers pertaining to plaintiff's settlement with defendant DuPont will address the TRICARE lien for the expenses associated with the medical treatment received by J Wesley Van Dorn after the helicopter crash and prior to his death. The GE, Sikorsky and DuPont compromise papers will all deal with the reimbursement of case expenses, the payment of attorneys' fees, and the settlement proceeds to be distributed to Nicole Van Dorn, the wife of decedent J Wesley Van Dorn.

5. Defendant GE has offered to settle the wrongful death claims filed against it in this action for the present value sum of $■■■■■■, upon receipt of a copy of a Compromise Order signed by this Court and upon receipt of a Release executed by plaintiff Nicole Van Dorn.

6. This action arises out of the crash of a United States Navy MH-53E helicopter off the coast of Virginia on January 8, 2014. Navy Lieutenant J Wesley Van Dorn was a pilot on board the helicopter. He was severely injured in the crash and later died from his injuries at Norfolk Virginia Naval Hospital.

7. Plaintiff Nicole Van Dorn was appointed as Administrator of the Estate of J Wesley Van Dorn by the Circuit Court of Norfolk, Virginia, on December 17, 2015.

8. Plaintiff Nicole Van Dorn subsequently retained Kreindler & Kreindler LLP to prosecute a wrongful death claim against defendants Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., dba Sikorsky Aerospace Services, General Electric Company, E.I. du Pont de Nemours and Company, and L-3 Communications Corporation. The retainer agreement with Kreindler & Kreindler LLP set the attorneys' fees at ■■■■■■ of the net recovery and defines net recovery as gross recovery less disbursements advanced.

3

## THE SETTLEMENT IS REASONABLE

9. Under all of the circumstances, the proposed settlement with defendant GE in the present value amount of $█████ for the death of J Wesley Van Dorn is reasonable and should be approved by this Court. At the time of his death, J Wesley Van Dorn was █ years of age, in good health, and had a normal work and life expectancy. J Wesley Van Dorn was employed by the United States Navy as a helicopter aircraft commander on the Navy MH-53E helicopter and was the █████████ of his squadron. He had achieved the Navy rank of Lieutenant (O-3). In 2013, his earnings were $█████.

10. J Wesley Van Dorn is survived by his wife, plaintiff Nicole Van Dorn, his two minor sons, █████████, age █ and █████████, age █, his mother, Susan Van Dorn, his father, Mark W. Van Dorn, his adult sister, █████████ and his adult brother, █████████. The Under Seal Notices of Appearance, Waivers of Service and Consents to Distribution of Settlement Proceeds of decedent J Wesley Van Dorn's parents, Susan Van Dorn and Mark W. Van Dorn, have been submitted with the plaintiff's Under Seal Application for Compromise.

11. Nicole Van Dorn was dependent on her husband J Wesley for support, care and companionship. J Wesley's earnings were part of the Van Dorn household income. Nicole also depended on J Wesley for the substantial services he performed in the home, including household financial management, gardening, cleaning, cooking meals, trash removal, laundry and shopping. J Wesley also provided Nicole with advice and counsel throughout their marriage and provided their children with parental training, education, care and guidance.

12. In making the decision whether to advise my client to accept the proposed settlement with defendant GE in the amount of $█████, I have considered the potential

liability of defendant GE for compensatory and punitive damages; the elements of damages that potentially may be recovered under applicable law, including the Death on the High Seas Act[2]; the factual and legal defenses that each settling defendant may assert and the facts of this case. In evaluating the settlement in this case and the relevant case law, I believe that the settlement with defendant GE in the amount of $▇▇▇ for the wrongful death of J Wesley Van Dorn is fair and reasonable compensation for the potentially available pecuniary and non-economic losses resulting from his injuries. Plaintiff Nicole Van Dorn agrees and wishes to accept the settlement offer. Accordingly, it is requested that the Court approve this settlement.

## DISTRIBUTION, ATTORNEYS' FEES AND DISBURSEMENTS

13. The retainer agreement with Kreindler & Kreindler LLP sets the attorneys' fees at ▇▇▇ of the net recovery and defines net recovery as gross recovery less disbursements advanced. Kreindler & Kreindler LLP has agreed to reduce its attorneys' fees in this case from ▇▇▇ to ▇▇▇. Because the services performed herein were significant and substantial, I believe the ▇▇▇ attorneys' fees are reasonable and should be approved by this Court.

14. The attorneys of Kreindler & Kreindler LLP performed significant and substantial services in this case. They dealt extensively with the United States Navy to obtain and review Freedom of Information Act ("FOIA") documents pertaining to the subject helicopter; investigated potential defendants in this action prior to filing suit; gathered damages information pertaining to Nicole's injuries and losses; extensively researched the law on the availability of damages under state and maritime law; appeared in court proceedings and conferences among the parties to the

---

[2] An action under DOHSA is brought by the personal representative of the decedent "for the exclusive benefit of the decedent's spouse, parent, child or dependent relative." 46 U.S.C. § 30302. Available damages include "fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought." *Id.* § 30303.

litigation; traveled several times to Norfolk, Virginia to meet with the clients and attend wreckage inspections; wrote and filed opposition papers to several motions to dismiss from the settling defendants; and negotiated a settlement with counsel for the settling parties. In addition, Kreindler & Kreindler LLP continues to work with the Navy to obtain relevant documents and to resolve any liens on Nicole Van Dorn's recovery that the United States Government may have under the Medical Care Recovery Act, 42 U.S.C. § 2651. We also regularly correspond with Nicole, updating her on the status of the case and advising her regarding its resolution.

15. As set forth above, the gross settlement with defendant GE in this case is $ ███████. The retainer agreement provides that disbursements shall be deducted from the gross recovery to calculate the net recovery upon which the fee is then computed. The disbursements in Nicole Van Dorn's case allocated to the settlement with defendant GE total $ ███ which are subtracted from the gross recovery of $ ███████, leaving a net recovery after payment of case expenses of $ ███████, which is the number used to calculate the ███ attorneys' fee. ███ of $ ███████ equals $ ███████ for attorneys' fees related to the GE settlement. The net recovery from the GE settlement is therefore $ ███████ ($ ███████ minus $ ███████).

## DISTRIBUTION

16. We have advised plaintiff Nicole Van Dorn that the Court has ruled that the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302, applies to her claims for the wrongful death of her husband. An action under DOHSA can only be brought by the personal representative of the decedent "for the exclusive benefit of the decedent's spouse, parent, child or dependent relative." *Id.* Available damages include "fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought." *Id.* § 30303. "Pecuniary loss" is generally defined as "all the financial contributions that the decedent would have made to his dependents

6

had he lived." *In re Air Crash Near Nantucket Island, Mass on October 31, 1999*, 462 F.Supp.2d 360, 366 (E.D.N.Y. 2006). This includes damages for 1) loss of support, 2) loss of services, 3) loss of parental nurture, 4) loss of inheritance, and 5) funeral or burial expenses. *Id.* Nonpecuniary damages, including grief and loss of society, are not recoverable. *Zicherman v. Korean Air Lines,* 516 U.S. 217, 230 (1996). Damage for pre-death pain and suffering are also not recoverable in non-commercial aviation cases. *Dooley v. Korean Air Lines,* 524 U.S. 116, 124 (1998).

17. Other than plaintiff Nicole Van Dorn, J. Wesley Van Dorn's minor children, ▇▇▇, age ▇ and ▇▇▇, age ▇, J. Wesley's parents, Susan Van Dorn and Mark W. Van Dorn, his adult sister, ▇▇▇ and his adult brother, ▇▇▇, I am not aware of: (a) any other potential beneficiaries to this claim, or (b) any other potentially financially dependent relatives of J Wesley Van Dorn. However, as set forth in the Under Seal Notices of Appearance, Waivers of Service and Consents to Distribution of Settlement Proceeds of decedent J Wesley Van Dorn's parents, Susan Van Dorn and Mark W. Van Dorn, J Wesley's parents have decided not to receive any of the settlement funds. Furthermore, J Wesley's siblings were not financially dependent upon him at the time of his death and therefore do not qualify as DOHSA beneficiaries.

18. Therefore, because DOHSA does not recognize a survival cause of action, it is respectfully submitted that for the purposes of this settlement, the Court should allocate the entire net recovery of $▇▇▇ to the wrongful death action for the benefit of plaintiff Nicole Van Dorn. The amount of the settlement funds to be received by J Wesley Van Dorn's minor children, ▇▇▇, age ▇, and ▇▇▇ age ▇ and the purchase of structured settlement annuities by the Sikorsky defendants with those funds is addressed in the compromise papers pertaining to plaintiff Nicole Van Dorn with the Sikorsky defendants.

19. Other than the lien for medical expenses discussed below, I understand that all related expenses have been paid in full and that there are no unpaid or outstanding bills or debts incurred in connection with or arising out of the personal injuries suffered by J Wesley Van Dorn in the January 8, 2014 crash.

20. I understand that TRICARE has a lien for medical treatment payments made on behalf of J Wesley Van Dorn in the amount of $ ▅▅▅▅ against plaintiff's recovery under the Medical Care Recovery Act, 42 U.S.C. § 2651. We are presently negotiating the reduction or waiver of that lien. The repayment of the TRICARE lien for medical expenses incurred by J Wesley Van Dorn is addressed in the compromise papers pertaining to plaintiff Nicole Van Dorn's settlement with defendant DuPont.

21. Accordingly, it is proposed that the settlement between plaintiff Nicole Van Dorn and defendant GE in the amount of $ ▅▅▅▅ be approved and that this Court order distribution of the $ ▅▅▅▅ as follows:

   a. To Kreindler & Kreindler LLP for reimbursement of disbursements:

   b. To Kreindler & Kreindler LLP for attorneys' fees:

   c. To Nicole Van Dorn, for her distributive share as decedent's surviving wife:



**TOTAL**

22. As is customary, no bond should be required, because it would involve substantial expense and is not necessary.

23. Neither Nicole Van Dorn, her minor sons, ███████████ and ███████████, nor any member of Kreindler & Kreindler LLP is in any way connected with the defendants or their agents, representatives or insurers. The only interest Kreindler & Kreindler LLP has in these actions is as attorneys for Plaintiff.

24. Other than the attorneys' fees and return of disbursements requested herein, Kreindler & Kreindler LLP has not become interested in Plaintiff's Application at the request of the Defendants or any of their agents, representatives or insurers.

25. The only persons interested in this Application are Nicole Van Dorn, individually and on behalf of her minor sons, ███████████ and ███████████, and Kreindler & Kreindler LLP.

26. No previous application for the relief requested herein has ever been made to this or any other Court.

WHEREFORE, I respectfully join in the prayer for relief contained in the Application.

_____
Francis G. Fleming, Jr., Esq.

Sworn to before me this
31st day of October, 2017

_____
Notary Public

DEBRA PAGAN
Notary Public, State of New York
No. 01PA6006894
Qualified in Bronx County
Commission Expires May 11, 2018

9