UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE VAN DORN, as Surviving Spouse and Personal Representative of the Estate of LT. J. WESLEY VAN DORN, USN, deceased, et al | : : : : : | CIVIL NO. 3:15-cv-01877-AWT |
| Plaintiffs, | : : | |
| v. | : : | |
| SIKORSKY AIRCRAFT CORPORATION, et al | : : : | |
| Defendants. | : | MAY 22, 2018 |

**DEFENDANT
L-3 COMMUNICATIONS CORPORATION'S
ANSWER
AND
AFFIRMATIVE DEFENSES
TO
PLAINTIFFS' THIRD AMENDED COMPLAINT
(As Dismissed and Stricken in Part)**

Defendant L-3 Communications Corporation ("L-3") herewith files its Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, as dismissed and stricken in part by the Court's September 6, 2017 Order Re Defendant L-3 Communications Corporation's Motion to Dismiss and Strike (Doc. No. 114), which dismissed and struck Plaintiffs' state law wrongful death and personal injury claims alleged in Paragraphs 12, 13, 94, 141, 118, and 165 of Plaintiffs' Third Amended Complaint (Doc. No. 91), and struck Plaintiffs' demand for a jury trial, as follows:

1

## ANSWER

1.  As to Paragraphs 1 through 11 of Plaintiffs' Third Amended Complaint, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

2.  Paragraphs 12 and 13 of Plaintiffs' Third Amended Complaint allege conclusions of law to which no response is required, some of which the Court has dismissed and stricken, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraphs, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

3.  Paragraphs 14 through 25 of Plaintiffs' Third Amended Complaint are not directed to L-3, and therefore, L-3 does not respond to said Paragraphs. To the extent the allegations in said Paragraphs are directed to L-3, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof, and L-3 refers all questions of law to the Court for determination.

4.  As to Paragraph 26 of Plaintiffs' Third Amended Complaint, L-3 admits that it formerly was, and its current corporate existence is, a Delaware corporation with a principal place of business in New York. L-3 denies that it was or is engaged in any continuous or systematic contacts with the State of Connecticut.

5.  L-3 denies the allegations of Paragraph 27 of Plaintiffs' Third Amended Complaint, except that pursuant to L-3's subcontract with the Navy's prime contractor, in October 2012 L-3 performed specific, limited Navy-developed and Navy-approved aircraft component modification enhancements to the subject helicopter, and that L-3 provided the Navy with a written record of L-3's limited general observations of aircraft wiring conditions, and visually pointed out to the Navy L-3's

limited general aircraft wiring observations, of the subject aircraft concerning which only the Navy had the authority to decide if any more specific aircraft wiring inspections may be necessary or appropriate to determine if there may have been any wiring discrepancies to require any further Navy-instructed and Navy-approved aircraft wiring maintenance or repair of the subject helicopter by Navy maintenance personnel or some other third-party Navy contractor.

6. As to Paragraph 28 of Plaintiffsø Third Amended Complaint, which repeats and re-alleges Paragraphs 1 through 27 of Plaintiffsø Third Amended Complaint, L-3 incorporates its responses to said Paragraphs of Plaintiffsø Third Amended Complaint.

7. Paragraphs 29, 30, and 31 of Plaintiffsø Third Amended Complaint allege conclusions of law to which no response is required, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraphs, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

8. Paragraphs 32 through 34 of Plaintiffsø Third Amended Complaint are not directed to L-3, and therefore, L-3 does not respond to said Paragraphs. To the extent the allegations in said Paragraphs are directed to L-3, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof, and L-3 refers all questions of law to the Court for determination.

9. Paragraph 35 of Plaintiffsø Third Amended Complaint is admitted.

10. Paragraph 36 of Plaintiffsø Third Amended Complaint alleges conclusions of law to which no response is required, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraph, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

11. Paragraph 37 of Plaintiffsø Third Amended Complaint alleges conclusions of

law to which no response is required, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraph, L-3 denies the factual allegations of Paragraph 37 of Plaintiffs' Third Amended Complaint.

12.    As to Paragraph 38 of Plaintiffs' Third Amended Complaint, which repeats and re-alleges Paragraphs 1 through 37 of Plaintiffs' Third Amended Complaint, L-3 incorporates its responses to said Paragraphs of Plaintiffs' Third Amended Complaint.

13.    As to Paragraphs 39 through 58 of Plaintiffs' Third Amended Complaint, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof,

14.    L-3 denies the allegations of Paragraphs 59 through 62 of Plaintiffs' Third Amended Complaint to the extent said allegations are directed to L-3 or allege any knowledge, duty, breach of duty, act or omission on the part of L-3. As to the remaining material allegations in said Paragraphs, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof, and L-3 refers all questions of law to the Court for determination.

15.    As to Paragraphs 63 through 71 of Plaintiffs' Third Amended Complaint, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof, and refers all issues of law and the admissibility of Plaintiffs' alleged evidentiary proof to the Court for determination.

16.    As to Paragraph 72 of Plaintiffs' Third Amended Complaint, which repeats and re-alleges Paragraphs 1 through 71 of Plaintiffs' Third Amended Complaint, L-3 incorporates its responses to said Paragraphs of Plaintiffs' Third Amended Complaint.

17.    Paragraphs 73 through 93 of Plaintiffs' Third Amended Complaint are not directed to L-3, and therefore, L-3 does not respond to said Paragraphs. To the extent the allegations in said Paragraphs are directed to L-3, L-3 has insufficient knowledge or information upon which to base a

belief and leaves Plaintiffs to their proof, and L-3 refers all questions of law to the Court for determination.

18.     Paragraph 94 of Plaintiffs' Third Amended Complaint alleges conclusions of law to which no response is required, some of which the Court has dismissed and stricken, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraph, L-3 denies any duty, breach of duty, act or omission on its part by any alleged "reason of the foregoing", and as to the remaining material allegations in said Paragraph, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

19.     As to Paragraph 95 of Plaintiffs' Third Amended Complaint, which repeats and re-alleges Paragraphs 1 through 94 of Plaintiffs' Third Amended Complaint, L-3 incorporates its responses to said Paragraphs of Plaintiffs' Third Amended Complaint.

20.     Paragraphs 96 through 117 of Plaintiffs' Third Amended Complaint are not directed to L-3, and therefore, L-3 does not respond to said Paragraphs. To the extent the allegations in said Paragraphs are directed to L-3, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof, and L-3 refers all questions of law to the Court for determination.

21.     Paragraph 118 of Plaintiffs' Third Amended Complaint alleges conclusions of law to which no response is required, some of which the Court has dismissed and stricken, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraph, L-3 denies any duty, breach of duty, act or omission on its part by any alleged "reason of the foregoing", and as to the remaining material allegations in said Paragraph, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

22. As to Paragraph 119 of Plaintiffs' Third Amended Complaint, which repeats and re-alleges Paragraphs 1 through 118 of Plaintiffs' Third Amended Complaint, L-3 incorporates its responses to said Paragraphs of Plaintiffs' Third Amended Complaint.

23. Paragraphs 120 through 140 of Plaintiffs' Third Amended Complaint are not directed to L-3, and therefore, L-3 does not respond to said Paragraphs. To the extent the allegations in said Paragraphs are directed to L-3, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof, and L-3 refers all questions of law to the Court for determination.

24. Paragraph 141 of Plaintiffs' Third Amended Complaint alleges conclusions of law to which no response is required, some of which the Court has dismissed and stricken, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraph, L-3 denies any duty, breach of duty, act or omission on its part by any alleged "reason of the foregoing", and as to the remaining material allegations in said Paragraph, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

25. As to Paragraph 142 of Plaintiffs' Third Amended Complaint, which repeats and re-alleges Paragraphs 1 through 141 of Plaintiffs' Third Amended Complaint, L-3 incorporates its responses to said Paragraphs of Plaintiffs' Third Amended Complaint.

26. As to Paragraphs 143 through 162 of Plaintiffs' Third Amended Complaint, L-3 denies any and all alleged duty, warranty, representation, breach of duty or warranty or representation, including with respect to any alleged unreasonably dangerous and defective product(s), negligence, carelessness, act or omission on L-3's part. As to the remaining material allegations in said Paragraphs, L-3 has insufficient knowledge or information upon which to base a

belief and leaves Plaintiffs to their proof, and L-3 refers all questions of law to the Court for determination.

27. As to Paragraphs 163 and 164 of Plaintiffs' Third Amended Complaint, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiff Boone to his proof.

28. Paragraph 165 of Plaintiffs' Third Amended Complaint alleges conclusions of law to which no response is required, some of which the Court has dismissed and stricken, and L-3 refers all questions of law to the Court for determination. To the extent a response is required to said Paragraph, L-3 denies any duty, breach of duty, act or omission on its part by any alleged "reason of the foregoing", and as to the remaining material allegations in said Paragraph, L-3 has insufficient knowledge or information upon which to base a belief and leaves Plaintiffs to their proof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against L-3 upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are be barred, in whole or in part, and/or preempted by federal law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by *res judicata*, collateral estoppel, release, and/or by the equitable doctrines of laches, waiver, unclean hands and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

The accident aircraft and its component parts were owned, maintained, and/or operated by a knowledgeable and sophisticated user(s) over whom L-3 had no supervision or control, and Plaintiffs' claims are barred by the sophisticated user doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because no warning that allegedly should have been given would have, or could have, prevented the alleged damages and losses referred to in Plaintiffs' Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Any and all injuries or damages allegedly sustained or incurred by Plaintiffs were the result of conditions, events, persons or entities over which L-3 had no control and for which L-3 had and has no legal responsibility.

### NINTH AFFIRMATIVE DEFENSE

The sole proximate cause of Plaintiffs' alleged injuries and damages was the acts or omissions of others for whose conduct L-3 was and is not liable or legally responsible.

### TENTH AFFIRMATIVE DEFENSE

L-3 specifically denies any and all alleged duty, breach of duty, negligence, act, omission, fault, causation in fact, legal, direct, proximate or contributing causation, vicarious liability, and/or damages by or attributable to L-3.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' decedents and Plaintiff

Boone knew, or in the exercise of ordinary care should have known, of the risks and hazards involved in the undertaking in which they were engaged but, nevertheless knowing of said risks and hazards, did freely and voluntarily consent to assume said risks and hazards incident to said undertaking at the time and place that is the subject of Plaintiffs' Third Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Without admitting any fault or legal liability on the part of L-3, Plaintiffs' claims against L-3 are barred and precluded by the federal common law government contractor defense, which extends the United States Government's sovereign immunity derivatively to L-3 for L-3's performance of discretionary functions for and on behalf of the Government, concerning which the Government developed and approved reasonably precise specifications, to which L-3's performance conformed and the Government inspected and approved, and the Government had full knowledge of any and all dangers with respect thereto.

## THIRTEENTH AFFIRMATIVE DEFENSE

The United States Government may refuse to disclose relevant information about this matter on state secrets grounds, thereby impairing L-3's ability to defend this action. Accordingly, Plaintiffs' claims are barred and/or limited to the extent that relevant information is withheld by the Government pursuant to the State Secrets Privilege.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims necessarily implicate the wisdom, propriety and reasonableness, *inter alia*, of the United States Navy's specification and decisions related to the design, modification, maintenance, and operation of the accident aircraft and its components, the planning, execution and conduct of the military exercise during which Plaintiffs' decedents were fatally wounded and Plaintiff Boone was injured, and the comparative fault and/or contributory negligence of Plaintiffs' decedents,

Plaintiff Boone, and their superior officers, commanders, comrades, seamen and aircrewmen. Therefore Plaintiffs' claims are barred and/or limited to the extent that judicial review of these matters is barred by the Political Question Doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting any fault or legal liability on the part of L-3, other persons, entities or parties were contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in part for any and all injuries and damages allegedly incurred by Plaintiffs; and therefore, any and all recovery against L-3 must be extinguished, or diminished by an amount proportional to Plaintiffs' decedents' and Plaintiff Boone's and/or each such other person's or party's degree(s) of negligence, fault, or other legal responsibility, as required by the law(s) of indemnity, contribution, apportionment and/or other applicable federal maritime or statutory law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting any fault or legal liability on the part of L-3, any and all injuries or damages allegedly sustained or incurred by Plaintiffs were the result of a new and independent cause(s) not reasonably foreseeable by L-3 that became the direct and proximate intervening and superseding cause(s) of the subject accident for which L-3 is not and cannot be held liable or legally responsible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any standing to sue and any damages recoverable by or on behalf of the Wrongful Death Plaintiffs are governed exclusively and limited by the Death on the High Seas Act, 46 U.S.C. § 30301 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages recoverable by Plaintiff Boone are governed exclusively and limited by general

maritime law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred, in whole or in part, because any and all warranties by L-3 were explicitly disclaimed or limited, Plaintiffs' decedents and Plaintiff Boone did not rely on any alleged L-3 warranties, they are not third-party beneficiaries of any limited warranties that L-3 may have made, and no notice was given to L-3 of any alleged breach of warranty.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have been or will be fully satisfied and/or compensated for their injuries or damages, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs may have sustained or incurred any alleged injuries or damages, Plaintiffs have failed to mitigate those damages as required by applicable law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent permitted by applicable law, L-3 is entitled to claim offsets from any settlements, verdicts, collateral sources, and/or any other monies received by or paid for or to the benefit of Plaintiffs in this or any other litigation and/or claims arising out of the subject accident.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' alleged injuries and damages are barred by prior or future settlements with respect to Plaintiffs, Plaintiffs' decedents or Plaintiffs' decedents' estates.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

L-3 reserves the right to amend its Answer and assert additional Affirmative Defenses as may be appropriate or required based on matters that may be developed during discovery or pretrial proceedings prior to any trial.

Respectfully submitted,

DEFENDANT
L-3 COMMUNICATIONS CORPORATION


BY   /s/ Steven E. Arnold
         Steven E. Arnold ct07966
         sea@salaw.us
         SA Law, P.C.
         8 Whittier Place, Suite 14F
         Boston, MA 02114
         (617) 670-0868
         Its Attorneys

**<u>CERTIFICATION</u>**

I certify that on May 22, 2018 a copy of the foregoing was filed electronically and served by regular mail, postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

         ___/s/ Steven E. Arnold_____
              Steven E. Arnold